# Selected docket entries for case 20–72001

Generated: 07/10/2020 13:48:28

| Filed | Document Description | Page | Docket Text |
|-------|---------------------|------|-------------|
| 07/10/2020 | 1 | | FILED PETITION FOR WRIT OF MANDAMUS. DOCKETED CAUSE AND ENTERED APPEARANCES OF COUNSEL. NOTIFIED REAL PARTIES IN INTEREST OF FILING. [11749042] (JBS) |
| | 1 Docketing Letter and Briefing Schedule | 2 | |
| | 1 Notice to All Parties and Counsel | 3 | |
| | 1 Petition for Writ of Mandamus | 5 | |



Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

July 10, 2020

No.:              20-72001
D.C. No.:      3:20-cv-02013-RS
Short Title:    Rowland Andrade v. USDC-CASF

Dear Petitioner/Counsel

A petition for writ of mandamus and/or prohibition has been received in the Clerk's Office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number shown above has been assigned to this case. Always indicate this docket number when corresponding with this office about your case.

If the U.S. Court of Appeals docket fee has not yet been paid, please make immediate arrangements to do so. If you wish to apply for in forma pauperis status, you must file a motion for permission to proceed in forma pauperis with this court.

Pursuant to FRAP Rule 21(b), no answer to a petition for writ of mandamus and/or prohibition may be filed unless ordered by the Court. If such an order is issued, the answer shall be filed by the respondents within the time fixed by the Court.

Pursuant to Circuit Rule 21-2, an application for writ of mandamus and/or prohibition shall not bear the name of the district court judge concerned. Rather, the appropriate district court shall be named as respondent.



Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

---

**ATTENTION ALL PARTIES AND COUNSEL**
**PLEASE REVIEW PARTIES AND COUNSEL LISTING**

---

We have opened this appeal/petition based on the information provided to us by the appellant/petitioner and/or the lower court or agency. EVERY attorney and unrepresented litigant receiving this notice MUST immediately review the caption and service list for this case and notify the Court of any corrections.

Failure to ensure that all parties and counsel are accurately listed on our docket, and that counsel are registered and admitted, may result in your inability to participate in and/or receive notice of filings in this case, and may also result in the waiver of claims or defenses.

PARTY LISTING:
Notify the Clerk immediately if you (as an unrepresented litigant) or your client(s) are not properly and accurately listed or identified as a party to the appeal/petition. To report an inaccurate identification of a party (including company names, substitution of government officials appearing only in their official capacity, or spelling errors), or to request that a party who is listed only by their lower court role (such as plaintiff/defendant/movant) be listed as a party to the appeal/petition as an appellee or respondent so that the party can appear in this Court and submit filings, contact the Help Desk at http://www.ca9.uscourts.gov/cmecf/feedback/ or send a letter to the Clerk. If you or your client were identified as a party to the appeal/petition in the notice of appeal/petition for review or representation statement and you believe this is in error, file a motion to dismiss as to those parties.

COUNSEL LISTING:
In addition to reviewing the caption with respect to your client(s) as discussed above, all counsel receiving this notice must also review the electronic notice of docket activity or the service list for the case to ensure that the correct counsel are

listed for your clients. If appellate counsel are not on the service list, they must file a notice of appearance or substitution immediately or contact the Clerk's office.

NOTE that in criminal and habeas corpus appeals, trial counsel WILL remain as counsel of record on appeal until or unless they are relieved or replaced by Court order. *See* Ninth Circuit Rule 4-1.

REGISTRATION AND ADMISSION TO PRACTICE:
Every counsel listed on the docket must be admitted to practice before the Ninth Circuit AND registered for electronic filing in the Ninth Circuit in order to remain or appear on the docket as counsel of record. *See* Ninth Circuit Rules 25-5(a) and 46-1.2. These are two separate and independent requirements and doing one does not satisfy the other. If you are not registered and/or admitted, you MUST, within 7 days from receipt of this notice, register for electronic filing AND apply for admission, or be replaced by substitute counsel or otherwise withdraw from the case.

If you are not registered for electronic filing, you will not receive further notices of filings from the Court in this case, including important scheduling orders and orders requiring a response. Failure to respond to a Court order or otherwise meet an established deadline can result in the dismissal of the appeal/petition for failure to prosecute by the Clerk pursuant to Ninth Circuit Rule 42-1, or other action adverse to your client.

If you will be replaced by substitute counsel, new counsel should file a notice of appearance/substitution (no form or other attachment is required) and should note that they are replacing existing counsel. To withdraw without replacement, you must electronically file a notice or motion to withdraw as counsel from this appeal/petition and include your client's contact information.

To register for electronic filing, and for more information about Ninth Circuit CM/ECF, visit our website at http://www.ca9.uscourts.gov/cmecf/#section-registration.

To apply for admission, see the instructions and form application available on our website at https://www.ca9.uscourts.gov/attorneys/.

No. 20-_____

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

In re ROWLAND MARCUS ANDRADE

ROWLAND MARCUS ANDRADE,
Petitioner,

v.

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA,
Respondent,

and

UNITED STATES OF AMERICA, WILMINGTON SAVINGS FUND SOCIETY,
FSB, and SECURITIES AND EXCHANGE COMMISSION,
Real Parties in Interest.

On Petition for a Writ of Mandamus to the United States District Court
for the Northern District of California
(Nos. 3:20-cv-2013-RS, 3:20-cr-249-RS, 3:20-cv-4188-RS)

**PETITION FOR A WRIT OF MANDAMUS**

MANUEL A. MEDRANO
BRIAN J. BECK
*Attorneys*
Zuber Lawler & Del Duca LLP
350 S. Grand Avenue, 32nd Floor
Los Angeles, CA 90071
(213) 596-5620
mmedrano@zuberlawler.com
bbeck@zuberlawler.com

Counsel for Petitioner

## <u>CIRCUIT RULE 27-3 CERTIFICATE</u>

Pursuant to Circuit Rule 27-3(c), I hereby certify that to avoid irreparable

harm to Petitioner Rowland Marcus Andrade, relief is needed in less than 21 days'

time.

1.      Regarding Circuit Rule 27-3(c)(i), counsel are as follows:

**Counsel for Petitioner Andrade:**

Manuel A. Medrano
(213) 596-5620
mmedrano@zuberlawler.com

Brian J. Beck
(312) 346-1100
bbeck@zuberlawler.com

**Counsel for Plaintiff United States of America in Case No. 3:20-cv-2013**

Chris A. Kaltsas
(415) 436-7200
chris.kaltsas2@usdoj.gov

**Counsel for Claimant Wilmington Savings Fund Society, FSB as trustee for IRP FUND II TRUST 2A in Case No. 3:20-cv-2013**

Preston K. Ascherin
(213) 688-9500
preston.ascherin@akerman.com

**Counsel for Plaintiff United States of America in Case No. 3:20-cr-249**

Lloyd A. Farnham
(415) 436-7200
Lloyd.Farnham@usdoj.gov

**Counsel for Plaintiff Securities and Exchange Commission in Case No. 3:20-cv-4188**

Mark David Katz
(415) 705-2501
katzma@sec.gov

2.      Regarding Circuit Rule 27-3(c)(ii), the facts showing the existence

and nature of the claimed emergency are set forth in detail below in the Statement

of the Case (p. 13). In brief, Petitioner Andrade respectfully requests emergency

relief in this matter because pending substantial motions by the government to stay

the civil forfeiture case under 18 U.S.C. § 981(g) and by Andrade for a protective

order to preserve exculpatory evidence in danger of destruction are now scheduled

to be heard on July 23, 2020, by the judge to whom the civil forfeiture case was

improperly reassigned. Without emergency relief, Andrade will be prejudiced

either: (1) by these cases being decided by the incorrect judge, mooting the relief

sought here; or (2) by having the underlying cases stayed for months pending

resolution of this petition, delaying resolution of the criminal charges against him

for months. Andrade intends to file motions for stays of each of the underlying

cases with the District Court pending resolution of this Petition.

3.      Regarding Circuit Rule 27-3(c)(iii), the District Court issued the order

being appealed—the *sua sponte* reassignment of the underlying civil forfeiture

case by the Executive Committee of the United States District Court for the

Northern District of California from Judge Vince Chhabria to Judge Richard

Seeborg—on June 30, 2020. This Petition for Writ of Mandamus is being filed as quickly as practicable in order to fully present Petitioner Andrade's claim for mandamus relief.

4. Regarding Circuit Rule 27-3(c)(iv), Plaintiff's counsel were notified through emails sent on July 10, 2020, of Petitioner Andrade's intended filing of this mandamus petition and emergency motion. Counsel are being served with the just-finalized petition and motion simultaneously with filing both via the district court's CM/ECF system and via e-mail to the counsel's above-stated addresses.

5. Regarding Circuit Rule 27-3(c)(v), relief has not been sought in the District Court because the Local Rules for the United States District Court for the Northern District of California and the General Orders establishing that District Court's Executive Committee provide no mechanism to move for reconsideration of an order by the Executive Committee reassigning a case. The Petition for Writ of Mandamus should not be remanded or denied because it is the only method by which Petitioner Andrade can challenge the order of the District Court's Executive Committee.

s/ *Manuel A. Medrano*
Manuel A. Medrano

Counsel for Petitioner

iii

## **TABLE OF CONTENTS**

CIRCUIT RULE 27-3 CERTIFICATE ................................................................ i

TABLE OF CONTENTS........................................................................... iv

TABLE OF AUTHORITIES ................................................................... vi

INTRODUCTION AND RELIEF SOUGHT .........................................................1

STATEMENT OF JURISDICTION.................................................................2

STATEMENT OF THE ISSUE..................................................................3

STATEMENT OF THE CASE...................................................................3

    I.   Andrade develops his AML Bitcoin cryptocurrency from 2015-2020. .........3

    II.  The government files its civil and criminal complaints against Andrade and his property. ..................................................................4

    III. Andrade seeks immediate discovery and quick resolution of the case, based on the Complaint's lack of evidence. .........................................5

    IV. Rather than allow discovery to proceed, the Government moves to stay the civil forfeiture case—and is threatened with sanctions by Judge Chhabria. .6

    V.  While waiting for the July 1 hearing, Andrade discovers signs of Government misconduct along with already known indications of political corruption connected to this case. ................................................8

    VI. The Executive Committee for the Northern District of California *sua sponte* reassigns all five related cases to Judge Richard Seeborg, prompting this Petition for a Writ of Mandamus................................................11

STANDARD OF REVIEW ...................................................................14

REASONS FOR GRANTING THE WRIT........................................................14

    I.   The Executive Committee's Order violates 28 U.S.C. § 137 and the District Court's Local Rules and General Orders. ...................................15

A. The District Court's Local Rules and General Orders require related case determinations to be made by the judge of the earliest-filed case, not the Executive Committee. ..............................................................15

B. If related cases are reassigned, the District Court's local rules require them to be reassigned to the judge of the earliest-filed case...................18

C. The Executive Committee's Order violated the District Court's Local Rules and General Orders. ....................................................................19

II. This Court should grant a writ of mandamus vacating the Executive Committee's order and remanding for reassignment of the related cases to Judge Chhabria. ............................................................................................20

III. Mandamus is particularly appropriate here in order to avoid any appearance of impropriety. ..............................................................................................23

