DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

LLOYD FARNHAM (CABN 202231)
ANDREW F. DAWSON (CABN 264421)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    lloyd.farnham@ usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-CR-00249 RS |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | |
| ROWLAND MARCUS ANDRADE, | |
| Defendant. | |

    With the agreement of the parties, the Court enters the following Protective Order:

    Defendant is charged in an Indictment with violations of 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 2 (Aiding and Abetting Wire Fraud) and 18 U.S.C. § 1956(a)(1) (Money Laundering), and the Indictment includes a forfeiture allegation under 18 U.S.C. § 981(a)(1)(C). Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendant and the charged offenses to defense counsel. The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

    1. Personal Identifying Information of any individual (other than his or her name), including
        any person's date of birth, social security number, residence or business address, telephone

numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information") (The initials of a person's or family member's name as provided by Fed. R. Crim. P. 49.1(a)(3) are not considered to be "Personal Identifying Information."); and

2. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information") (Financial account numbers redacted as provided by Fed. R. Crim. P. 49.1(a)(4) are not considered to be "Financial Information.").

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel of record, their investigators, assistants, and employees (collectively, "the defense team") may review all discovery material produced by the government. The defense team and the defendant may not provide copies of, or otherwise disclose, any discovery material produced by the government that contains Protected Information to any party or witness unless the Personal Identifying Information and/or Financial Information has first been entirely redacted from the discovery materials. The defendant may be provided electronic copies of all discovery materials, including material that contains Protected Information, subject to the following limitations: The materials shall be provided on either a separate hard drive, downloaded by the defendant from a file-sharing system controlled by counsel onto a separate hard drive, or accessed and reviewed by the defendant through a secure remote system. Defendant shall not make additional copies of discovery materials or allow review or disclosure of the discovery materials to anyone outside the defense team or defendant's counsel in related ancillary proceedings, as described below. The defendant must return the hard drive or delete the data at the conclusion of these proceedings and any related ancillary proceedings, as described below. The intent of this provision is to permit the defendant to have access to and the ability to review all discovery materials in the case, but to preserve the confidentiality of Protected Information and the personal and private data of persons other than the defendant that are contained in the discovery materials.

Defense counsel may also provide unredacted copies of Protected Information to any experts

STIPULATED PROTECTIVE ORDER                    2
CASE NO. 20-CR-00249 RS

retained to assist with the preparation of the defense in the captioned case. The defendant, all members of the defense team, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter and in litigating related ancillary proceedings (including civil forfeiture actions and actions brought by the Securities and Exchange Commission, and any civil or criminal litigation concerning AML Bitcoin or to which Rowland Marcus Andrade or NAC Foundation, LLC is a party or witness), unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that neither a defendant nor any member of the defense team shall provide any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (i.e., any person who is not a member of the defense team or defendant's counsel in related ancillary proceedings, as described above) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. This provision does not apply to any discovery material originally created by the defendant or by NAC Foundation, LLC. If a party files a pleading that references or contains or attaches Protected Information subject to this Order, that filing must be under seal.[1]

**IT IS FURTHER ORDERED** that defense counsel shall return materials subject to this Protective Order (including any copies) to the United States within 14 days after whichever event occurs last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; the conclusion of any direct appeal; final judgment in any civil lawsuit initiated before the conclusion of these criminal proceedings concerning AML Bitcoin or to which Rowland Marcus Andrade or NAC Foundation, LLC, is a party or witness; or the conclusion of any direct appeal of any final judgment in any such civil lawsuit. After the United States receives documents and materials subject to this Order, it

---

[1] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

STIPULATED PROTECTIVE ORDER                3
CASE NO. 20-CR-00249 RS

shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired. After the later of the date on which the statutory period for filing a motion under 28 U.S.C. § 2255 expires or the conclusion of any direct appeal of any final judgment in any civil lawsuit initiated before the conclusion of these criminal proceedings concerning AML Bitcoin or to which Rowland Marcus Andrade or NAC Foundation, LLC, is a party or witness, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order. Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Protective Order within 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later. This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case, unless this case is transferred to a different district court, in which case that district court shall have jurisdiction to modify this Order..

IT IS SO STIPULATED.

DATED: October 15, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
LLOYD FARNHAM
ANDREW F. DAWSON
Assistant United States Attorneys

/s/
MANNY MEDRANO
BRIAN BECK
Attorneys for Defendant

IT IS SO ORDERED.

DATED: 10/15/2020

HONORABLE RICHARD SEEBORG
United States District Judge