MICHAEL J. SHEPARD (SBN 91281)
*mshepard@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone:   +1 415 318 1200
Facsimile:   +1 415 318 1300

Attorney for Defendant
ROWLAND MARCUS ANDRADE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>    Defendant. | Case No. 3:20-cr-00249-RS<br><br>**DEFENDANT ROWLAND MARCUS ANDRADE'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:   August 2, 2022<br>TIME:   9:30 a.m.<br>JUDGE:  Hon. Richard Seeborg |

Pursuant to Federal Rule of Criminal Procedure 16 (a)(1)(E), Defendant Rowland Marcus Andrade brings this Motion to Compel Discovery, seeking materials seized from his home and his offices over two years ago that have been under review by a government taint team (the "seized documents"). This Motion follows several unsuccessful requests by Mr. Andrade to obtain a schedule for the production of the seized documents, including during a conference call on July 11, 2022. Mr. Andrade therefore brings this Motion to Compel the production of the seized documents. In support of this motion, Mr. Andrade submits the attached Memorandum of Points and Authorities and the Declaration of Michael J. Shepard.

DATED: July 15, 2022                           KING & SPALDING LLP

                                               By: /s/ Michael J. Shepard
                                                   MICHAEL J. SHEPARD

                                                   Attorney for Defendant
                                                   ROWLAND MARCUS ANDRADE

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

Approximately four years ago, the government seized materials from one of Mr. Andrade's businesses pursuant to a search warrant, and more than two years ago, the government seized more materials from his home and another business. Over two years ago, the government indicted Mr. Andrade, and at its request this case is now set for trial. Despite the unambiguous dictates of Federal Rule of Criminal Procedure 16(a)(1)(E)(iii) (requiring production of items obtained from or belonging to the defendant), and despite defense counsel's repeated requests for the seized documents over many months, an unidentified portion of what was seized in these searches remains unproduced. The sole excuse offered by the government for its failure to fulfill its obligations under Rule 16 is that the seized material is being reviewed by a taint team, but this excuse falls flat for two reasons: such a review doesn't take *years*, and in any event the taint team is needed to keep the *prosecutors* from seeing privileged material and provides no reason why Mr. Andrade, the holder of the privilege, cannot see all the material. The Court should put an end to this unjustified delay now.

As the Court is aware, there is a mountain of discovery in this case. Review of that mountain, which is still ongoing, has already identified substantial quantities of missing material, and prompt review of that material, like review of what has already been produced, is necessary to identify topics for defense investigation, and may lead to further requests to the government and potentially to this Court. But while the defense and the government work through those issues, there is no reason for further delay of the production of what was seized from Mr. Andrade's home and business years ago.

///

///

///

## II. STATEMENT OF FACTS

### A. Overview

Defendant Marcus Andrade is the founder and principal of NAC Foundation, LLC, which developed, patented, and marketed a new cryptocurrency called "AML Bitcoin." In a two-count indictment filed on June 22, 2020, the government charged Mr. Andrade with (1) wire fraud in violation of 18 U.S.C. § 1343 and (2) money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i), alleging that, among other things, he misrepresented the state of development of AML Bitcoin crypto currency and misappropriated funds.

### B. Relevant Search Warrants: 2018 & 2020

On September 13, 2018, federal agents executed a search warrant for the NAC Foundation office in Las Vegas, Nevada. *See* FBI-MAIN-0000539. According to government reports, items obtained during that search included a computer, files associated with individuals who purchased preliminary AML Bitcoin Tokens, and other corporate records.

On March 12, 2020, federal agents executed two search warrants, seizing property from Mr. Andrade's home and other office located near Houston, Texas. *See* FBI-00029572 and FBI-00029513. Items reportedly obtained from Mr. Andrade's residence included, among other things, various electronic devices (cell phones, laptops, and hard drives), and miscellaneous records relating to both AML Bitcoin and Mr. Andrade's personal finances. Later that day, federal agents also searched Mr. Andrade's Houston office and obtained, among other things, laptop computers, hard drives, an iPhone, Trezor Bitcoin wallets, and various business records.

### C. Taint Team Review Still Ongoing Two Years Later

During the March 8, 2022 status conference, the government reported that there were documents and materials still undergoing privilege review. While the government has not specified the materials to be produced pending completion of the privilege review, discovery shows that items from both the 2018 and 2020 seizures were set aside for such review. No production of

seized materials has been made since the March 8 status conference, despite defense counsel's formal request via email on June 14, 2022. *See* Declaration of Michael J. Shepard, ¶ 1.

On July 11, 2022, the government participated in a telephone conference at defense counsel's request to discuss scheduling of discovery responses and related issues, including the production status of the seized documents. Defense counsel requested prompt production of the seized documents. The government was unable to provide any schedule for such a production. *See* Declaration of Michael J. Shepard, ¶ 3.

### III.    ARGUMENT

Federal Rule of Criminal Procedure 16(a)(1)(E)(iii) directs that the government provide Mr. Andrade with items "obtained from or belong[ing] to the defendant." By definition, this requirement includes the documents currently undergoing privilege review that were taken from searches of his home and business in 2018 and 2020.[1]

It is no excuse to say that the government is waiting to produce this data until it is reviewed for privilege by a Department of Justice taint team. There is no reason why production of the seized documents *to Mr. Andrade*, as opposed to production to the prosecutors in this case, should await a privilege review by a taint team. He owns the privilege, and the documents belong to him. Delaying the production of the seized documents deprives Mr. Andrade of material to which he is entitled under Rule 16. It is now four years after the first seizure, more than two years since the last seizure, and more than two years since the government indicted this case. Intervention by this

---

[1] Even if production was somehow not required by Fed R. Crim. P. 16(a)(1)(E)(iii), the requested information is material to preparing Mr. Andrade's defense and therefore must be produced under Fed R. Crim. P. 16(a)(1)(E)(i) (requiring production of documents upon request that are "material to preparing the defense"). Demonstrating materiality is a "low threshold" that is satisfied if the information requested merely would have "helped [the defendant] prepare a defense." *United States v. Lucas*, 841 F.3d 796, 804 (9th Cir. 2016). Communications Mr. Andrade had with his counsel – presumably what remains under review by the taint team – will at a minimum bear on his good faith and therefore assist in preparing his defense.

Court is required to get whomever at the Department of Justice is responsible for this review to complete it and/or to produce it to Mr. Andrade.

For the foregoing reasons, this Court should grant Defendant's Motion to Compel and require the prompt production of all documents seized from Mr. Andrade.

Respectfully submitted,

DATED: July 15, 2022             KING & SPALDING LLP

By: */s/ Michael J. Shepard*
    MICHAEL J. SHEPARD

Attorney for Defendant
ROWLAND MARCUS ANDRADE