**KING & SPALDING LLP**
MICHAEL J. SHEPARD (SBN 91281)
  *mshepard@kslaw.com*
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:    +1 415 318 1221
Facsimile:    +1 415 318 1300

KERRIE C. DENT (Admitted *pro hac vice*)
  *kdent@kslaw.com*
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:    +1 202 626 2394
Facsimile:    +1 202 626 3737

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROWLAND MARCUS ANDRADE, <br><br> Defendant. | CASE NO.: 3:20-CR-00249-RS <br><br> **DECLARATION OF KERRIE C. DENT IN SUPPORT OF DEFENDANT ROWLAND MARCUS ANDRADE'S MOTION TO COMPEL DISCOVERY** <br><br> Date:    December 20, 2022 <br> Time:    9:30 A.M. <br> Judge:    Hon. Laurel Beeler |

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S          CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

# DECLARATION OF KERRIE C. DENT

Kerrie C. Dent, counsel for Defendant Marcus Andrade, states as follows:

1.    I am one of the lawyers representing Defendant Marcus Andrade in the above-captioned matter. I file this declaration under seal to explain the materiality of the requests in the accompanying Motion to Compel Discovery without disclosing our trial strategy to the government.  Filing this declaration under seal is appropriate because the facts and arguments cited here in support of our motion to compel reveal Mr. Andrade's defense strategy.

2.    I have personal knowledge of the discovery disputes and related correspondence between the government and defense counsel and, if called as a witness in this matter, could competently testify to the matters stated in this Declaration.  All exhibits presented in support of this motion to compel are true and correct copies of documents I have obtained through discovery or as part of defense preparation, and each exhibit is incorporated by reference.

3.    The law supports my request to file this Declaration under seal.  The case law endorses a defendant's right to protect his theory of defense in his communications with the Court. *See, e.g.*, *United States v. Sleugh*, 318 F.R.D. 370, 374-375 (N.D. Cal. 2016) (holding that defendant's constitutional right to court process without revealing trial strategy overrides public's right of access to *ex parte* applications); *United States v. Solano*, No. 3:21-CR-00263-VC (N.D. Cal. 2021) (permitting criminal defendant to file declaration in support of contested discovery motion under seal to prevent disclosure of defendant's trial strategy).  The paragraphs below identify Mr. Andrade's defenses and defense strategy and explain the need for documents relevant to those defenses, including documents that will undermine allegations in the indictment.

**Nature of this Case and the Discovery Sought**

4.    As is reflected in the accompanying Motion, Mr. Andrade is the founder and principal of NAC Foundation, LLC, ("NAC") which developed and marketed a new cryptocurrency called "AML Bitcoin" that Mr. Andrade invented.  In a two-count indictment filed on June 22, 2020, the government charged Mr. Andrade with (1) wire fraud in violation of 18 U.S.C. § 1343 and (2) money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i), alleging that, among other things, he misrepresented the state of development of AML

1

1  Bitcoin cryptocurrency and misappropriated funds to purchase a home.  In describing the charged

2  scheme and artifice to defraud, the indictment alleges: i) that Mr. Andrade made public statements

3  and statements to potential purchasers of AML Bitcoin tokens that misrepresented the state of the

4  development of AML Bitcoin's technology; ii) that Mr. Andrade orchestrated and approved a false

5  rejection campaign concerning a Super Bowl ad, falsely claiming that the ad was to be aired during

6  the Super Bowl but was rejected by NBC; and iii) that Mr. Andrade made statements that falsely

7  stated and implied that the NAC Foundation had reached or was about to finalize agreements with

8  various government agencies for the use of AML Bitcoin or AML Bitcoin technology, in order to

9  make prospective purchasers believe that the cryptocurrency was progressing toward widespread

10  adoption.



DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S          CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY



DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S        CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

████████████████████████████████████████████████

**Results of the Meet and Confer Process Were Insufficient**

8.      We have attempted to obtain discovery without resorting to a motion to compel, to no avail.  My colleagues and I have had ongoing discussions with the government lawyers concerning the timing of their production of documents, the schedule for responding to our requests and letters, and related discovery issues.  I spoke with the government about a schedule for its production of the requested documents during a lengthy meet and confer telephone conference with AUSAs Andrew Dawson and Ross Weingarten on October 3, 2022.  My colleague Luke Roniger joined me on the call, during which we provided the government a considerable amount of information about the relevance of our requests.  We discussed numerous discovery issues, including the issues that are the focus of the accompanying Motion to Compel and are addressed in more detail below.  A few of the issues we discussed in our October 3 call have been resolved, and others remain disputed.

