1  **KING & SPALDING LLP**
   MICHAEL J. SHEPARD (SBN 91281)
2   mshepard@kslaw.com
   50 California Street, Suite 3300
3  San Francisco, CA  94111
   Telephone:     +1 415 318 1200
4  Facsimile:     +1 415 318 1300

5
   KERRIE C. DENT (Admitted *pro hac vice*)
6   kdent@kslaw.com
   1700 Pennsylvania Avenue, NW, Suite 900
7  Washington, DC 20006-4707
   Telephone:     +1 202 626 2394
8

9  CINDY A. DIAMOND (SB # 124995)
   ATTORNEY AT LAW
10 58 West Portal Ave #350
   San Francisco, CA 94127
11 408.981.6307
   cindy@cadiamond.com
12

13 Attorneys for Defendant
   ROWLAND MARCUS ANDRADE
14

15

16                   IN THE UNITED STATES DISTRICT COURT

17                 IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

18                              SAN FRANCISCO DIVISION

19

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Case No.: 3:20-CR-00249-RS-LB |
| Plaintiff, | |
| vs. | **DEFENDANT'S RESPONSE TO GOVERNMENT'S STATUS REPORT AND REQUEST FOR DISCOVERY COMPLIANCE DATE** |
| ROWLAND MARCUS ANDRADE, | |
| Defendant. | |

   Defendant Marcus Andrade submits this Response to the Government's Status Report dated April 14, 2023.  The ultimate purpose of the Status Report appears to be to make an un-noticed motion to allow more time for Jack Abramoff's attorney to prepare a privilege log of Mr.

Abramoff's communications with his brother Robert. *See* Status Report at 2:6-12 (explaining reasons why Mr. Lowell does not have the "ability to meet the Court's April 14, 2023, deadline for a privilege review" and asking that the court permit him "an additional reasonable amount of time" to do so).

One of the five issues addressed in the Court's April 7, 2022 Order ("Discovery Order") is the Robert Abramoff communications and other material that were removed from Jack Abramoff's phone. After full briefing and argument, the Court explained that the Robert Abramoff communications were material and should be produced, subject only to a privilege review. Tr. at 11:8-13. In its Discovery Order, the Court directed that "the government perhaps can mitigate its burden by asking Jack Abramoff to do a privilege review first," Discovery Order at 7:20, and added that "[i]f Mr. Abramoff asserts privilege, he must submit a privilege log," *id*. at 7:24-25, but also ordered that unless Mr. Abramoff declined to object to disclosure, then "the government's taint team must review the documents and produce any that are not privileged." Discovery Order at 10:21-23. *See also* Tr. 13:24-25 ("I'm going to say the taint team has to review it. You just can't get out of it."). The Discovery Order did not set a date for a privilege log or for the production of materials that are determined not to be privileged, but at the argument the Court directed that if Mr. Abramoff wanted to be heard on the privilege issue, "he can intervene within a week if he wants to. . . " Tr. at 12:24.[1] No such request has been made, and, in any event, the government's attempt to outsource entirely the privilege review to Mr. Abramoff – especially given that he has declined the Court's invitation to appear in the case -- is contrary to the Court's order.

The government's Status Report not only ignores the Discovery Order's instructions relating to the attorney-client privilege review of Robert Abramoff's communications, but also makes a new attempt to escape from the production the Court ordered – a "personal privilege over irrelevant materials." Status Report at 2:4. No such privilege exists. At best, the claimed

---

[1] The Government's Status Report offers reasons why Mr. Abramoff could not complete a privilege log by April 14, 2023 (which the court did not ask him to do), but none of those reasons explain why he could not ask to intervene by April 14, which the court *did* ask him to do, at least if he wanted to assert a privilege.

DEFENDANT'S RESPONSE TO GOVERNMENT'S STATUS REPORT AND REQUEST
FOR DISCOVERY COMPLIANCE DATE
*UNITED STATES v. ANDRADE*, Case # 3:20-CR-00249-RS-LBx                                              Page 2

privilege is an argument based on relevance -- an issue that has already been argued to the Court for months, and on which the Court has already ruled.[2]

      Whether or not the government gets input from Mr. Abramoff – who is, among other things, an alleged co-schemer and a cooperating witness who has declined the invitation to appear in this case -- Mr. Andrade respectfully requests that the Court set a date for production of the complete image of Abramoff's phone, the non-privileged Robert Abramoff messages that were removed from the image of Abramoff's phone, and a privilege log – as well as all of the other discovery the Court ordered on April 7, 2023.

                            Respectfully submitted

DATED:  April 17, 2023                      KING & SPALDING LLP

                          By:  */s/ Michael J. Shepard*
                               MICHAEL J. SHEPARD
                               KERRIE C. DENT
                               CINDY A. DIAMOND

                               Attorneys for Defendant
                               ROWLAND MARCUS ANDRADE

---

[2] Even if Abramoff had intervened, and even if there were such a thing as a personal privilege over irrelevant materials, the breadth of the so-called privilege asserted in the letter from Mr. Abramoff's counsel is contrary to what the Court has ruled and goes well beyond the "family photographs" mentioned in the Government's Status Report.  For example, it includes "texts on various apps between him and personal friends"– communications that the court has already determined to be material and that may go to the core of Mr. Andrade's defense.