**KING & SPALDING LLP**
MICHAEL J. SHEPARD (SBN 91281)
  mshepard@kslaw.com
50 California Street, Suite 3300
San Francisco, CA  94111
Telephone:     +1 415 318 1200
Facsimile:     +1 415 318 1300

KERRIE C. DENT (Admitted *pro hac vice*)
  kdent@kslaw.com
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:     +1 202 626 2394

CINDY A. DIAMOND (SB # 124995)
ATTORNEY AT LAW
58 West Portal Ave #350
San Francisco, CA 94127
408.981.6307
cindy@cadiamond.com

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ROWLAND MARCUS ANDRADE,<br><br>　　　　Defendant. | Case No.: 3:20-CR-00249-RS-LB<br><br>**DEFENDANT'S STATUS REPORT REGARDING DISCOVERY AND RENEWED REQUEST FOR COMPLIANCE DATE** |

　　　　Pursuant to the court's Order dated April 26, 2023, Defendant Marcus Andrade submits this Status Report setting forth his disagreements with the government about the material it withheld from its production from Jack Abramoff's phone, as well as other material the

government has not produced, despite having agreed or been ordered to produce. As detailed below, the government has failed to comply with nearly all of the court's recent orders. Andrade therefore renews his request, made on April 17, 2023, for an Order setting a date for production of the complete image of Abramoff's phone, including all of the non-privileged Robert Abramoff messages, and all of the discovery the court ordered the government to produce on April 7, 2023.

## Background

On April 7, 2023, after extensive briefing and several hearings, and based on Federal Rule of Criminal Procedure 16(a)(1)(E) and/or *Brady v. Maryland*, 373 U.S. 83 (1983), the court ordered the government to produce five categories of discovery: (1) non-privileged documents on the image of Jack Abramoff's phone containing the search term "Robert Abramoff,"[1] (2) Levin's devices without an AEO designation, (3) the Erickson extractions or any information about them,[2] (4) documents related to the searches and seizures of the Levin, Erickson, and Butina devices; and (5) any statements of Levin, Erickson, and Butina. Dkt. 165. Six weeks later, the government has failed to comply with the court's Order, has offered no reason why it cannot make the mandated productions, and has provided no timeline

---

[1] The court's April 7 Order addressed only the Robert Abramoff documents on the Jack Abramoff phone because it assumed, as its order reflects, that those documents had been removed "from an already-produced image of Jack Abramoff's phone." Dkt. 165 at 2:5. This was a reasonable assumption, given that the parties had met and conferred, and the government had agreed on March 6, 2023, to produce the complete Cellebrite files of Abramoff's phone. *See* Declaration of Kerrie C. Dent in Support of Andrade's Status Report on Discovery and Renewed Request for Compliance Date ("Dent Decl."), ¶ 4. Accordingly, the only dispute between the parties regarding Abramoff's phone that the parties needed to take to Judge Beeler was whether the government should be required to produce the non-privileged Robert Abramoff materials that had been removed from the Abramoff phone as potentially privileged. *See* page 6, below, for more details on the potentially privileged materials removed from Abramoff's phone. Neither the court nor Andrade's lawyers could have anticipated that the government would ***not*** produce the compete Cellebrite files of Abramoff's phone. And, as with all of the other discovery it has not produced, the government has provided no reason for not producing the phone and no timeline for doing so. Dent Decl., ¶ 6.

[2] The April 7 Order states that, given the government's representation that the Erickson case file has been destroyed on the FBI's normal destruction schedule, the court can order no further relief. (2:21-23). However, the court later clarifies that "[f]or a clear record, if the government has the Erickson extractions or information about them (like the evidence review in this case, cited above, *or information about the destruction*), it must produce them."). Dkt. 165 at 12:5-8 (emphasis added). The government has sent mixed messages on whether it has an image of Erickson's phone: "The government previously informed the defense that the extractions themselves were destroyed in March 2022, but further investigation has revealed simply that March 2022 is when the casefile was formally closed. The team has not located any records regarding when those extractions were destroyed." Dkt. 158 at 6:13-16. When asked, the government has declined to tell Andrade whether it still possesses Erickson's device, extraction reports relating to that device, or materials relating to any destruction of the device. Dent Decl., ¶ 9.

1    for doing so.