CONCLUSION ...........................................................................................................25

STATEMENT OF RELATED CASES ...................................................................26

CERTIFICATE OF SERVICE ...............................................................................27

# TABLE OF AUTHORITIES

Cases

*Cheney v. U.S. Dist. Ct.,*
  542 U.S. 367 (2004)..................................................................................................14
*In re Complaint of Judicial Misconduct,*
  816 F.3d 1266 (9th Cir. 2016)..................................................................................23
*In re McBryde,*
  117 F.3d 208 (5th Cir. 1997)..............................................................................21, 22
*In re Sony BMG Music Enter.,*
  564 F.3d 1 (1st Cir. 2009) .......................................................................................14
*Liljeberg v. Health Servs. Acquisition Corp.,*
  486 U.S. 847 (1988)..................................................................................................23
*Offutt v. United States,*
  348 U.S. 11 (1954)....................................................................................................23
*United States v. Heath,*
  103 F. Supp. 1 (D. Haw. 1952) ...............................................................................22
*Utah-Idaho Sugar Co. v. Ritter,*
  461 F.2d 1100 (10th Cir. 1972)...............................................................................20
*Wash. Pub. Utils. Grp. v. U.S. Dist. Ct. for W. Dist. of Wash.,*
  843 F.2d 319 (9th Cir. 1987)...................................................................................14

Statutes

28 U.S.C. § 137 ................................................................................................15, 21, 22

Rules

Northern District of California Civil Local Rule 3-12 (Exhibit 6 at 9-10).....................17, 18, 19, 20
Northern District of California Civil Local Rule 3-3 (Exhibit 6 at 4) ...........................................16
Northern District of California Criminal Local Rule 7-1 (Exhibit 7 at 3) .....................................17
Northern District of California Criminal Local Rule 8-1 (Exhibit 7 at 4) .....................18, 19, 20

Other Authorities

Northern District of California General Order No. 44 (Exhibit 4) ...............................................16
Northern District of California General Order No. 47 (Exhibit 5) ...............................................16

## <u>INTRODUCTION AND RELIEF SOUGHT</u>

On June 30, 2020, the Executive Committee for the Northern District of California inexplicably reassigned a civil forfeiture case against Petitioner Rowland Marcus Andrade to a judge who had been assigned later-filed related criminal cases. This reassignment violated the Northern District of California's own local rules, which: (1) require related cases to be assigned to the judge of the earliest filed case, (2) grant parties a week to respond to a notice of related criminal case, and (3) require the judge of the earliest filed case to make the initial decision as to whether the cases are related.

But this reassignment was no mere technical violation of local rules. It removed the case from Judge Vince Chhabria, who had already issued an order on June 4, 2020, indicating that he would impose sanctions on the United States attorneys and agents involved if he found them to be unnecessarily withholding documents from Andrade in connection with the government's motion to stay. It removed the case from Judge Chhabria despite the fact that Answers had been filed and four motions were pending and fully or near-fully briefed, while the later-filed related cases had been filed less than a week earlier and had not required any substantial judicial involvement. And by reassigning the case on June 30, the Executive Committee caused the hearing scheduled by Judge Chhabria for July 1, at which the United States attorneys faced the prospect of sanctions, to be stricken,

moved to a different judge, and delayed for at least three weeks. Other than a rote recitation that the reassignment was "in the interests of justice and judicial economy," the Executive Committee's order offered no explanation whatsoever of why the related cases were assigned to the judge of the later-filed cases.

This case, which is related to pending criminal and civil cases against notorious lobbyist and convicted felon Jack Abramoff, raises serious questions of government corruption. Documents already filed with the District Court, and attached to this Petition, show that Abramoff attempted to extort Andrade through threats of malicious criminal and civil forfeiture proceedings. In a case as politically fraught as this one, it is more important that the District Court adjudicating the case scrupulously adhere to its own rules and avoid any appearance of impropriety. Petitioner therefore requests that this Court grant a writ of mandamus requiring the District Court to reassign the underlying civil forfeiture case to its original judge, Judge Chhabria, and to explain in detail the circumstances and bases for its June 30, 2020 Reassignment Order.

## **STATEMENT OF JURISDICTION**

This Court has authority to issue a writ of mandamus pursuant to 28 U.S.C. § 1651 and Rule 21 of the Federal Rules of Appellate Procedure.

## STATEMENT OF THE ISSUE

Whether this Court should exercise its authority under the All Writs Act, 28 U.S.C. § 1651, to reverse the order of the District Court's Executive Committee reassigning the civil forfeiture case against Petitioner-Claimant Andrade's residence to the judge of a later-filed related criminal case in violation of the District Court's own local rules and of 28 U.S.C. § 137.

## STATEMENT OF THE CASE

### I.     Andrade develops his AML Bitcoin cryptocurrency from 2015-2020.

Starting in 2012, Andrade began developing a cryptocurrency with integrated anti-money-laundering ("AML") features, and in 2014, Andrade founded his company NAC Foundation, LLC, to develop and sell that cryptocurrency. Case No. 3:20-cv-2013, ECF No. 32-1 at ¶ 11. Andrade launched his first version of that cryptocurrency, named Aten Coin, on September 21, 2015. *Id.* at ¶ 13. Also in 2015, Andrade began filing patent applications on his cryptocurrency technology and its related biometric security and identity verification features. *Id.* at ¶ 14. As of today, Andrade has been issued at least seven U.S. patents on his technologies along with many related foreign patents. *Id.*

Andrade later began developing an improved version of his cryptocurrency that he named "AML Bitcoin." In October 2017, he held an "Initial Coin Offering" or "ICO" during which customers could purchase "AML Bitcoin Tokens." *Id.* at ¶

15. These AML Bitcoin Tokens would not include AML Bitcoin's unique security features, but would be exchangeable on a one-to-one basis for full-featured AML Bitcoins when the cryptocurrency would be fully developed. Millions of AML Bitcoin Tokens were sold as part of that ICO. *Id.* at ¶ 16.

Andrade ended up taking a little over two and a half years to launch the full-featured AML Bitcoin. *Id.* at ¶ 18. He conducted public beta testing of the AML Bitcoin system starting in November 2019. He then launched the full-featured AML Bitcoin in April 2020. *Id.* at ¶¶ 21-22.

## II.    The government files its civil and criminal complaints against Andrade and his property.

On March 23, 2020, the government filed a complaint in the District Court seeking civil forfeiture of Andrade's Missouri City, Texas residence. Case No. 20-cv-2013, ECF No. 1. The complaint alleges primarily that Andrade's cryptocurrency business was a scheme to defraud customers by taking their money as part of the ICO, and then failing to develop the cryptocurrency as promised. *Id.* at ¶¶ 8-9, 11, 16. The complaint identifies only one specific victim, an individual referred to as "VICTIM ONE," who allegedly invested a total of $1,105,000 in AML Bitcoin Tokens in January 2018. *Id.* at ¶ 10. The complaint then alleges that Andrade used money traceable to "VICTIM ONE's" payments to purchase his residence in Texas in May 2018. *Id.* at ¶ 15. The complaint alleges that the property is subject to forfeiture as the proceeds of wire fraud under 18 U.S.C. §

1343 and as property involved in a money laundering transaction under 18 U.S.C. § 1956. *Id.* at ¶ 24.

Andrade and his wife, Solmaz Andrade, both filed verified claims as joint owners of the property by mail on May 4, 2020. Case No. 20-cv-2013, ECF Nos. 10-11. Andrade filed his Answer to the complaint on May 18, 2020. Case No. 20-cv-2013, ECF No. 18. After Andrade declined assignment to a magistrate judge, the District Court used its "proportionate, random and blind system" to reassign the case to Judge Vince Chhabria on May 19, 2020. Case No. 20-cv-2013, ECF No. 19. After reassignment, the Court scheduled an initial case management conference for June 24, 2020. Case No. 20-cv-2013, ECF No. 21.

### III. Andrade seeks immediate discovery and quick resolution of the case, based on the Complaint's lack of evidence.

Andrade maintains that the core allegations of the Complaint are demonstrably false. The Government's entire theory of wire fraud depends on the truth of the allegation of Paragraph 16 of the Complaint: "To date, ANDRADE and the NAC have not made any meaningful progress towards developing AtenCoin, AML Bitcoin, or ABTC." Case No. 20-cv-2013, ECF No. 1 at ¶ 16. But that allegation cannot be true when Aten Coin was released five years ago, "ABTC" or AML Bitcoin Tokens were released in October 2017, and full-featured AML Bitcoin was in public beta testing by November 2019 and released to the public in April 2020. Case No. 20-cv-2013, ECF No. 18 at ¶¶ 19, 32 The Government's case

for wire fraud also falls apart based on the simple fact that Andrade offered the only identified victim (as well as another individual who had apparently been misinformed by "J.D.") a full refund in 2018, after having his compliance attorney interview every AML Bitcoin Token customer to determine if any had misunderstood what exactly they were buying. *Id.* at ¶¶ 24, 28, Ex. G.

Because Andrade believed the Complaint to be meritless, and that discovery would quickly reveal that there was no factual basis for the Government's Complaint, Andrade pushed for accelerated discovery. He asked the Government's counsel on May 18, 2020, if it would agree to early discovery and to produce evidence supporting the key allegations of the Complaint. Case No. 20-cv-2013, ECF No. 22, Ex. A. When the Government refused, Andrade requested an expedited initial case management conference and filed a motion on May 26, 2020, to shorten time to allow discovery to proceed immediately. Case No. 20-cv-2013, ECF No. 22. The Government opposed the motion, explaining that it was hopeful it could adequately answer Andrade's discovery requests by mid-June, but could not do so immediately. Case No. 20-cv-2013, ECF No. 24 at 2.

## IV. Rather than allow discovery to proceed, the Government moves to stay the civil forfeiture case—and is threatened with sanctions by Judge Chhabria.

A mere two days after representing that the Government would be ready to proceed with discovery in mid-June, the Government filed an administrative

motion to seal a motion to stay the civil forfeiture proceeding indefinitely under 18

U.S.C. § 981(g)(1). Case No. 20-cv-2013, ECF Nos. 25-26. Moreover, nearly the

entire substance of the Government's motion to stay was filed *ex parte*, *in camera*,

and under seal, preventing Andrade from adequately opposing the motion to stay.

*Id.* Nevertheless, Andrade opposed the motion to seal evidence, noting that the

Government had not in fact correctly filed the motion to stay and requesting that

the Court allow a full 14 days to respond to the motion to stay as required by the

District Court's Local Rules. Case No. 20-cv-2013, ECF No. 28 at 2-4.

On June 4, 2020, Judge Chhabria entered an Order not only allowing

Andrade the full time allowed by the Local Rules to respond to the motion to stay,

but threatening the Government with sanctions for unnecessary sealing of

documents:

> Andrade's request to have 14 days to respond to the motion to stay is
> granted. A full response is due 14 days from the date of this order. A hearing
> on the motion will take place July 1, 2020 at 1:30 p.m. by Zoom.
> Meanwhile, the government must conduct a careful, responsible, and
> conservative assessment of what truly cannot be disclosed to Andrade. If the
> Court determines that the government is reflexively and unnecessarily
> withholding documents from Andrade, it will consider sanctioning the
> lawyers and law enforcement entities involved.

Exhibit 2 (Case No. 20-cv-2013, ECF No. 30). Andrade duly filed his opposition to

the motion to stay on June 18, 2020. Case No. 20-cv-2013, ECF No. 32.

**V.    While waiting for the July 1 hearing, Andrade discovers signs of Government misconduct along with already known indications of political corruption connected to this case.**

Andrade knew, when the civil forfeiture case was filed, that there were additional individuals working with the Government to bring its meritless claim, because those individuals had brought "J.D." into Andrade's business, attempted to force Andrade to sell his business, and threatened to destroy Andrade's business through government civil forfeiture and criminal prosecutions if Andrade still refused to sell. Specifically, in 2017, infamous convicted felon and lobbyist Jack Abramoff offered to help Andrade develop partnerships with Abramoff's contacts in government to use AML Bitcoin and NAC's technologies. Case No. 20-cv-2013, ECF No. 31 at 3. As part of the bargain with Abramoff, Andrade hired several of Abramoff's associates, including the "J.D." identified in the civil forfeiture complaint. *Id.* Later in 2018, however, Abramoff attempted to force Andrade to sell his business interests and intellectual property for $100 million, of which Abramoff would personally receive a $40 million finder's fee. *Id.*

Abramoff then escalated the pressure on Andrade into extortionate threats involving government prosecution. On August 20, 2019, Abramoff's associate David Cohen sent Andrade an email urging Andrade to accept the deal or bad things would happen to Andrade's business:

> If you let this life preserver float away, for whatever reason, you can imagine on your own the possible bad outcomes several of which I

> have listed at the bottom of this email in blue. I am in no way
> threatening you; I am trying to present you with possible outcomes so
> you can make a rational and unemotional decision.