9.      On the October 3 call, the prosecutors requested that I send them a letter addressing the outstanding discovery requests we discussed on the call.  I sent them a comprehensive nine-page letter on October 14, 2022.[3]  We referenced approximately fifteen documents (produced by the government) to support our view that certain requested documents exist and/or to explain why they are material to our preparation of Mr. Andrade's defense.  I asked for a response by October 21, and the government responded in the early hours of October 29, but they declined to produce the discovery that we now seek through this motion.[4]

10.     As a result of our letters and conversations, the government agreed to produce a substantial amount of material, including: certain statements made by Jack Abramoff relating to the NAC Foundation, AML Bitcoin, and Mr. Andrade in this case; FBI investigative files related to two prior investigations regarding Mr. Andrade; materials from the parallel SEC investigation;[5] Telegram and Discord channels and accounts; UC operations material to the preparation of Mr.

---

[3] *See* Exh. 4.
[4] *See* Exh. 5, AUSA Dawson email to King & Spalding (Oct. 29, 2022).
[5] Exh. 25, Abramoff iPhone (Aug. 24, 2017).

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S          CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

Andrade's defense; and 55 GB of Abramoff emails that the prosecutors reported discovering in August 2022.

11.    The remaining disputed issues that are ripe for a motion to compel stem from requests made in five separate discovery letters, dated March 3, March 7, May 10, July 15, and October 14, 2022.[6] This Court ought to compel the government to produce the disputed discovery items described herein because they are "material to the preparation of the defense" under Federal Rule of Criminal Procedure 16, and will enable Mr. Andrade to explore possible defenses and develop his theory of the case.[7] *See United States v. Olano*, 62 F.3d 1180, 1203 (9th Cir. 1995) (noting evidence is "material" under Rule 16 where it is helpful to the development of a possible defense or even abandoning a potential defense).  The materiality threshold of Rule 16 is "not a heavy burden." *United States v. George*, 786 F. Supp. 56, 58 (D.D.C. 1992).  It is enough if the requested material can play an important role in uncovering admissible evidence, *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993), or, even if it may lead to nothing helpful to refute the prosecution's case at all, by causing a defendant to abandon a defense and take a different path, *United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir. 2013) (explaining that information need not be exculpatory or impeaching to be discoverable and material under Rule 16).  Courts routinely order discovery even if they are not convinced that the material requested will in fact be exculpatory; rather, it is enough if the proffered opportunity to aid the defense is "more than mere speculation." *See, e.g.*, *United States v. Lov-It Creamery, Inc.*, 704 F. Supp. 1532, 1553 (E.D. Wis. 1989) (ordering production of an IRS file in a related investigation even though the court was "not persuaded by defendants' theory that the IRS file necessarily contains exculpatory material" because defendants "*made a sufficient showing that their theory is more than mere speculation*") (emphasis added).

███████████████████████████████████

███████████████████████████████████

---

[6] *See* Exhs. 4, 6-9.

[7] The case law relied on in this Declaration is also cited in the Memorandum in Support of Motion to Compel filed contemporaneously, but not under seal.

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S          CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S    CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S          CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S    CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY



DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S          CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S          CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

11



DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S          CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S          CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S            CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY



DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S        CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S        CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

1  ██████████████████████████████████████████████
2  ██████████████████████████████████████████████
3  ██████████████████████████████████████████████
4  ██████████████████████████████████████████████
5  ██████████████████████████████████████████████
6  ██████████████████████████████████████████████
7  ██████████████████████████████████████████████
8  ██████████████████████████████████████████████
9  ████████████████████████████████████
10 ██████████████████████████████████████████
11 ███████████████████████████████████████████
12 ██████████████████████████████████████████████
13 ██████████████████████████████████████████████
14 ██████████████████████████████████████████████
15 ████████████████████████
16 ████████████████████████████████████
17 ██████████████████████████████████████████████
18 ██████████████████████████████████████████████
19 ██████████████████████████████████████████████
20 ██████████████████████████████████████████████
21 ██████████████████████████████████████████████
22 ██████████████████████████████████████████████
23
24 ─────────────────────
25 ██████████████████████████████████████████████
26 ██████████████████████████████████████████████
27 ████████████████████████████████████
28 ██████████████████████████

17

18

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S          CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S     CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY



DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S          CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S          CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY



DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S        CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY



**ComplyAdvantage** (5/10/22 Letter, Reqs. #5 & 6).

41.     ComplyAdvantage is a RegTech company that provides anti-money laundering technology and, among other things, performs monitoring of transactions for cryptocurrency