2        On April 14, the government filed a "status report." Dkt. 168. Rather than comply with the court's direction on April 7 that "the government's taint team must review the documents and produce any that are not privileged," Dkt. 163 at 10:22-23, the government suggested that counsel for Abramoff would be preparing a privilege log. Dkt. 168 at 2:5-6. Without noticing a motion, the Status Report asked the court to permit Abramoff additional time to produce the log. Although the court, in the context of the possibility that Abramoff might be willing to create a log in the first instance, had invited Abramoff to intervene "within a week if he wants to" (April 6 Hearing Transcript at 12), Abramoff had not – and still has not – intervened in the case.

       On April 17, Andrade asked the court to set a date for production of the complete image of Abramoff's phone, the non-privileged Robert Abramoff messages that were removed from the image of Abramoff's phone, and a privilege log – as well as all of the other discovery the court ordered on April 7, 2023. *See* Dkt. 169.

       On April 18, the court ordered that the parties file a joint status report and that a government taint team must review the withheld Robert Abramoff documents. Dkt. 170. On April 25, the parties filed a joint status report. Dkt. 171. The government reported that Abramoff's counsel had concluded that none of the Robert Abramoff documents were privileged but that he had identified personal exchanges that he wanted withheld from the production as "irrelevant" and had prepared a Sensitive Family Data Log for these communications. Dkt. 171 at 2:3-4. The government agreed to make its production of Robert Abramoff materials no later than May 5. Dkt. 171 at 2:15-16.

       On April 26, 2023, the court ordered: "Because the government will produce communications by May 5, the court orders a further update after Andrade has reviewed the production about any disagreements about withheld information. In aid of that process, if the government withholds information, it must identify the withheld information with sufficient specificity (akin to the procedures in the standing order for privilege logs) so that the parties can confer meaningfully about the withheld information." Dkt. 172. This status report constitutes Andrade's update in response to the court's April 26 Order.

On May 5, the date by which the government told the court it was going to produce the Robert Abramoff materials, defense counsel did not receive a new log but did receive about 211 pages of images from extraction reports of one or more threads containing messages to and/or from, or referencing, Robert Abramoff. Several of the conversation records were produced multiple times, many of the messages cannot be read because they were cut off mid-sentence, and some of the messages contain redactions. Dent Decl., ¶ 7. Defense counsel reached out to the government on May 10 and again on May 15, 2023, to let the prosecutors know of the issues with its non-compliant log for Robert Abramoff materials (which Abramoff's lawyer created and titled the Sensitive Family Data Log). Counsel offered to discuss the topic with the government before filing this response to Judge Beeler's direction that we raise any disagreements with the court. AUSA Highsmith responded: "I sent you the log of withheld – i.e., irrelevant, sensitive family communications – on April 25." Dent Dec., ¶ 8. He declined to engage in any meet and confer. *Id.*

### Status Report

Six weeks after the court issued its April 7 Discovery Order, the government has failed to comply with nearly every aspect of it.

*First*, the government has not produced the five categories of documents it was ordered to produce. Dkt. 165 at 13. Andrade's statement in his April 25 status report to the court remains true: "Despite requests by Andrade, the government has not produced any of the other material required by the court's April 7 Order, nor set a date by which it will do so, and [it] has declined to advise Andrade whether it still possesses Erickson's device, extraction reports relating to that device, or materials relating to any destruction of the device." Dkt. 171 at 3.

*Second*, the government did not comply with this court's orders. The only log that has been prepared, a log attached to an April 25 email, was prepared by counsel to Abramoff, who is not a party to this proceeding and has ignored the court's invitation to appear. *See* Dkt. 172-2. Especially without anyone to attest to its preparation, the log cannot justify the government's lack of production, and does not comply with the court's standing order governing privilege logs, to which the court has repeatedly referred the parties and included in the docket as Dkt. 165-1.

In addition, the log is expressly based not on a legitimate legal privilege, but on Abramoff's interpretation of relevance, which cannot be sufficient to withhold material, and only serves to give the government yet another opportunity to gain insight into Andrade's trial strategy. Separately, but to the same end, the court orders of April 7 and April 18 leave no doubt that it wanted the government, rather than Abramoff, to be responsible for the decision of what would be produced (subject of course to judicial review in the event of any disagreements).