*Id.* The bad outcomes listed in that "in no way threatening" email included government seizure of Andrade's business, assets, and intellectual property under civil forfeiture laws. *Id.* Then on August 28, 2019, when Andrade still had not agreed to Abramoff's deal, Cohen sent another email explicitly threatening that the Government's future asset forfeiture proceedings would destroy Andrade's business:

> And what happens if the IRS or the DoJ decide to pursue asset
> forfeiture even before you are convicted of or plead to anything
> (without the money required to mount a defense against the federal
> government)? They do that all the time, as you might know. If they do
> so here, the project is dead. No one will get anywhere near this
> project.

*Id*.

Andrade also received, in May 2020, a computer that the government had seized through a search warrant in September 2018—and it appeared to have been tampered with. Andrade had hired a third-party service provider named "The Office Squad" to process recordings of all telephone calls to and from NAC's Las Vegas office and save them to the computer. *Id.* at 2. The recordings would have included calls with Abramoff and his associates as well as calls with allegedly defrauded customers, and thus were expected to be exculpatory. *Id.* However, a forensic examination of the computer revealed that it had no audio files of any kind

stored on its hard drive after it was returned. *Id.* Andrade accordingly moved for a protective order requiring the government to preserve evidence on June 10, 2020. *Id.*

Andrade also served, on June 13, 2020, a motion for sanctions and dismissal under Fed. R. Civ. P. 11 on the basis that the government's factual allegations made in the Complaint could not have an adequate evidentiary basis, especially the threshold allegation that no development of AML Bitcoin had taken place. Andrade attached a copy of the Rule 11 motion as served to his opposition to the Government's motion to stay filed on June 18, 2020, explaining in part that a stay was unwarranted because it would prevent a speedy resolution of the case and of the Rule 11 violation that Andrade alleged the Government's attorneys to have committed. Case No. 3:20-cv-2013, ECF Nos. 32 at 9; 32-12.

The Government later confirmed this case's connection to Jack Abramoff and that Abramoff was cooperating with the Government, when it arrested Andrade on June 22, 2020, and a few days later filed a criminal indictment against Andrade in Case No. 20-cr-249, and a criminal information against Abramoff in Case No. 20-cr-260. In its press release announcing the two related criminal cases, the U.S. Attorney's Office for the Northern District of California also announced

that Abramoff had agreed to enter a guilty plea.[1] Also on June 25, 2020, the SEC

filed complaints against Andrade and the NAC Foundation (Case No. 3:20-cv-

4188) and against Abramoff (Case No. 3:20-cv-4190) concerning substantially the

same events as the civil forfeiture complaint and the criminal indictment.

Abramoff has already agreed to an inexplicably generous consent judgment

requiring disgorgement of a mere $50,000. Case No. 3:20-cv-4190, ECF No. 4 at

2.

## VI. The Executive Committee for the Northern District of California *sua sponte* reassigns all five related cases to Judge Richard Seeborg, prompting this Petition for a Writ of Mandamus.

At the same time the Government and SEC filed its criminal cases against

Andrade and Abramoff, the Government properly filed a Notice of Related Case in

a Criminal Action in the civil forfeiture matter pursuant to the District Court's

Local Criminal Rule 8-1. Exhibit 3 (Case No. 3:20-cv-2013, ECF No. 36). The

Notice of Related Case noted that the indictment against Andrade had been

unsealed on June 25 and assigned to Judge Richard Seeborg, while the information

against Abramoff had been filed on June 25 and assigned to Judge Charles Breyer.

---

[1] United States Attorney's Office for the Northern District of California, *Lobbyist Jack Abramoff and CEO Rowland Marcus Andrade Charged With Fraud In Connection With $5 Million Initial Coin Offering of Cryptocurrency AML Bitcoin* (June 25, 2020), https://www.justice.gov/usao-ndca/pr/lobbyist-jack-abramoff-and-ceo-rowland-marcus-andrade-charged-fraud-connection-5.

The District Court's Local Criminal Rule 8-1 requires a Notice of Related Case to be filed with the judge assigned to the earliest filed action, as the Government did. Exhibit 7 at 4. The Local Rule then allows 7 days for any party to serve and file a statement to support or oppose the notice. *Id.* at 5 (Local Criminal Rule 8-1(d)). Then, once the time for filing support or opposition to the notice has passed, the judge assigned to the earliest-filed case is supposed to issue an order indicating whether the later-filed case is related, and if so, whether the later-filed case should be reassigned to the judge of the earlier-filed case. *Id.* (Local Criminal Rule 8-1(e)). The deadline for Andrade to file a statement to support or oppose the notice was thus July 2, 2020, the day after Judge Chhabria's scheduled July 1, 2020, hearing on the Government's motion to stay.

But the day before the July 1, 2020 hearing, the Executive Committee for the United States District Court for the Northern District of California reassigned the civil forfeiture case and the criminal case against Abramoff to Judge Seeborg. Exhibit 1 (Case No. 3:20-cv-2013, ECF No. 40). This reassignment was *sua sponte*; neither party had requested that the case be reassigned away from Judge Chhabria. The Order provided no reason why the related cases were assigned to Judge Seeborg rather than to Judge Chhabria, who had already issued an order in the case and who was prepared to conduct a hearing on at least the Government's pending motion to stay on July 1. *Id.* The Order stated only that it was "in the

interests of justice and judicial economy," without explaining why the related cases had been assigned to the judge of the later-filed cases rather than the judge of the earlier-filed cases. *Id.* The Order also did not explain why the Executive Committee could not wait for Local Criminal Rule 8-1 to operate, allowing Judge Chhabria to decide whether the cases were related and whether they should be assigned to him. *Id.*

The effect of the reassignment was to cancel and delay all pending motions in the civil forfeiture case. The hearing in front of Judge Chhabria on July 1 was stricken, and an initial case management conference was rescheduled for July 30. Case No. 3:20-cv-2013, ECF No. 41. All pending motions had to be re-noticed for hearings at least three weeks later; the Government's motion to stay and Andrade's motion for a protective order were duly re-noticed for hearings on July 23. Case No. 3:20-cv-2013, ECF Nos. 41, 43, 44. And the motions would be heard by Judge Seeborg, who had not already raised the possibility of sanctioning the Government and its attorneys for misconduct.

Because the reassignment was ordered by the Executive Committee rather than by the trial judge, Andrade was unable to seek reconsideration or challenge the order in the District Court. He is thus filing this Petition for Writ of Mandamus as an Emergency Motion, as once Judge Seeborg begins hearing the pending motions on July 23 and starts issuing decisions, reassignment back to Judge

Chhabria will become impractical, and the relief Andrade seeks will largely become moot.

## STANDARD OF REVIEW

Mandamus is an "extraordinary" remedy traditionally used "to confine the court against which mandamus is sought to a lawful exercise of its prescribed jurisdiction." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 381 (2004) (brackets and internal quotation marks omitted). Mandamus relief is appropriate to correct errors "amounting to a judicial usurpation of power" or a "clear abuse of discretion." *Id.* A question of statutory interpretation or application is a question of law and is reviewed de novo, even on a petition for mandamus relief. *Wash. Pub. Utils. Grp. v. U.S. Dist. Ct. for W. Dist. of Wash.*, 843 F.2d 319, 324 (9th Cir. 1987). Where mandamus is sought to require a District Court to comply with its own local rules, the District Court's application of its local rules is "'reviewed for abuse of discretion' but with 'a special degree of deference.'" *In re Sony BMG Music Enter.*, 564 F.3d 1, 5 (1st Cir. 2009) (quoting *Crowley v. L.L. Bean, Inc.*, 361 F.3d 22, 25 (1st Cir. 2004)).

## REASONS FOR GRANTING THE WRIT

The Executive Committee for the District Court does not have the power to arbitrarily reassign cases in violation of the District Court's own local rules and orders. It is prohibited from doing so not merely by the local rules, but by 28

U.S.C. § 137(a), which only allows the chief judge discretion in assigning cases "so far as such rules and orders do not otherwise prescribe." Here, the Executive Committee violated its own local rules and orders by reassigning Andrade's related cases to the judge of the later-filed cases rather than to the judge of the earlier-filed cases. Moreover, the Executive Committee violated the District Court's local rules in a particularly suspect manner, reassigning the cases *sua sponte* the day before a hearing at which the judge to whom the cases should have been assigned had already indicated significant skepticism towards the Government, to the point of threatening sanctions. Especially in this case, where the Government's witness Jack Abramoff is known to have extensive and corrupt connections within the federal government, it is particularly important for the District Court to follow its own rules to avoid any appearance of impropriety. Mandamus is thus appropriate to ensure that the District Court cases proceed properly, following the District Court's local rules concerning assignment of cases.

## I. The Executive Committee's Order violates 28 U.S.C. § 137 and the District Court's Local Rules and General Orders.

### A. The District Court's Local Rules and General Orders require related case determinations to be made by the judge of the earliest-filed case, not the Executive Committee.

Nowhere in the District Court's General Orders or Local Rules is there any provision allowing the Executive Committee to arbitrarily reassign cases. The Executive Committee was established by the District Court's General Order No.

47. Exhibit 5. That Order establishes the membership of the Executive Committee, the term of each of its members, the procedure for its meetings, and its authority and duties. *Id*. Specifically, the Executive Committee's authority, duties, and responsibilities consist of: (1) acting for the Court between regular monthly meetings of the Court on matters needing attention before the next regular monthly meeting; (2) acting as the Budget Committee; (3) acting as the Assignment Committee; and (4) assisting the Chief Judge in such matters as the Chief or the Court may request. General Order No. 47 at ¶ E.

For the Executive's Committee's role as the Assignment Committee, the District Court has established a plan for assignment of cases through its General Order No. 44. Exhibit 4. That order provides: "Cases shall be assigned blindly and at random by the Clerk by means of an automated system approved by the judges of the court." General Order No. 44 at D.2. General Order No. 44 does not, however, grant any power to reassign cases from one judge to another. General Order No. 44 grants the Executive Committee "the power to make and review all orders of assignment and reassignment consistent with this plan," but it does not grant the Executive Committee any arbitrary power to reassign cases at will.

The District Court's Civil Local Rules govern assignment of civil actions to judges. Specifically, Civil Local Rule 3-3(a) provides that immediately upon filing of any civil action, the Clerk shall assign the case to a Judge pursuant to the

Assignment Plan of the Court—General Order No. 44 described above. Exhibit 6 at 4. There is no Civil Local Rule permitting arbitrary reassignment of cases from one judge to another.

Civil Local Rule 3-12 governs the procedure for assigning or reassigning related cases. Exhibit 6 at 9-10. If a party knows or learns that an action filed in or removed to the Northern District of California is or may be related to an action already pending in the District, the party is required to file in the lowest-numbered (*i.e.*, earliest-filed) case a motion to consider whether cases should be related. Civil Local Rule 3-12(b). Exhibit 6 at 9. If a judge believes that a case pending before that judge is related to another case, that judge may also *sua sponte* refer the case to the judge assigned to the lowest-numbered case with a request that the judge assigned to the lowest-numbered case consider whether the cases are related. Civil Local Rule 3-12(c). Exhibit 6 at 10. In either case, the decision as to whether the cases are related is referred to the judge of the lowest-numbered case.