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S         CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

companies to help ensure they are in compliance with regulations and to counteract financial crime. ComplyAdvantage monitored all of the AML Bitcoin transactions. The defense has asked for any 302s, recordings, or other documents relating to ComplyAdvantage's monitoring of AML Bitcoin transactions, including any transaction monitoring data that was provided to the government. During our October 3 meet and confer, we told the prosecutors that we know that FBI Special Agent Wynar contacted Angela Generosa regarding Mr. Andrade's case. Ms. Generosa worked for ComplyAdvantage and was assigned to manage AML Bitcoin's account. The government responded it has not been able to find responsive documents and that the name "Generosa" does not appear in the case file. In our October 14 letter to the government, we provided the government with evidence that records seized from Mr. Andrade's office include an agreement between Mr. Andrade and Ms. Generosa regarding her work for the AML Bitcoin project.[63] Mr. Andrade also believes that the records seized from his office by the FBI included the monitoring data ComplyAdvantage generated for AML Bitcoin. Even if Agent Wynar did not prepare a 302 after he spoke with Ms. Generosa, he presumably would have taken notes that, absent a 302, should be produced, along with any monitoring data and anything else obtained from ComplyAdvantage. Those notes, and any documents obtained from ComplyAdvantage, would undermine the government's claim that Mr. Andrade did not have the technology he claimed to have. Records of monitoring and suspicious activity in AML Bitcoin also would bear on that claim and potentially refute it.

**Search Warrants and Subpoenas** (7/15/22 Letter, Req. #12).

42.     We provided the government with a list of names for which we wanted any search warrants, affidavits in support of probable cause, subpoenas, and fruits of subpoenas that reference AML Bitcoin or Mr. Andrade.[64] The government replied that "many of the names listed in Request #12 are not relevant to this case."[65] The prosecutors, however, do not indicate *which* ones are not relevant, nor have they provided any documents responsive to this request. At the very least, the

---

[63] *See* Exh. 36, FBI-00024101.
[64] *See* Exh. 9 at 2.
[65] *See* Exh. 37 (AUSA Weingarten letter to King & Spalding) (Aug. 9, 2022).

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S          CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

government's response implies that *some* of the individuals and entities identified by Mr. Andrade are, in fact, relevant to the present matter and this Court ought to compel the government to (1) identify which individuals and entities it believes are not relevant, and (2) produce any and all search warrants, related applications, and fruits of those searches for those individuals and/or entities the government identifies as relevant.

43.    All of the individuals and entities identified by Mr. Andrade's discovery request are material to our preparation of Mr. Andrade's defense because they have either direct or indirect ties with AML Bitcoin.  For example, discovery confirms that NAC hired "ICOBox"—one of the entities identified in the July 15 letter[66]—and used their Initial Coin Offering (ICO) platform to aid in the AML Bitcoin ICO and assist with marketing efforts more generally.[67]  Additionally, we understand Alex Moskovsky, Daria Generalova, Anar Babayev, Nickolay Evdokimov, Michael Raitsin, Gary Baiton, Vladimir Sofrono, and others were associated with ICOBox.  Others on the list—including Richard Naimer, Dana Rohrabacher, Natko Vlahovic, Carlos De La Guardia, and Ricardo "Catin" Vasquez—were associated with NAC.[68]  Still others, including Brian Darling, Cory Lewandowski, and Turnberry Solutions, were directly involved in the NAC marketing campaign.[69]  In addition, given what we have demonstrated so far, the wrongdoing in which these individuals were involved while working on AML Bitcoin and/or with Abramoff has a reasonable likelihood of bearing on what was going on at AML Bitcoin behind Mr. Andrade's back and therefore is material to the defense.  Moreover, there have been numerous times that the government has been dismissive and wrong about what is or is not material to our preparation of Mr. Andrade's defense, when in fact what was being requested turns out to be material.

---

[66] *See* Exh. 9 at 2, Request #12.
[67] *See* Exh. 38, FBI-00053106 (email from ICO Box to Marcus Andrade regarding work performed on the AML Bitcoin project).
[68] *See, e.g.*, Exh. 39, FBI-302-005052 (Naimer telling FBI that AML Bitcoin technology did exist and said CrossVerify was "breakthrough technology;" John Bryan mentioning to Naimer that the Super Bowl ad was very valuable; and Naimer speaking to the Port of San Francisco about CrossVerify, on behalf of NAC).
[69] *See, e.g.*, Exh. 40, FBI-00085814 (Darling and Abramoff discussing a proposed marketing strategy); Exh. 26, FBI-302-004928 (detailing Darling's efforts to market AML Bitcoin); Exh. 41, FBI-GJ-0000349 (Darling referencing the Super Bowl ad and Lewandowski's social media post regarding the same); Exh. 42, FBI-00083490 (consulting agreement between NAC Foundation and Turnberry Solutions).