***Third***, the log created by Abramoff states no more than "family issue interaction" as the justification for withholding documents. Dkt. 172-2. This justification fails for two reasons. (1) The portions of Abramoff's phone that already have been produced show that he often communicates about personal family matters in communications that also address his various consulting and lobbying efforts and other topics that the court has determined are material to preparing Andrade's defense.[3] At most, any sentences within each message that contain sensitive family matters should be redacted, followed by a government-produced description relating to the redaction, and the remainder of each communication should be produced, as opposed to withholding entire documents. (2) Even if the claim of "sensitive family communications" had any merit, this is a relevance argument masquerading as a claim of privilege. Dkt. 168 at 2:4 (claiming "personal privilege over irrelevant materials"); Dkt. 171 at 2:6-9 (referring to an "irrelevant, sensitive family data" privilege). The government's recharacterization of relevance arguments as privilege claims should not obscure the fact that the relevance issue has already been argued to the court for months, and the court has already ruled on it.[4]

---

[3] This is seen, for example, in the Abramoff-Levin communications that the government has produced.

[4] Even if Abramoff had intervened, even if there were such a thing as a personal privilege over irrelevant materials, and even if relevance had not already been decided, the breadth of the so-called privilege asserted in the letter from Abramoff's counsel goes well beyond the "family photographs" mentioned in the Government's Status Report. For example, it includes "texts on various apps between him and personal friends" and "totally unrelated other business information" (Dkt. 168 -1) – communications that the court has already determined to be material and that may go to the core of Andrade's defense. Furthermore, the government should not be permitted to continue its charade of not understanding the scope of relevance in this case in order to unfairly gain more insight into Andrade's trial strategy.

*Fourth,* even if the log had been prepared in compliance with the court's orders, and even if the relevance claims were valid and had not already been waived, the government's production does not live up to the agreement it made before the narrower Robert Abramoff issue was presented to the court. The government agreed in a March 6, 2023, email to produce the complete Cellebrite files of Abramoff's phone and confirmed this agreement in a meet and confer two days later. Dent Decl., ¶ 4-5. (The government had made an earlier production of the phone in May 2022, but the defense discovered that the earlier production was missing messages between Abramoff and Levin -- as well as other individuals important to Andrade's defense). *Id.* at ¶ 3. The government explained in a March 8, 2023, email that the material of one law firm and two lawyers -- Arent Fox LLP, Peter Zeidenberg, and Robert Abramoff -- had been removed for "potential privilege" from the complete Cellebrite files of Abramoff's phone in its possession. *Id.* at ¶ 6. Andrade's counsel proposed that, for now, the Arent Fox and Zeidenberg documents should remain withheld, but that the Robert Abramoff materials should be reviewed, with all non-privileged documents being produced. *Id.* at ¶ 6. The court agreed and ordered this approach. Dkt. 165 at 10:19-25. It was in that context that Andrade asked the court to rule on whether the communications with Robert Abramoff (one of the lawyers) should be produced – a narrow issue based on the understanding that the rest of the image (except for the two other attorney-client privilege claims) would soon be produced. *Id.*

Finally, the government has failed to comply with the court's consistent request over the past five months that the parties meet and confer in good faith. On May 10, defense counsel reached out to the government concerning its failure to produce the items Judge Beeler ordered the government to produce in her April 7 Order and offered to meet and confer, but the government declined to respond. Dent Decl., ¶ 6. Defense counsel reached out on May 15 to let the government know of the issues with its non-compliant log for Robert Abramoff materials and offered to discuss the topic before filing this response to Judge Beeler's direction that we raise any disagreements with the court. Again, the government declined to engage in any meet and confer. Dent Decl., ¶ 8.

**Conclusion**

Andrade respectfully requests that the court set a date for production of the complete image of Abramoff's phone, including ***all*** of the Robert Abramoff messages that were removed from it – as well as all of the other categories of discovery the court ordered on April 7, 2023. Andrade also requests that the court not hear or credit any relevance or privilege claims from Abramoff, a non-party who has declined the court's invitation to appear and whose submissions are not accompanied by any declaration or oath.

Respectfully submitted

DATED: May 18, 2023                     KING & SPALDING LLP


By: /s/ Michael J. Shepard
    MICHAEL J. SHEPARD
    KERRIE C. DENT
    CINDY A. DIAMOND

    Attorneys for Defendant
    ROWLAND MARCUS ANDRADE