The Criminal Local Rules provide similar rules for initial assignment of criminal cases and consideration of whether cases are related. Criminal Local Rule 7-1 governs initial assignment of criminal cases. Exhibit 7 at 3. Criminal Local Rule 7-1(a) requires that after the government identifies the courthouse to which the action should be assigned, the Clerk shall assign it to a District Judge pursuant to the Assignment Plan of the Court—again, General Order No. 44 described

above. Exhibit 7 at 3. If a party to a criminal action knows or learns that the action is related to a civil or criminal action, the party is required to file a "Notice of Related Case in a Criminal Action" with the judge assigned to the earliest filed action. Criminal Local Rule 8-1(a). Exhibit 7 at 4. Criminal Local Rule 8-1(d) then allows any other party seven days to serve and file a statement to support or oppose the notice. *Id.* Finally, Criminal Local Rule 8-1(e) requires the judge assigned to the earliest-filed case to issue an order that indicates whether the later-filed case is related or not. *Id.* As with related civil cases, the decision is committed to the judge of the earliest-filed case.

> **B.** **If related cases are reassigned, the District Court's local rules require them to be reassigned to the judge of the earliest-filed case.**

Both the District Court's Civil Local Rules and Criminal Local Rules require that if cases are found to be related, then all related cases are to be assigned to the judge of the earliest-filed case. Civil Local Rule 3-12(f) provides that the judge who is assigned to the lowest-numbered case will decide if the cases are or are not related. Exhibit 6 at 10. Civil Local Rule 3-12(f)(3) then provides that if the judge decides that any of the cases are related, the Clerk shall reassign all related later-filed cases to that judge—the judge of the lowest numbered case. *Id.* Criminal Local Rule 8-1(e) similarly requires that if the judge assigned to the earliest-filed case orders that the later-filed case is related, the judge assigned to the earliest filed

case must also order whether the later-filed case is to be reassigned to that judge. Exhibit 7 at 5. If so, then the Clerk is to reassign the later-filed case to the judge of the earliest-filed case as ordered. Criminal Local Rule 8-1(e). Exhibit 7 at 5.

### C. The Executive Committee's Order violated the District Court's Local Rules and General Orders.

Here, the earliest-filed case was the civil forfeiture case, No. 3:20-cv-2013, filed on March 23, 2020. Case No. 3:20-cv-2013, ECF No. 1. The other four related cases—the criminal and SEC cases against Andrade, and the criminal and SEC cases against Abramoff—were all filed between June 22 and June 25, 2020. Case Nos. 3:20-cr-249, ECF No. 1; 3:20-cr-260, ECF No. 1; 3:20-cv-4188, ECF No. 1; 3:20-cv-4190, ECF No. 1. It is clear that Judge Chhabria, the judge assigned to the civil forfeiture case, was the judge of the earliest-filed case. The Government acknowledged this by correctly filed its Notice of Related Criminal Case with Judge Chhabria in the civil forfeiture case. Exhibit 3 (Case No. 3:20-cv-2013, ECF No. 36).

Under the Local Rules, therefore, the decision as to whether the cases were related was committed to Judge Chhabria, not to the Executive Committee. Criminal Local Rule 8-1 applied to the later-filed criminal cases, and required the decision as to whether the cases were related to be made by the judge of the earliest-filed case—Judge Chhabria. Civil Local Rule 3-12 applied to the later-filed civil SEC cases, and required the decision as to whether the cases were related to

be made by the judge of the lower-numbered, *i.e.*, earliest-filed, case—again, Judge Chhabria. Neither local rule, nor any of the District Court's General Orders, grants the Executive Committee the power to make or to overturn an order finding cases to be related.

Even more importantly, under the Local Rules, upon a finding that the cases were related, all the cases should have been assigned to Judge Chhabria, not to Judge Seeborg. Both Civil Local Rule 3-12(f)(3) and Criminal Local Rule 8-1(e) require that related cases be assigned to the judge of the earliest-filed case, not the later-filed case. Exhibit 6 at 10; Exhibit 7 at 5. Again, nothing in the local rules or General Orders authorizes the assignment of related cases to the judge of the later-filed case, and they certainly do not authorize the Executive Committee to arbitrarily decide to assign related cases to the judge of the later-filed case. There is no question that the Executive Committee's order violated the District Court's Local Rules, and was not authorized by any General Order or Local Rule.

## II. This Court should grant a writ of mandamus vacating the Executive Committee's order and remanding for reassignment of the related cases to Judge Chhabria.

While the Ninth Circuit does not appear to have addressed this issue, other Circuit Courts of Appeals have granted mandamus where a District Court assigns or reassigns cases in violation of its own local rules. In *Utah-Idaho Sugar Co. v. Ritter*, 461 F.2d 1100, 1103 (10th Cir. 1972), the Tenth Circuit granted mandamus

reversing a Chief Judge's order reassigning a case in essentially the same circumstances present here. There, the Chief Judge for the District of Utah unilaterally issued an order promulgating a new set of rules for the assignment of cases, and under those rules assigned several cases to himself. *Id.* at 1102. Applying 28 U.S.C. § 137, which governs division of business among district judges, the chief judge argued that he had the authority to reassign cases as he saw fit. The Tenth Circuit, however, explained that the statute only allows the chief judge to assign cases "so far as such rules and orders do not otherwise prescribe." *Id.* at 1103 (quoting 28 U.S.C. § 137). The rules then in effect were applicable and effective until modified or rescinded, and did not grant the chief judge the power to assign cases in violation of the existing rules. The same is true here, where the Executive Committee (headed by the chief judge, who signed the Executive Committee's order reassigning cases here) did not have the discretion to reassign cases in a manner that violated the duly promulgated local rules for the Northern District of California.

The Fifth Circuit similarly granted mandamus to prevent improper reassignment of cases in *In re McBryde*, 117 F.3d 208, 230 (5th Cir. 1997). There, the chief judge argued that a special order of the court governed only the initial assignment of cases, not reassignment, leaving reassignment of cases in the discretion of the chief judge. *Id.* at 224. Applying *Utah-Idaho*, the Fifth Circuit

held that the special order providing for the random initial assignment of cases

prohibits, by implication reassignment of those cases. *Id.* The Fifth Circuit went

even further than the Tenth Circuit in limiting the reassignment power of the Chief

Judge, noting that "not one case upholds reassignment of a pending case by a chief

judge without the consent of the presiding judge," and that courts have not

endorsed a general reassignment power. *Id.* at 225. Moreover, the Fifth Circuit

went on to explain that a general reassignment power "is antithetical to and

incompatible with the structure of the federal judicial system." *Id.* More generally,

"No express or implied power is granted a chief judge to affect administratively,

directly or indirectly, litigation assigned to and pending before another judge of the

court." *Id.* (quoting *United States v. Heath*, 103 F. Supp. 1, 2 (D. Haw. 1952)).

The Executive Committee, headed by the Chief Judge of the Northern

District of California, has done exactly what the Fifth Circuit prohibited in

*McBryde*. By reassigning the civil forfeiture case away from Judge Chhabria the

day before a hearing at which the Government faced a significant risk of losing its

motion to stay and facing sanctions against its attorneys and agents, the Executive

Committee directly affected the litigation assigned to and pending before Judge

Chhabria. The Executive Committee's reassignment thus violates 28 U.S.C. §

137's limits on the chief judge's power, and abuses whatever discretion the

Executive Committee had by acting in flagrant violation of the District Court's own Local Rules and General Orders. Mandamus is accordingly appropriate.

## III.    Mandamus is particularly appropriate here in order to avoid any appearance of impropriety.

The Executive Committee's order reassigning these cases away from Judge Chhabria offered no explanation for its decision to reassign the cases away from the earliest-filed judge.[2] There is no direct evidence to suggest that the Executive Committee acted for any illegitimate reason, though the timing of the order should certainly raise concerns.

Our judicial system is designed not merely to avoid improper influences and prejudices, but to avoid even the appearance of impropriety. *See, e.g., Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988) (the purpose of the recusal statute "is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible); *Offutt v. United States*, 348 U.S. 11, 14 (1954) ("justice must satisfy the appearance of justice."). The Code of Conduct for United States Judges directs federal judges to "avoid both impropriety and its appearance." *In re Complaint of Judicial Misconduct*, 816 F.3d 1266, 1267 (9th Cir. 2016).

---

[2] Petitioner respectfully asks that this Court request, as part of the District Court's response to this Petition, that the Executive Committee of the District Court explain the circumstances that required it to decide to reassign this case away from Judge Chhabria *sua sponte* the day before the scheduled July 1 hearing.

The timing of the Executive Committee's order, by reassigning the civil forfeiture case a day before a hearing at which the original judge had already threatened to sanction the government, creates an appearance of impropriety: that the Executive Committee issued its unusual order in order to protect the Government from a severe adverse litigation outcome. The timing alone would suggest an appearance of impropriety in any case, but this is not an everyday civil forfeiture case. This is a civil forfeiture case involving perhaps the most famous embodiment of corruption in modern American government, Jack Abramoff.[3] Any deviation from the rules and statutes in place opens the possibility of improper influence.

It is thus particularly important that this Court grant mandamus in this case to protect confidence in the judiciary and avoid any appearance of impropriety. The Northern District of California violated its own rules in a way prejudicial to Andrade and favorable to the Government, for whom Abramoff is a cooperating witness. Previous case law authorizes mandamus relief to prevent the Northern District of California from ignoring its own rules regarding reassignment of related

---

[3] Abramoff's own memoir describes himself as "America's Most Notorious Lobbyist." Jack Abramoff, *Capitol Punishment: The Hard Truth About Washington Corruption From America's Most Notorious Lobbyist* (WNDbooks Nov. 2011).

cases. The circumstances of this case demonstrate why this Court must ensure that the Northern District of California follows its own procedures to the letter.

## CONCLUSION

The Executive Committee of the District Court did not have the power to reassign the underlying cases to the judge of the later-filed cases rather than the earlier-filed cases. The circumstances under which it did so create an appearance of impropriety in a case that demands the utmost adherence to the rules of procedure. Thus, for the foregoing reasons, Petitioner Andrade respectfully requests that this Court grant his petition for a writ of mandamus, and order the District Court to reassign each of the underlying related cases to the judge assigned to the earliest-filed case, Judge Chhabria, and to explain in detail the circumstances and bases for its June 30, 2020 Reassignment Order.

Dated: July 10, 2020                     Respectfully submitted,

                                        s/ *Manuel A. Medrano*
                                        MANUEL A. MEDRANO
                                        BRIAN J. BECK
                                        *Attorneys*
                                        Zuber Lawler & Del Duca LLP
                                        350 S. Grand Avenue, 32nd Floor
                                        Los Angeles, CA 90071
                                        (213) 596-5620
                                        mmedrano@zuberlawler.com
                                        bbeck@zuberlawler.com

## <u>STATEMENT OF RELATED CASES</u>

There are no related cases pending before this Court within the meaning of

Circuit Rule 28-2.6.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on July 10, 2020.

I further certify that on July 10, 2020, a notice of the filing of the foregoing (including a complete copy of the foregoing) will be filed in the underlying proceedings in the United States District Court for the Northern District of California in compliance with Federal Rule of Appellate Procedure 21(a)(1), and that all parties to those proceedings will be served with that notice through the district court's CM/ECF system. In addition, a courtesy copy of the foregoing has been provided via e-mail to the following counsel for the United States and Claimant Wilmington Savings Fund Society:

Chris A. Kaltsas
U.S. Attorney's Office
450 Golden Gate Ave.
San Francisco, CA 94102
chris.kaltsas2@usdoj.gov

Lloyd Farnham
U.S. Attorney's Office
450 Golden Gate Ave.
San Francisco, CA 94102
Lloyd.Farnham@usdoj.gov

Marc David Katz
Securities & Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
katzma@sec.gov

Preston K. Ascherin
Akerman LLP
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
preston.ascherin@akerman.com

s/ *Manuel A. Medrano*
Manuel A. Medrano

Counsel for Petitioner

No. 20-_____

---

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

In re ROWLAND MARCUS ANDRADE

ROWLAND MARCUS ANDRADE,
Petitioner,

v.