28

44.    A key anticipated theme of Mr. Andrade's defense is that Abramoff regularly marshalled the AML Bitcoin marketing efforts without Mr. Andrade's involvement.  To the extent there are unproduced materials seized by the government from these individuals and entities that were also involved in AML Bitcoin marketing, defense counsel anticipates those materials may include further evidence of Abramoff's efforts to lead AML Bitcoin marketing efforts.  Critically, there may also be materials unrelated to AML Bitcoin but nevertheless demonstrate a pre-existing relationship between Abramoff and others connected to AML Bitcoin that may help explain their motivations for being involved in the AML Bitcoin project and why some of these marketing efforts were hid from Mr. Andrade.  Search warrants, subpoenas, and related documents that pertain to Mr. Andrade, NAC Foundation, Abramoff, or AML Bitcoin should be produced regardless of whether they are categorized by the FBI as being part of this investigation or some other one.  This Court should therefore compel the government to specify which individuals and/or entities from defense counsel's July 15 discovery letter the government views as relevant to the present case and compel the production of any search warrants, affidavits, and fruits of searches executed against those individuals/entities.

**Privilege Log for Abramoff Cell Phone** (5/10/22 Letter, Brady Req. #2).

45.    The first page of the Cellebrite file containing Abramoff's phone, as produced by the government, indicates that Special Agent Quinn removed items that were "potentially privileged."[70]  Defense counsel has requested, but has not received, a privilege log for the items that were removed from Jack Abramoff's phone before it was produced, or any indication of what material—whether privileged or not—was removed from Abramoff's phone.

46.    Because government reports show that items were removed from Abramoff's phone, Mr. Andrade should be provided with a record of what was removed, and, if the removal was on grounds of privilege, he should be provided a privilege log.  Where, as here, potentially privileged communications are removed from the device of an alleged co-schemer or co-conspirator by the government, a criminal defendant ought to be afforded a privilege log

---

[70] *See* Exh. 18 (screenshot of the Cellebrite file of Abramoff's phone).

29

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S          CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

identifying the communications removed, all relevant participants in those communications, and a general description of the subject matter of the communications to afford defendants the opportunity to challenge the potential privilege claims and seek discovery of potentially exculpatory material.  In fact, courts have ordered pre-trial disclosure of potentially privileged communications made by co-conspirators notwithstanding potential privilege claims, noting those statements could be admitted as impeachment evidence and/or co-conspirator statements and explaining that "[it] is simply not fair" for defendants to learn of potential admissibility and contents of such statements "in the midst of trial" because "the [contents] and the fact that it may be admissible at trial are critical pieces of information to consider as [the defendant] prepares for trial and crafts his defense strategy."  *See United States v. Nicholas*, 594 F. Supp. 2d 1116, 1128 (C.D. Cal. 2008) (ordering disclosure to defendant of a communication between his alleged co-conspirator and his wife, noting that the communication could be admissible at trial despite the potential protection under the martial communications privilege).  Mr. Andrade needs to know now what was removed from his co-schemer's iPhone based on purported privilege so that he can adequately prepare his defense.

47.    Without the requested privilege log, Mr. Andrade has no sightlines into the "potentially privileged" items that were removed from Abramoff's cellphone and whether any of those items are exculpatory and/or material to developing Mr. Andrade's defense strategy.  And given that Abramoff's two-count information named Mr. Andrade as a co-conspirator, the government could potentially seek to introduce some of those "potentially privileged" items at trial.  Obtaining a privilege log of the items removed would afford Mr. Andrade the opportunity to identify potentially exculpatory evidence for further discovery requests and/or give notice of potentially admissible statements that would help Mr. Andrade craft his defense strategy.  This Court should therefore compel the government to produce a privilege log for the items removed from Abramoff's cellphone.

48.    Exhibits 21 and 30 are recordings, provided to the Court on thumb drives.  The three additional recordings, referenced above in footnote 41, will be provided to the Court upon

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S        CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY

request.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 28, 2022, at Washington, District of Columbia.

*/s/ Kerrie C. Dent*
Kerrie C. Dent

DECLARATION OF KERRIE C. DENT ISO DEFENDANT'S          CASE NO. 3:20-CR-00249-RS-LBX
MOTION TO COMPEL DISCOVERY