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA,
Respondent,

and

UNITED STATES OF AMERICA, WILMINGTON SAVINGS FUND SOCIETY,
FSB, and SECURITIES AND EXCHANGE COMMISSION,
Real Parties in Interest.

---

On Petition for a Writ of Mandamus to the United States District Court
for the Northern District of California
(Nos. 3:20-cv-2013-RS, 3:20-cr-249-RS, 3:20-cv-4188-RS)

---

**EXHIBITS TO PETITION FOR A WRIT OF MANDAMUS**

---

MANUEL A. MEDRANO
BRIAN J. BECK
*Attorneys*
Zuber Lawler & Del Duca LLP
350 S. Grand Avenue, 32nd Floor
Los Angeles, CA 90071
(213) 596-5620
mmedrano@zuberlawler.com

Counsel for Petitioner                          bbeck@zuberlawler.com

## **<u>INDEX OF EXHIBITS</u>**

| Exhibit No. | Description |
|---|---|
| 1 | Reassignment Order dated June 30, 2020 (ECF No. 40) |
| 2 | Order Regarding Motion to Stay dated June 4, 2020 (ECF No. 30) |
| 3 | Notice of Related Case in a Criminal Action dated June 25, 2020 (ECF No. 36) |
| 4 | Northern District of California General Order 44 – Assignment Plan |
| 5 | Northern District of California General Order 47 – Executive Committee |
| 6 | Excerpts from the Northern District of California Civil Local Rules |
| 7 | Excerpts from the Northern District of California Criminal Local Rules |

# **<u>Exhibit 1</u>**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:20-cr-00260-CRB |
| Plaintiff, | Case No. 3:20-cv-02013-VC |
| v. | |
| JACK ABRAMOFF, | **REASSIGNMENT ORDER** |
| Defendant. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| ONE PARCEL OF REAL PROPERTY LOCATED AT 9414 PLAZA POINT DR, MISSOURI CITY, TEXAS, 77459 | |
| Defendant. | |

By Order of the Executive Committee, and in the interests of justice and judicial economy, the following cases will be reassigned to the Honorable Richard Seeborg for all further proceedings,

1. *United States v. Abramoff*, 20-cr-00260-CRB (filed June 25, 2020)

2. *United States v. One Parcel of Real Estate Property*, 20-cv-02013-VC (filed Mar. 23, 2020)

given their relationship with the following cases currently pending on Judge Seeborg's docket:

1. *United States v. Andrade*, 20-cr-00249-RS (filed June 22, 2020)

2. *SEC v. NAC Found., LLC*, 20-cv-04188-RS (filed June 25, 2020)

3. *SEC v. Abramoff*, 20-cv-04190-RS (filed June 25, 2020)

United States District Court
Northern District of California

Dated: June 30, 2020

FOR THE EXECUTIVE COMMITEE

_/s/ Phyllis J. Hamilton_
PHYLLIS J. HAMILTON
Chief Judge of the United States District Court

**<u>Exhibit 2</u>**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>ONE PARCEL OF REAL PROPETRY<br>LOCATED AT 9414 PLAZA POINT<br>DRIVE, MISSOURI CITY, TEXAS,<br>77459,<br><br>   Defendant. | Case No.  20-cv-02013-VC<br><br>**ORDER RE MOTION TO STAY** |

  Andrade's request to have 14 days to respond to the motion to stay is granted. A full response is due 14 days from the date of this order. A hearing on the motion will take place July 1, 2020 at 1:30 p.m. by Zoom. Meanwhile, the government must conduct a careful, responsible, and conservative assessment of what truly cannot be disclosed to Andrade. If the Court determines that the government is reflexively and unnecessarily withholding documents from Andrade, it will consider sanctioning the lawyers and law enforcement entities involved.

  **IT IS SO ORDERED.**

Dated: June 4, 2020

          _____
          VINCE CHHABRIA
          United States District Judge

# **<u>Exhibit 3</u>**

1   DAVID L. ANDERSON (CABN 149604)
    United States Attorney
2
    HALLIE HOFFMAN (CABN 210020)
3   Chief, Criminal Division

4   LLOYD FARNHAM (CABN 202231)
    CHRIS KALTSAS (NYBN 5460902)
5   ANDREW F. DAWSON (CABN 264421)
    Assistant United States Attorney
6
        450 Golden Gate Avenue, Box 36055
7       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
8       FAX: (415) 436-7234
        lloyd.farnham @ usdoj.gov
9
    Attorneys for United States of America
10
                    UNITED STATES DISTRICT COURT
11
                 NORTHERN DISTRICT OF CALIFORNIA
12
                      SAN FRANCISCO DIVISION
13

14  UNITED STATES OF AMERICA,              )   CIVIL CASE NO. 20-02013 VC
                                           )   [Filed March 23, 2020]
15          Plaintiff,                      )
                                           )
16      v.                                  )   NOTICE OF RELATED CASE
                                           )   IN A CRIMINAL ACTION
17  ONE PARCEL OF REAL ESTATE              )
    PROPERTY LOCATED AT 9414 PLAZA         )
18  POINT DRIVE, MISSOURI CITY, TEXAS,     )
    77459,                                  )
19                                          )
            Defendant.                      )
20                                          )
                                           )
21  _____)

22  UNITED STATES OF AMERICA,              )   Case No. 20-CR-00249 RS
                                           )   [Filed June 22, 2020]
23          Plaintiff,                      )
                                           )
24      v.                                  )
                                           )
25  ROWLAND MARCUS ANDRADE.                )
                                           )
26          Defendant.                      )
                                           )
27  _____)

28                      [CAPTION CONTINUES NEXT PAGE]

    CERTIFICATE OF SERVICE              1
    20-CV-02013 VC

UNITED STATES OF AMERICA,    )   Case No. CR 20-0260 CRB
    )   [Filed June 25, 2020]
    Plaintiff,    )
    )
   v.    )
    )
JACK ABRAMOFF,    )
    )
    Defendant.    )
_____)

The United States, pursuant to Local Criminal Rule 8-1, hereby notifies the Court that the two above-captioned criminal cases are related, and that these two criminal cases may be related to a pending civil case in this District.

The first-filed case, *United States of America v. One Parcel of Real Estate Property Located at 9414 Plaza Point Drive, Missouri City, Texas, 77459*, Case No. 20-CV-02013 VC, was filed on March 23, 2020. In that civil forfeiture action, the United States alleges that the defendant property named in the above caption is subject to forfeiture under Title 18, United States Code, Sections 981(a)(1)(A) and (a)(1)(C). The complaint alleges that the defendant property was purchased using the proceeds of funds derived from a wire fraud scheme and money laundering transactions in which Rowland Marcus Andrade was involved.

A criminal indictment, *United States v. Rowland Marcus Andrade.*, Case No. 20-CR-00249 RS, was filed on June 22, 2020 and unsealed on June 25, 2020. The indictment charges Rowland Marcus Andrade with one count of wire fraud, 18 U.S.C. § 1343, and one count of money laundering, 18 U.S.C. § 1956(a)(1), alleging that Andrade engaged in scheme to defraud related to the sale of a purported new cryptocurrency called AML Bitcoin. The indictment also includes a criminal forfeiture allegation, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), seeking forfeiture, upon conviction, of the same property at issue in the civil forfeiture action.

A criminal information, *United States v. Jack Abramoff*, Case No. CR 20-0260 CRB, was filed on June 25, 2020. That information charges Jack Abramoff with one count of conspiracy to commit an offense against the United States, namely wire fraud, in violation of 18 U.S.C. § 371. The information names as a co-conspirator Marcus Andrade, and alleges a conspiracy to make false statements regarding

the cryptocurrency AML Bitcoin. The information also alleges that Abramoff violated the registration requirement of the Lobbying Disclosure Act by failing to register as a lobbyist after being retained to have a lobbying contact or having a lobbying contact.

The allegations in the civil forfeiture action, the indictment, and the information, each involve the activities of Andrade and his company, NAC Foundation, LLC, in connection with the sale of AML Bitcoin, and the cases involve the same period of alleged criminal conduct by Andrade, 2017 and 2018. The allegations in the cases therefore relate to the same events, occurrences, transactions, and property, and each action involve similar allegations. Because of the facts and allegations common to each action, the actions may entail substantial duplication of labor if heard by different judges. For these reasons, pursuant to Local Rule 8-1(c)(4), the government believes that assignment to a single judge is likely to conserve judicial resources and promote an efficient determination of the action.

DATED: June 25, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney


_____/s/_____
LLOYD FARNHAM
CHRIS KALTSAS
Assistant United States Attorneys

# **<u>Exhibit 4</u>**

GENERAL ORDER NO. 44
ASSIGNMENT PLAN

A.    Purpose

This plan is adopted pursuant to 28 U.S.C. § 137 and Civil Local Rule 3-3(a). The purpose of the plan is to:

1. Provide an equitable system for a proportionate division of the caseload among the district and magistrate judges of the court;

2. Ensure that cases are randomly and blindly assigned, except as otherwise provided herein to promote efficient case management;

3. Provide for necessary adjustments to caseload assignments; and

4. Provide a basis for monitoring the operation of the case assignment system.

B.    Administration

The Executive Committee shall have the power to make and review all orders of assignment and reassignment consistent with this plan. As provided in Civil L.R. 77-2(e), the Clerk, when directed by the committee or as specifically provided for in this plan, may sign orders on behalf of the Executive Committee.

C.    Case Numbers

Each case commenced in or transferred to the court pursuant to Civil L.R. 3-2 shall be assigned a case number by the Clerk upon filing. A separate sequence of case numbers shall be maintained for criminal and civil cases. Case numbers shall conform to the format approved by the Administrative Office of the United States Courts.

D.    Assignment of Cases

1. Unless otherwise required by the Executive Committee, cases shall be assigned by the Clerk to the judges holding chambers in the courthouse or courthouses serving the county in which the action arises.

2. Cases shall be assigned blindly and at random by the Clerk by means of an automated system approved by the judges of the court. Such system will be designed to accomplish the following:

   a. Proportionate, random and blind assignment of cases;

   b. Except as set forth in paragraphs (D)(4) through (D)(7), an approximately equal distribution among the active judges of the court of newly filed civil and criminal cases within each of the case categories established by the court

   c. A high level of security so as to reasonably avoid prediction of the results of any case assignment;

   d. A system of credits and debits to adjust for reassignments of cases among and between judges;

   e. A record of all assignments and reassignments made.

3. Notwithstanding any other provision of the Assignment Plan, the Clerk shall maintain a district-wide system of assignment for prisoner petitions (including death penalty

habeas corpus), bankruptcy, intellectual property rights, Social Security, federal tax suits, antitrust and securities class actions. Venue for cases in these categories shall be proper in any courthouse in this District. These cases shall not be reassigned on the basis of intra-district venue.

4. Notwithstanding any other provision of the Assignment Plan, the Clerk shall assign cases transferred to this District pursuant to Federal Rule of Criminal Procedure 20 in the following manner. Assignment of Rule 20 cases shall be made prior to execution of a consent to transfer in the manner set forth in Criminal L.R. 20-1. Any subsequent Rule 20 proceeding involving the same defendant and arising out of the same or superseding charges shall be deemed to be a related case and shall be assigned to the originally assigned judge.

5. Notwithstanding any other provision of the Assignment Plan, the Clerk shall assign any non-capital habeas petition filed by a prisoner to the same judge who was assigned any previous petitions filed by or on behalf of that prisoner.

6. Notwithstanding any other provision of the Assignment Plan, the Clerk shall assign any non-habeas civil complaint filed by a prisoner within five (5) years after the filing of the first civil complaint by that party to the same judge to whom the first such complaint was assigned. After five (5) years, the next new civil complaint filed by that prisoner shall be assigned to a different judge, in accordance with paragraph (D)(2) above, who shall then be assigned that prisoner's civil filings for the next five (5) years. Thereafter, a different judge shall be assigned for each subsequent five-year period.

7. Notwithstanding any other provision of the assignment plan, the Clerk shall assign a bankruptcy matter to the same judge who was assigned any previously filed bankruptcy matter arising from the same case in the United States Bankruptcy Court.

E.  ASSIGNMENT OF CASES TO MAGISTRATE JUDGES

1. The full-time magistrate judges of this District shall be included in the civil case assignment system in the same manner as active district judges, except for capital habeas corpus petitions, securities class actions, and bankruptcy appeals or bankruptcy withdrawal of reference cases. With respect to such assignments, the following shall apply:

   a.  In cases assigned at filing to a magistrate judge, the magistrate judge shall conduct all proceedings including a jury or bench trial and shall order the entry of a final judgment upon the written consent of all parties in the case in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

   b.  In all cases assigned at filing to a magistrate judge the Clerk shall provide all parties with a copy of the forms adopted by the court for "Notice of Assignment of Case To A United States Magistrate Judge for Trial." The form shall indicate that upon written consent of the parties the magistrate judges of this District have been designated to conduct any and all proceedings in a civil case, including a jury or nonjury trial and order the entry of a final judgment. Prior to the magistrate judge taking any dispositive action in the case, the Clerk shall obtain from the parties written consent to the jurisdiction of the magistrate judge in accordance with 28 U.S.C. §636(c) and Fed. R. Civ. P. 73.

    c.   If a party declines to consent to a United States magistrate judge, the Clerk shall reassign the case to a district judge on a random basis or in accordance with paragraphs (D)(5) and (D)(6), if applicable.

2.   Upon filing, the following will be assigned to a magistrate judge for all pretrial proceedings. When the case is ready for trial, upon consent of the parties, it will be retained by the magistrate judge for trial. If all parties do not so consent, the Clerk will randomly assign the case to a district judge in the division where the case is pending.

    a.   All actions filed by the United States to recover on a claim for a debt;

    b.   Pre-judgment or post-judgment applications by the United States under the Federal Debt Collection Procedures Act.

3.   Upon filing, unless exempted by Local Rule, order of a judge of this court, or other provision of this general order, all civil miscellaneous matters will be randomly assigned in the first instance to a magistrate judge who will either resolve the matter or, if necessary, prepare a report and recommendation and request assignment of the matter to the district judge who was the general duty judge on the date the miscellaneous matter was filed. Any objections to the magistrate judge's order or report and recommendation will be resolved by that district judge. See Fed. R. Civ. P. 72. Matters from the Eureka division shall be reassigned, as necessary, to the general duty judge.

4.   For cases reassigned to a magistrate judge subsequent to initial case assignment (e.g. at a case management conference), the parties may consent to the assignment of a magistrate judge sitting in any division.

| | | |
|---|---|---|
| ADOPTED: | JULY 22, 1997 | FOR THE COURT: |
| AMENDED: | JULY 18, 2000 | |
| AMENDED: | MARCH 1, 2002 | |
| AMENDED: | JANUARY 30, 2003 | |
| AMENDED: | AUGUST 26, 2003 | |
| AMENDED: | APRIL 28, 2008 | |
| AMENDED: | JANUARY 4, 2010 | |
| AMENDED: | MAY 29, 2012 | |
| AMENDED: | MARCH 19, 2013 | |
| AMENDED: | DECEMBER 17, 2013 | |
| AMENDED: | JUNE 24, 2015 | |
| AMENDED: | APRIL 19, 2016 | |
| AMENDED: | JUNE 20, 2017 | |
| AMENDED: | JANUARY 1, 2018 | |

PHYLLIS J. HAMILTON
CHIEF JUDGE

# **Exhibit 5**

GENERAL ORDER NO. 47
EXECUTIVE COMMITTEE

A. Introduction

This General Order establishes an Executive Committee as a Standing Committee of the Court. As the established policy of this Court is that all policy decisions are made by the Court as a whole, meetings of the Executive Committee shall not be a substitute for the regular monthly meetings of the Court, and any judge may have an item placed on the agenda for discussion at a regular monthly meeting.

B. Membership

The Executive Committee of the Court shall be a Standing Committee of the United States District Court for the Northern District of California. The Executive Committee shall consist of five voting members and two *ex officio* members as follows:

1. The Chief Judge, who will serve as Chair of the Executive Committee;

2. The Judge designated as successor Chief Judge pursuant to 28 U.S.C. § 136(e);

3. A Judge sitting in the San Francisco Courthouse, based upon active judge seniority;

4. A Judge sitting in the Oakland Courthouse, based on active judge seniority; and

5. A Judge sitting in the San Jose Courthouse based on active judge seniority.

6. An invitation shall be extended to the Immediate Past Chief Judge of the Court and to the Chief Magistrate Judge to serve *ex officio* without vote.

C. Term

Each member (except *ex officio*) shall serve for a period of three years. Members may serve no more than one consecutive three-year term. If any of the three judges selected on the basis of seniority is unable to serve out his or her term, the judge sitting in that courthouse who is next in seniority among the active judges shall become a member. If a judge assumes an unexpired term vacated by another judge, the assuming judge shall serve for three years starting on the day following the last day of service of the judge who did not complete his or her service.

D. Meetings

Executive Committee meetings shall be called as the Chief Judge deems appropriate or at the request of any member of the Committee. Three voting members of the Committee shall constitute a quorum.

E. Authority, Duties and Responsibilities

    The Executive Committee shall have the following authority, duties and responsibilities:

1.    To act for the Court between regular monthly meetings of the Court on matters needing attention before the next regular monthly meeting;

2.    To act as the Budget Committee;

3.    To act as the Assignment Committee; and

4.    To assist the Chief Judge in such matters as the Chief or the Court may request.

F. Review

    Any action taken by the Executive Committee shall be placed on the agenda of the next regular monthly meeting for review by the Court.

ADOPTED:   May 25, 1999
AMENDED:  April 20, 2010
AMENDED:  October 11, 2011
AMENDED:  February 21, 2012

FOR THE COURT:

JAMES WARE
Chief Judge

# **<u>Exhibit 6</u>**

# UNITED STATES DISTRICT COURT

## Northern District of California

### CIVIL LOCAL RULES

## TABLE OF CONTENTS

1. TITLE; SCOPE; DEFINITIONS ................................................................ 1
   1-1. Title ................................................................................................ 1
   1-2. Scope, Purpose and Construction ..................................................... 1
       (a)   Scope ..................................................................................... 1
       (b)   Supplement to Federal Rules .................................................. 1

   1-3. Effective Date ................................................................................. 1
   1-4. Sanctions and Penalties for Noncompliance .................................... 1
   1-5. Definitions ...................................................................................... 1
       (a)   Clerk ..................................................................................... 1
       (b)   Court ..................................................................................... 1
       (c)   Day ....................................................................................... 1
       (d)   Ex parte ................................................................................ 1
       (e)   File ........................................................................................ 1
       (f)   Fed. R. Civ. P ........................................................................ 1
       (g)   Fed. R. Crim. P ...................................................................... 2
       (h)   Fed. R. App. P ....................................................................... 2
       (i)   Federal Rule .......................................................................... 2
       (j)   General Orders ...................................................................... 2
       (k)   General Duty Judge ............................................................... 2
       (l)   Judge ..................................................................................... 2
       (m)   Lodge .................................................................................... 2
       (n)   Meet and confer ..................................................................... 2
       (o)   Standing Orders of Individual Judges ..................................... 2
       (p)   Unavailability ........................................................................ 2

3. COMMENCEMENT AND ASSIGNMENT OF ACTION ............................. 3
   3-1. Regular Session ............................................................................... 3
   3-2. Commencement and Assignment of Action ....................................... 3
       (a)   Civil Cover Sheet ................................................................... 3
       (b)   Commencement of Action ....................................................... 3
       (c)   Assignment to a Division ........................................................ 3
       (d)   San Francisco and Oakland ..................................................... 3
       (e)   San Jose ................................................................................. 3
       (f)   Eureka ................................................................................... 3
       (g)   Assignment of Action to the Eureka Division ........................... 3
       (h)   Transfer of Actions and Proceedings ....................................... 3

   3-3. Assignment of Action to a Judge ...................................................... 4
       (a)   Assignment ............................................................................ 4
       (b)   Multiple Filings ..................................................................... 4
       (c)   Refiled Action ........................................................................ 4

   3-4. Papers Presented for Filing .............................................................. 4
       (a)   First Page Requirements ......................................................... 4

| | (b) | Caption for Consolidated Cases | 5 |
| | (c) | General Requirements | 5 |
| | (d) | Citation to Authorities | 5 |
| | (e) | Prohibition of Citation to Uncertified Opinion or Order | 6 |
| 3-5. | Jurisdictional Statement | | 6 |
| | (a) | Jurisdiction | 6 |
| | (b) | Intradistrict Assignment | 6 |
| 3-6. | Jury Demand | | 6 |
| | (a) | Included in Pleading | 6 |
| | (b) | Marking of Civil Cover Sheet Insufficient | 6 |
| 3-7. | Filing and Certification in Private Securities Actions | | 6 |
| | (a) | Civil Cover Sheet Notation Requirement | 6 |
| | (b) | Certification by Filing Party Seeking to Serve as Lead Plaintiff | 7 |
| | (c) | Certification by Nonfiling Party Seeking to Serve as Lead Plaintiff. | 7 |
| | (d) | Certification by Lawyers Seeking to Serve as Class Counsel. | 7 |
| 3-8. | Claim of Unconstitutionality | | 8 |
| | (a) | Federal Statute | 8 |
| | (b) | State Statute | 8 |
| 3-9. | Parties | | 8 |
| | (a) | Natural Person Appearing Pro Se | 8 |
| | (b) | Corporation or Other Entity. | 8 |
| | (c) | Government or Governmental Agency | 8 |
| 3-10. | Ex Parte Motion to Proceed In Forma Pauperis | | 8 |
| | (a) | Motion to Proceed In Forma Pauperis | 8 |
| | (b) | Content of Motion | 9 |
| | (c) | Determination of the Motion | 9 |
| 3-11. | Failure to Notify of Address Change | | 9 |
| | (a) | Duty to Notify | 9 |
| | (b) | Dismissal Due to Failure | 9 |
| 3-12. | Related Cases | | 9 |
| | (a) | Definition of Related Cases | 9 |
| | (b) | Administrative Motion to Consider Whether Cases Should be Related | 9 |
| | (c) | Sua Sponte Judicial Referral for Purpose of Determining Relationship | 10 |
| | (d) | Content of Motion | 10 |
| | (e) | Response to Motion | 10 |
| | (f) | Order Granting or Denying Relationship | 10 |
| | (g) | Effect of Order on Case Schedule | 10 |
| 3-13. | Notice of Pendency of Other Action or Proceeding | | 11 |
| | (a) | Notice | 11 |
| | (b) | Content of Notice | 11 |
| | (c) | Procedure After Filing | 11 |
| | (d) | Order | 11 |
| 3-14. | Disqualification of Assigned Judge | | 11 |
| 3-15. | Disclosure of Non-party Interested Entities or Persons | | 11 |
| | (a) | Certification | 11 |
| | (b) | Form of Certification | 12 |

## 3. COMMENCEMENT AND ASSIGNMENT OF ACTION

**3-1. Regular Session**

The Court shall be in continuous session in the following locations: San Francisco Division, Oakland Division, San Jose Division, and Eureka Division. From time to time sessions may be held at other locations within the district as the Court may order.

**3-2. Commencement and Assignment of Action**

**(a) Civil Cover Sheet**. Every complaint, petition or other paper initiating a civil action must be filed with a completed civil cover sheet on a form approved by the Court.

**Cross Reference**
See Civil L.R. 3-6(c) *"Jury Demand; Marking of Civil Cover Sheet Insufficient;"*
Civil L.R. 3-7(a) *"Civil Cover Sheet Requirement in Private Securities Actions"*

**(b) Commencement of Action**. An action may be commenced within the meaning of Fed. R. Civ. P. 3 at any office of the Clerk for this district. After the matter has been assigned to a Judge, unless ordered or permitted otherwise, all subsequent manual filings must be made in the Office of the Clerk at the division or location where the assigned Judge maintains chambers. Manual filings in matters assigned to the Eureka division must be made in the San Francisco Office of the Clerk.

**(c) Assignment to a Division**. Pursuant to the Court's Assignment Plan, the Clerk shall assign civil actions and proceedings for which this district is the proper venue to the court division serving the county in which the action arises. A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated. The following are excluded from this division-specific venue rule and will be assigned on a district-wide basis: Prisoner Petitions (including Death Penalty Habeas Corpus), Bankruptcy, Intellectual Property Rights, Social Security, Federal Tax Suits, Antitrust and Securities Class Actions.

**(d) San Francisco and Oakland**. Except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San Francisco Division or the Oakland Division.

**(e) San Jose**. Except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division.

**(f) Eureka**. Except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Del Norte, Humboldt, Lake and Mendocino, except for cases not assigned to the magistrate judges pursuant to the Court's Assignment Plan, shall be assigned to the Eureka Division.

**Cross Reference**
See General Order No. 44, Assignment Plan.

**(g) Assignment of Action to the Eureka Division**. All cases assigned to the Eureka Division shall be assigned to the full-time magistrate judge presiding in that division. Such assignments are subject to the provisions of Civil L.R. 73 and require the consent of the parties. Any case for which all parties do not consent will be reassigned to a district judge in one of the Bay Area divisions.

**(h) Transfer of Actions and Proceedings**. Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the

proper division within this district in accordance with this rule, or that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan.

### 3-3. Assignment of Action to a Judge

**(a)** **Assignment**. Immediately upon the filing of any civil action and its assignment to a division of the Court pursuant to Civil L.R. 3-2, the Clerk shall assign it to a Judge pursuant to the Assignment Plan of the Court. The Clerk may not make or change any assignment, except as provided in these local rules or in the Assignment Plan (General Order No. 44).

**(b)** **Multiple Filings**. Any single action filed in more than one division of this Court shall be transferred pursuant to Civil L.R. 3-2(h).

**(c)** **Refiled Action**. If any civil action or claim of a civil action is dismissed and is subsequently refiled, the refiling party must file a Motion to Consider Whether Cases Should be Related pursuant to Civil L.R. 3-12. Upon a determination by a Judge that an action or claim pending before him or her is covered by this Local Rule, that Judge may transfer the refiled action to the Judge originally assigned to the action which had been dismissed. Any party who files an action in multiple divisions or dismisses an action and subsequently refiles it for the purpose of obtaining an assignment in contravention of Civil L.R. 3-3(b) shall be subject to appropriate sanctions.

### 3-4. Papers Presented for Filing

**(a)** **First Page Requirements**. The first page of each paper presented for filing must set forth:

**(1)** The name, address, telephone number, facsimile ("fax") telephone number, email address and state bar number of counsel (or, if pro se, the name, address, telephone number, fax telephone number and email address of the party) presenting the paper for filing. This information must appear in the upper left hand corner and must indicate the party represented by name as well as that party's status in the litigation (i.e., plaintiff, defendant, etc.). In multiparty actions or proceedings, reference may be made to the signature page for the complete list of parties represented;

**Cross Reference**

See Civil L.R. 3-9 "Parties"; Civil L. R. 3-11 *"Failure to Notify of Address Change;"* and Civil L.R. 11-3(d) *"Appearances and Service on Local Co-Counsel.*

**(2)** If not proceeding pro se and if proceeding *pro hac vice* in conformity with Civil L.R. 11-3, following the information required in Civil L.R. 3-4(a)(1) the name, address, telephone and state bar number of the member of the bar of the Court who maintains an office within the State of California; and

**(3)** Commencing on the eighth line of the page (except where additional space is required for counsel identification) there must appear:

**(A)** The title of this Court, including the appropriate division or location;

**(B)** The title of the action;

**(C)** The case number of the action followed by the initials of the assigned District Judge or Magistrate Judge and, if applicable, the initials of the

and deliver a copy of the complaint and motion to the Chambers of the assigned Judge for determination.

**(b)** **Content of Motion**. The motion must contain:

**(1)** A request to proceed *in forma pauperis*;

**(2)** An affidavit or declaration under penalty of perjury providing the information required by Title 28 U.S.C. § 1915, on a form available at the Office of the Clerk and on the Court's website, or an equivalent form; and

**(3)** A proposed order.

**(c)** **Determination of the Motion**. The Judge may grant the motion, grant the motion subject to partial payment of fees, costs or security, or deny the motion. If the motion is granted in part or denied, the order will state that the action is dismissed unless any outstanding fees, costs or security is paid within the time set in the order.

**Commentary**

If, during the pendency of an action, any person wishes to prosecute or defend an action *in forma pauperis,* the person must file an Administrative Motion to Proceed *in forma pauperis* pursuant to Civil L.R. 7-11.

## 3-11. Failure to Notify of Address Change

**(a)** **Duty to Notify**. An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.

**(b)** **Dismissal Due to Failure**. The Court may, without prejudice, dismiss a complaint or strike an answer when:

**(1)** Mail directed to the attorney or pro se party by the Court has been returned to the Court as not deliverable; and

**(2)** The Court fails to receive within 60 days of this return a written communication from the attorney or pro se party indicating a current address.

## 3-12. Related Cases

**(a)** **Definition of Related Cases**. An action is related to another when:

**(1)** The actions concern substantially the same parties, property, transaction or event; and

**(2)** It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

**(b)** **Administrative Motion to Consider Whether Cases Should be Related**. Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11. In addition to complying with Civil L.R. 7-11, a copy of the motion, together with proof of service pursuant to Civil L.R. 5-5, must be served on all known parties to each apparently related action. A courtesy copy of the motion must be lodged with the assigned Judge in each apparently related case under Civil L.R. 5-1(e)(7).

**(c)** **Sua Sponte Judicial Referral for Purpose of Determining Relationship**. Whenever a Judge believes that a case pending before that Judge is related to another case, the Judge may refer the case to the Judge assigned to the lowest-numbered case with a request that the Judge assigned to the lowest-numbered case consider whether the cases are related. The referring Judge shall file and send a copy of the referral to all parties to all affected cases. The parties must file any response in opposition to or support of relating the cases pursuant to Civil L.R. 3-12(e). Alternatively, a Judge may order the parties to file a motion pursuant to Civil L.R. 3-12(b).

**(d)** **Content of Motion**. An Administrative Motion to Consider Whether Cases Should be Related must contain:

**(1)** The title and case number of each apparently related case;

**(2)** A brief statement of the relationship of the actions according to the criteria set forth in Civil L.R. 3-12(a).

**(e)** **Response to Motion**. Any opposition to or support of a Motion to Consider Whether Cases Should be Related must be filed in the lowest-numbered case pursuant to Civil L.R. 7-11. The opposition or statement of support must specifically address the issues in Civil L.R. 3-12(a) and (d) and be served on all parties and lodged with the Chambers of all Judges identified in the motion. If the motion identifies more than two potentially related cases, and a party contends that not all of the cases are related, the party must address whether any of the cases are related to one another.

**(f)** **Order Granting or Denying Relationship**. Upon a motion by a party or a referral by another Judge, after the time for filing support or opposition to the Motion to Consider Whether Cases Should Be Related has passed, the Judge in this District who is assigned to the lowest-numbered case will decide if the cases are or are not related and will notify the Clerk, who, in turn, will notify the parties.

**(1)** Due to the need for parties and affected Judges to have a speedy determination of the motion or referral, the Judge assigned to the lowest-numbered case shall act on the motion or referral within 14 days after the date a response is due. If the Judge assigned to the lowest-numbered case is not available for that period, the Clerk or counsel may bring the motion or referral to the General Duty Judge.

**(2)** If the Judge assigned to the lowest-numbered case decides that the cases are not related, no change in case assignment will be made. In cases where there are more than two potentially related cases, the Clerk shall submit the order to the Judges assigned to the other cases in order of filing with a form of order to decide within 14 days if the cases are or are not related. If no Judge relates any of the remaining cases, no change in case assignment will be made.

**(3)** If any Judge decides that any of the cases are related, pursuant to the Assignment Plan, the Clerk shall reassign all related higher-numbered cases to that Judge and shall notify the parties and the affected Judges accordingly.

**(g)** **Effect of Order on Case Schedule**. The case management conference in any reassigned case will be rescheduled by the newly assigned Judge. The parties shall adjust the dates for the conference, disclosures and report required by Fed. R. Civ. P. 16 and 26 accordingly. Unless the assigned Judge otherwise orders, upon reassignment, any deadlines set by the ADR Local Rules remain in effect and any dates for hearing noticed motions are automatically vacated and must be renoticed by the moving party before the newly assigned Judge. For cases ordered related after the initial case management conference, unless the assigned Judge otherwise orders, any deadlines

established in the case management order shall continue to govern, except for the trial date, which will be rescheduled by the assigned Judge.

**3-13.** **Notice of Pendency of Other Action or Proceeding**

    **(a)** **Notice**. Whenever a party knows or learns that an action filed or removed to this district involves all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court, the party must promptly file with the Court in the action pending before this Court and serve all opposing parties in the action pending before this Court with a Notice of Pendency of Other Action or Proceeding.

    **(b)** **Content of Notice**. A Notice of Pendency of Other Action or Proceeding must contain:

        **(1)** A description of the other action;

        **(2)** The title and location of the court in which the other action or proceeding is pending; and

        **(3)** A brief statement of:

            **(A)** The relationship of the other action to the action or proceeding pending in this district; and

            **(B)** If the other action is pending in another U.S. District Court, whether transfer should be effected pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures) or whether other coordination might avoid conflicts, conserve resources and promote an efficient determination of the action; or

            **(C)** If the other action is pending before any state court, whether proceedings should be coordinated to avoid conflicts, conserve resources and promote an efficient determination of the action.

    **(c)** **Procedure After Filing**. No later than 14 days after service of a Notice of Pendency of Other Action, any party may file with the Court a statement supporting or opposing the notice. Such statement will specifically address the issues in Civil L.R. 3-13(b).

    **(d)** **Order**. After the time for filing support or opposition to the Notice of Pendency of Other Actions or Proceedings has passed, the Judge assigned to the case pending in this district may make appropriate orders.

**3-14.** **Disqualification of Assigned Judge**

Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge.

**Commentary**

Recusal under 28 U.S.C. § 455 is normally undertaken by a Judge *sua sponte*. However, counsel may bring the issue to a Judge's attention by formal motion or raise it informally at a Case Management Conference or by a letter to the Judge, with a copy to the other parties in the case. This rule does not preclude a Judge from referring matters arising under 28 U.S.C. § 455 to the Clerk so that another Judge can determine disqualification. See also Civil L.R. 3-15.

**3-15.** **Disclosure of Non-party Interested Entities or Persons**

    **(a)** **Certification**. Upon making a first appearance in any proceeding in this Court, each party must file with the Clerk a "Certification of Interested Entities or Persons"

# **<u>Exhibit 7</u>**

# UNITED STATES DISTRICT COURT

## Northern District of California

### CRIMINAL LOCAL RULES

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | SCOPE, PURPOSE AND CONSTRUCTION | 1 |
| | 1-1......Title | 1 |
| | 2-1......Purpose and Construction | 1 |
| | 2-2......Definitions | 1 |
| | (a) Fed. R. Evid | 1 |
| | (b) Probation Officer | 1 |
| | 2-3......Certificate of Service | 1 |
| | (a) Party Certificate of Service | 1 |
| | (b) Clerk's Certificate of Service | 1 |
| | 2-4......Lodging Copy for Chambers | 1 |
| II. | PRELIMINARY PROCEEDINGS | 2 |
| | 5-1......Criminal Case Proceedings before Assignment to a District Judge | 2 |
| | (a) Calendar for Proceedings in Criminal Cases Before Assignment | 2 |
| | (b) Proceedings Before Magistrate Judge Prior to Assignment | 2 |
| | (c) Initial Appearance After Arrest | 2 |
| | (d) Proceedings Before a District Judge Prior to Assignment | 2 |
| III. | INDICTMENT AND INFORMATION | 3 |
| | 6-1......Impanelment of Grand Jury | 3 |
| | 6-2......Grand Jury Administration | 3 |
| | (a) Motions Pertaining to Composition or Term of Impaneled Grand Jury | 3 |
| | (b) Motions Regarding Grand Jury Process or Proceedings | 3 |
| | 7-1......Assignment of Criminal Case | 3 |
| | (a) Designation in Caption of Pleading | 3 |
| | (b) Proceedings before Magistrate Judge after Assignment | 3 |
| | 8-1......Notice of Related Case in a Criminal Action | 4 |
| | (a) Notice Requirement | 4 |
| | (b) Definition of Related Case for Criminal Action | 4 |
| | (c) Content of Notice | 4 |
| | (d) Response to Notice | 5 |
| | (e) Related Case Order | 5 |
| IV. | PREPARATION FOR DISPOSITION BY TRIAL OR SETTLEMENT | 6 |
| | 11-1....Voluntary Settlement Conference | 6 |
| | (a) Joint Request for Referral | 6 |
| | (b) Order of Referral | 6 |
| | (c) Conduct of Settlement Conference | 6 |
| | (d) Withdrawal of Request for Referral | 6 |
| | 12-1....Pretrial Motions | 6 |
| | 12.4-1.Disclosure of Nongovernmental Corporate Party | 6 |
| | (a) Certification | 6 |
| | (b) Form of Certification | 6 |

# I.  SCOPE, PURPOSE AND CONSTRUCTION

### 1-1.  Title

These are the Local Rules of Practice in Criminal proceedings before the United States District Court for the Northern District of California. They should be cited as "Crim. L.R.___."

### 2-1.  Purpose and Construction

These Rules are promulgated pursuant to 28 U.S.C. § 2071 and Fed. R. Crim. P. 57. They supplement the Federal Rules of Criminal Procedure and shall be construed so as to be consistent with those Rules. The provisions of the Civil Local Rules of the Court shall apply to criminal actions and proceedings, except where they may be inconsistent with these criminal local rules, the Federal Rules of Criminal Procedure or provisions of law specifically applicable to criminal cases.

**Cross Reference**

See Civil L.R. 1-5(i) *"General Orders"* and Civil L.R. 1-5(m) *"Standing Orders of Individual Judges."*

### 2-2.  Definitions

Unless the context requires otherwise, the definitions contained in Civil L.R. 1-5 apply to these local rules.

**(a)**  **Fed. R. Evid**. "Fed. R. Evid." means the Federal Rules of Evidence.

**(b)**  **Probation Officer**. "Probation Officer" refers to a United States Probation Officer appointed by the United States District Court.

### 2-3.  Certificate of Service

**(a)**  **Party Certificate of Service**. Whenever these local rules or other provision of law requires any pleading or paper which is presented for filing in a criminal case to be served upon any party or person, it shall bear on it or have attached to it a certificate of service in a form which complies with Civil L.R. 5-5(a).

**(b)**  **Clerk's Certificate of Service**. Unless the Judge or these local rules require otherwise, any written order of the Court in a criminal case shall bear on it or have attached to it a certificate of service by the Clerk.

### 2-4.  Lodging Copy for Chambers

Unless the Court orders otherwise, an extra copy of any document filed in a criminal case shall be marked "Chambers Copy," and shall be provided to the Clerk's Office pursuant to Civil L.R. 5-2(b) and 5-1(e)(7).

# II.    PRELIMINARY PROCEEDINGS

## 5-1.    Criminal Case Proceedings before Assignment to a District Judge

**(a)    Calendar for Proceedings in Criminal Cases Before Assignment**. Each courthouse of this District shall maintain a criminal calendar to hear any matter in a criminal case which has been assigned to that courthouse and which arises before the case is assigned to a District Judge.

**Cross Reference**
See Crim. L.R. 18-1(a),(b) or (c).

**(b)    Proceedings Before Magistrate Judge Prior to Assignment**. At each courthouse a Magistrate Judge shall be designated to hear and decide matters arising before the case has been assigned to a District Judge in criminal cases which have been assigned to that courthouse. The designated Magistrate Judge is empowered to hear and decide any matter on that calendar unless a federal statute or federal rule requires that the matter be decided by a District Judge.

**(c)    Initial Appearance After Arrest**. Whenever a person is arrested in this District for a federal offense, the person shall be brought without unnecessary delay before a Magistrate Judge. The Magistrate Judge before whom the person is brought shall preside over the initial appearance in accordance with Fed. R. Crim. P. 5. All subsequent proceedings shall be conducted at the courthouse where the case has been assigned pursuant to Crim. L.R. 7-1.

**(d)    Proceedings Before a District Judge Prior to Assignment**. When a matter arises in a criminal case before the case has been assigned to a District Judge which a federal statute or federal rule requires be presented to or decided by a District Judge, it shall be presented to the General Duty Judge.

**Cross Reference**
See Civil L.R. 1-5(j) "*General Duty Judge*."

# III.   INDICTMENT AND INFORMATION

**6-1.   Impanelment of Grand Jury**

The General Duty Judge is empowered to impanel one or more grand juries as the public interest requires. Upon a determination by a General Duty Judge to impanel a grand jury for a particular courthouse, he or she shall summon a sufficient number of legally qualified residents of the counties served by that courthouse pursuant to Civil L.R. 3-2 to satisfy the requirements of Fed. R. Crim. P. 6(a).

**6-2.   Grand Jury Administration**

**(a)   Motions Pertaining to Composition or Term of Impaneled Grand Jury**. A request by the government or a grand juror for an order pertaining to service on or the term of an impaneled grand jury shall be made by *ex parte* motion or request to the Judge who impaneled the grand jury. If that Judge is unavailable within the meaning of Civil L.R. 1-5(n), the motion or request shall be made to the General Duty Judge. Such motions or requests may pertain to matters such as:

**(1)**   A request by a member of a grand jury or by the government that a grand juror be excused;

**(2)**   A request by the government to appoint an alternate grand juror;

**(3)**   A motion to extend the term of a grand jury.

**(b)   Motions Regarding Grand Jury Process or Proceedings**. Any government motion regarding those parts of the grand jury's process or proceedings or in aid of its process or proceedings which must be conducted in secret pursuant to Fed. R. Crim. P. 6, may be made under seal by ex parte motion to the General Duty Judge. Unless otherwise ordered by the General Duty Judge pursuant to ex parte request, any such motion filed by a private party shall be accompanied by proof of service of the motion upon the office of the United States Attorney for this District.

**7-1.   Assignment of Criminal Case**

**(a)   Designation in Caption of Pleading**. In the caption of each complaint, indictment or information immediately following the identification of the pleading, the government shall identify the courthouse to which the action should be assigned pursuant to Crim. L.R. 18-1. After a complaint, indictment or information has been filed in this District and assigned to the appropriate courthouse pursuant to Crim. L.R. 18-1, the Clerk shall assign it to a District Judge pursuant to the Assignment Plan of the Court. The case shall also be assigned to the designated criminal calendar Magistrate Judge at that courthouse.

**(b)   Proceedings before Magistrate Judge after Assignment**. After a case has been assigned to a District Judge pursuant to Crim. L.R. 7-1(a), the criminal calendar Magistrate Judge may conduct the following proceedings as deemed appropriate:

**(1)**   Appoint counsel;

**(2)**   Appoint an interpreter;

**(3)**   Conduct an arraignment and schedule an appearance before the assigned District Judge;

**(4)**   Accept or enter a plea of not guilty;

**(5)**   Conduct a probation or supervised release preliminary revocation hearing;

**(6)** Hear and determine motions or matters regarding release or detention;

**(7)** Set a schedule for disclosure of information pursuant to Fed. R. Crim. P. 16;

**(8)** In a case transferred to this District under Fed. R. Crim. P. 20, order a presentence report and schedule a date for arraignment, plea and sentencing consistent with the time necessary to effect the transfer;

**(9)** Order a presentence report where a defendant who is represented by counsel has agreed to plead guilty;

**(10)** In cases pending before the Magistrate Judge, declare forfeiture of bail and conduct proceedings pursuant to Fed. R. Crim. P. 46(e);

**(11)** After issuance of an order of forfeiture, enforcement, remission or exoneration by a District Judge pursuant to Fed. R. Crim. P. 46(e), conduct further proceedings pertaining to the bond as may be referred by the District Judge;

**(12)** Conduct proceedings under Fed. R. Crim. P. 40;

**(13)** Conduct proceedings for extradition;

**(14)** Conduct such other proceedings which may be performed by a Magistrate Judge as ordered by the assigned District Judge.

### 8-1. Notice of Related Case in a Criminal Action

**(a)** **Notice Requirement**. Whenever a party to a criminal action pending in this District knows or learns that the action is related to a civil or criminal action, which is or was pending in this District, that party shall promptly file a "Notice of Related Case in a Criminal Action" with the Judge assigned to the earliest filed action, shall lodge a copy of the notice with the chambers of each Judge assigned to each related case and shall serve all known parties with a copy of the notice.

**Commentary**

A Judge's involvement in any pre-indictment miscellaneous proceeding (e.g., issuance of search warrant) is not a basis for assignment of any resulting criminal action to that Judge as a related case.

**(b)** **Definition of Related Case for Criminal Action**. Any pending criminal action is related to another civil or criminal action when:

**(1)** Both actions concern one or more of the same defendants and the same alleged events, occurrences, transactions or property; or

**(2)** Both actions appear likely to entail substantial duplication of labor if heard by different Judges or might create conflicts and unnecessary expenses if conducted before different Judges.

**(c)** **Content of Notice**. A Notice of Related Case in a Criminal Action shall contain:

**(1)** The title and case number of each related case;

**(2)** A description of each related case;

**(3)** A brief statement of the relationship of each action according to the criteria set forth in Crim. L.R. 8-1(b);

**(4)** A statement by the party with respect to whether assignment to a single Judge is or is not likely to conserve judicial resources and promote an efficient determination of the action.

**(d)** **Response to Notice**. No later than 7 days after service of a Notice of Related Case in a Criminal Action, any party may serve and file a statement to support or oppose the notice. Such statement shall specifically address the issues in Crim. L.R. 8-1(b) and (c).

**(e)** **Related Case Order**. After the time for filing support or opposition to the notice has passed, the Judge assigned to the earliest-filed case shall issue an order that indicates whether the later-filed case is related or not, and if the case is related, whether the later-filed case is to be reassigned to that Judge. After the Judge issues the related case order, the Clerk shall reassign the case if ordered to do so and shall serve a copy of the order upon the parties and the assigned Judge in the later-filed case.