**KING & SPALDING LLP**
MICHAEL J. SHEPARD (SBN 91281)
 *mshepard@kslaw.com*
50 California Street, Suite 3300
San Francisco, CA  94111
Telephone:    (415) 318 1200
Facsimile:    (415) 318 1300

KERRIE C. DENT (*pro hac vice*)
 *kdent@kslaw.com*
1700 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006-4707
Telephone:    (202) 626 2394

CINDY A. DIAMOND (SBN 124995)
ATTORNEY AT LAW
58 West Portal Ave #350
San Francisco, CA 94127
408.981.6307
cindy@cadiamond.com

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

ISMAIL J. RAMSEY (CABN 189820)
**United States Attorney**

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ROSS WEINGARTEN (NYBN 5236401)
CHRISTIAAN HIGHSMITH (CABN 296282)
ANDREW F. DAWSON (CABN 264421)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7019
FAX: (415) 436-7234
andrew.dawson@usdoj.gov

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) Case No.: 3:20-CR-00249-RS-LB |
| Plaintiff, | ) |
| | ) **JOINT STATUS REPORT** |
| vs. | ) |
| | ) |
| ROWLAND MARCUS ANDRADE, | ) |
| Defendant. | ) |
| | ) |
| | ) |

The parties submit this status report in compliance with the Court's Order dated May 19, 2023. The parties met and conferred on May 23, 2023 and have set forth below their respective positions on the timing of the government's production of the five categories of discovery the Court mandated on August 7, 2023.

Government's Position and Proposal

As an initial matter, the Government disputes and objects to many of the factual allegations and what it deems to be mischaracterizations contained in Defendant Andrade's Status Report Regarding Discovery, Dkt. #174. In the interest of judicial efficiency and getting defendant Andrade responsive discovery as quickly and efficiently as possible, the Government focuses here on substantive discovery issues and does not address all the allegations contained in Dkt. #174. The government reserves the right to address those allegations and what it deems to be mischaracterizations in a later filing if necessary.

Mr. Andrade's Position and Proposal

The government's invocation of its mantra that it wants to provide discovery "as quickly and efficiently as possible" is belied by the fifteen months during which it has refused to produce discovery that should have been produced nearly three years ago when the case was indicted, and belied again in its current filing by its backtracking from previous commitments to produce discovery and by its attempt to relitigate this Court's order of April 7, 2023. Among other things, it continues to resist this Court's determination that this case "is not just about Mr. Abramoff or Mr. Andrade and AML Bitcoin" but rather "is about the larger context of the business model for cryptocurrency, whether Mr. Abramoff may have been working against Mr. Andrade, and how that affects Mr. Andrade's responsibility and scienter." April 7, 2023, Discovery Order, Dkt. #165 at 12. As is detailed below, Mr. Andrade asks the Court to compel expeditious compliance with its April 7 order, and with the government's related promises to produce discovery.[1] Mr. Andrade reserves his right to further address in subsequent pleadings, if necessary, the

---

[1] It is hard to know what to say in response to assertions of misrepresentations that do not specify what those representations are, other than to state that we offered citations for our statements and stand by them. If necessary, the Court can make its own determination of where the misrepresentations are coming from.

prosecutors' attempts to re-litigate the Court's rulings on what is relevant and/or material to the preparation of Mr. Andrade's defense and their mischaracterizations of facts. Mr. Andrade was indicted nearly three years ago. His current counsel sent the government four discovery request letters last year (March 3, March 7, May 10, and July 15, 2022), filed a comprehensive motion to compel in November 2022 (after unsuccessful meet-and-confer sessions and a detailed letter with documentary support for his requests), and have filed multiple additional briefs and status reports in support of their discovery requests.

## 1. ROBERT ABRAMOFF DOCUMENTS FROM JACK ABRAMOFF'S CELL PHONE[2]

Government's Position and Proposal

The Government has complied with the Court's April 7, 2023, Discovery Order, Dkt. #165 ("Discovery Order"), with regard to Robert Abramoff Documents from Jack Abramoff's cell phone. The government proceeded as represented to the Court in previous status report filings and produced all previously withheld documents from Jack Abramoff's cell phone that contain the search term "Robert Abramoff" except for 31 purely personal exchanges between Jack and Robert Abramoff concerning only family and health matters.[3] The government provided the defense (and the Court) with advance notice that it would make this production on May 5, 2023, and would review and evaluate whether 31 purely personal family and health related communications between Jack and Robert Abramoff should be produced. The government did so and determined that the 31 purely personal communications are irrelevant to this case and do not fall under Fed. R. Crim. P. 16 or the government's discovery obligations under *Brady* or *Giglio* and seriously implicate the Abramoff's personal privacy interests. Accordingly, no later than May 31, the Government will file the 31 communications at issue *ex*

---

[2] This title is taken from the material provided to Mr. Andrade by the government; the government asked that Mr. Andrade add his responsive sections and file the document. While Mr. Andrade has complied with that request, for the reasons described in his position below, he believes that the title the government gave to this section is too narrow. It relates to a section of the Court's April 7 Order entitled "Abramoff Documents. Discovery Order at 8:10.
[3] The Court's Discovery Order required the government to produce documents from "Jack Abramoff's cell phone containing the search term 'Robert Abramoff.'" Dkt. 165, at 13:13-14. However, defense counsel requested that the government expand its search to include references to "Bob" or "Bob Abramoff." The government accommodated this request and searched for numerous derivations, including but not limited to, "Bob" and "Rob."

*parte* and under seal with the Court seeking a ruling that the government is not required to produce them.

<u>Mr. Andrade's Position and Proposal</u>

The Government has not even begun to comply with the Court's Order relating to Abramoff's phone and his brother's messages.

***First***, as Mr. Andrade set forth in detail in his May 18 status report (Dkt. #174 at 6), the government's position takes this dispute out of context.  The argument in the section of the Court's Discovery Order entitled "Abramoff Documents" was focused on Jack Abramoff's communications with his brother Robert because the government had already agreed to produce the complete Cellebrite files of Jack Abramoff's phone.

Mr. Andrade determined that there were messages missing from the government's first production of Abramoff's phone that could not be justified by privilege, including messages between Jack Abramoff and Alexander Levin that were described in the government's 302 reports but were missing from the Cellebrite files produced to defense counsel, and Mr. Andrade notified AUSA Dawson in December 2022 that the production was incomplete.  In response, the government agreed to produce the entire phone, less the claimed privileged material.  On March 6, the government told defense counsel that it was preparing full Cellebrite files of Abramoff's phone for production to Mr. Andrade; he also informed defense counsel that the material of one law firm and two lawyers had been removed for potential privilege.  In a meet-and-confer on March 8, the government reaffirmed that the complete image of Abramoff's phone would be produced and that the files were actually "sitting on [AUSA Dawson's] desk" so the production would likely be in the next day or so.   Underscoring this agreement, *the government* argued in a supplemental brief on March 23 that Mr. Andrade should not get the Robert Abramoff communications, in part because "[g]iven the volume of material that will be otherwise produced to Defendant, *which includes the entire content of Abramoff's phone other than potentially privileged materials*, there is no reason to believe uniquely relevant material would be found in such records. Dkt. #158 at 5 (emphasis added).

It was in this context that the parties agreed that, for starters, just the Robert Abramoff

communications (one of the two lawyers) would be reviewed and produced if not privileged. *See* Dkt 174 at 2 fn 1, and 6. But in the meet-and-confer on May 24, 2023, the government informed defense counsel – for the first time – that it was not planning to produce Jack Abramoff's phone.

**Second**, Mr. Andrade did not even receive a production of what the government said it was still willing to produce -- all of Robert Abramoff's non-privileged communications. The government instead produced a non-interactive spreadsheet with a column for the messages that was sized such that the full messages were not readable. In a May 10 letter, defense counsel advised the government that there were problems with the production, including that "many of the messages cannot be read because they were cut off mid-sentence." Defense counsel asked the government to "[p]lease immediately produce the Robert Abramoff materials in a format that includes the complete text of the communications." In the May 10 letter, and again in a May 15 email, defense counsel offered to meet and confer on these issues. The government declined to engage in any meet and confer.

**Third**, even though Abramoff's attorney determined that there were no attorney-client privileged documents among the Robert Abramoff communications, 31 documents were withheld from the government's production based on a "personal privilege over irrelevant materials." Gov't Status Report, Dkt. # 168 at 2:4. This is a baseless excuse. First, the government agreed to produce the entire phone, less privileged material, and there is no such thing as a "personal privilege." Second, the claimed privilege is at best a relevance argument -- an issue that has already been argued to the Court for months, and on which the Court has now ruled. The Court should therefore decline the government's request that, after all the arguments that have been presented, the Court now devote its time to piecing through messages to determine whether they should be produced. Perhaps it would be different had Mr. Abramoff appeared, as the Court invited him to do, and made the argument himself, but he has elected not to do so.[4]

---

[4] The Court also left no doubt that any log should come from the government, not from Mr. Abramoff – an especially important admonition given that Mr. Abramoff has not appeared in the case. The government has not proffered a log but did inform defense counsel that they had reviewed Abramoff's log and the documents he proposes to have the Court review in camera.

1    Mr. Andrade respectfully requests that the Court order production of the complete image
2    of Abramoff's phone and *all* of the Robert Abramoff messages that were removed from the
3    image of Abramoff's phone by June 2, 2023. None of the messages are privileged, and none of
4    them should be withheld.

5        **2. THE LEVIN DEVICES**

6    Government's Position and Proposal

7        The Court's Discovery Order ruled that the government produce "the Levin device
8    without an AEO designation." Dkt. 165, at 13:14-15. The Government has complied with the
9    Court's Discovery Order. The Government has produced to Andrade all non-privileged
10   extractions from Levin's iPhone. The Government is not in possession of any additional
11   extractions from Levin's iPhone or from any other Levin device.

12   Mr. Andrade's Position and Proposal

13       The Court's Discovery Order mandates that the government produce Levin's devices, and
14   the government has not complied. It does not claim to have produced a device, or even an image
15   of the device. In fact, all that the government produced was four spreadsheets that log Levin's
16   conversations with four different people: Kolomoisky, Abramoff, and two unknown individuals.

17       Its explanation for not doing what the Court ordered it to do apparently is that it is "not in
18   possession of any more extractions." This carefully phrased description is inconsistent with what
19   the government previously informed Mr. Andrade. For example, on February 9, 2023, the
20   government told Mr. Andrade: "Counsel: I just received word that agents *ran the following*
21   *search terms through the seized devices from Levin*: Andrade, AML Bitcoin and NAC
22   Foundation. There were no hits on any of those terms." Email from R. Weingarten to King &
23   Spalding (Feb. 9, 2023) (emphasis added). Someone in the government must have had access to
24   Levin's extractions in order to run search terms on them. The government does not explain if it
25   still has the device from which the extractions were obtained (as opposed to whether it has

"additional extractions"), and, if not, why not – all of which seem necessary to respond to an order to produce the device.  On March 13, the government emailed that it was "prepared to produce the Levin device extractions from SDNY under an attorneys'-eyes-only protective order."  Email from A. Dawson to King & Spalding (March 13, 2023).  The government's current view, based on the May 24 meet and confer, is not entirely clear, but appears to be that the government knows the devices are in New York, but they are not in the possession of the government.

The Court ordered the government to produce Levin's devices without an AEO designation.  Mr. Andrade proposes that the Court set a deadline of Friday, June 2 to make the production.

### 3.  EXTRACTIONS FROM THE ERICKSON PHONE

Government's Position and Proposal

The Government has complied with the Court's Discovery Order.  On April 12, 2023, the Government produced to Andrade a significant amount of material from the Butina case file, a separate case arising out of a prosecuting district and FBI Field Office different from the instant case.  The Government's April 12 production contained an extraction from Erickson's cell phone.  The Government has not located any additional information beyond what has already been provided to Andrade regarding the Erickson phone.

Mr. Andrade's Position and Proposal

As with the Levin device, the government's carefully phrased position leaves more questions than it answers.  It does not state that no one at the government has Erickson's device.  The government conducted a criminal investigation of Erickson, so a response limited to "a significant amount of material from the Butina case file" does not appear to constitute compliance with a Court order relating to Erickson's device and related information.[5]  And, the

---

[5] It also appears that the extractions referenced by the government were from a phone used regularly by Butina, not Erickson.  As indicated in the government's own cover letter, the hard drive that was produced on April 12, 2023 contained Butina's devices, not Erickson's.  Messages on that iPhone-7 confirm that Butina used the phone.

extractions it produced are from an iphone 7 that contains data only through early 2017, which pre-dates Erickson's contributions to the Landfair account or any other known involvement by him in this case

The government's carefully phrased position is underscored by its current refusal to inform defense counsel whether Erickson's phone even exists. When the government has previously addressed this question, its answers have been inconsistent. The government informed defense counsel in March 2023 that the phone had been destroyed in March 2022 (the same month that Mr. Andrade first requested Erickson materials). The government later informed defense counsel, during a March 8, 2023 meet-and-confer, that they were no longer sure about whether the Erickson phone had been destroyed or not. It was in this context that the Court ordered the government to produce any information about the phone or its destruction, but no such information has been provided, and no explanation has been offered for how the FBI could have a device seized as part of a criminal investigation and have no record of what happened to it. Mr. Andrade asks the Court to set a compliance date for the production of all Erickson material – including phones -- by June 2, 2023.

### 4. DOCUMENTS RE: SEARCHES & SEIZURES OF LEVIN, ERICKSON, & BUTINA DEVICES

Government's Position and Proposal

The Government believes it has complied with the Court's Discovery Order. Dkt. #165, at 12:10-24. However, the Government has not completed the process of evaluating whether one sealed out-of-district search warrant potentially related to Butina's devices from July 2018 could potentially fall under the Court's Discovery Order, Dkt. #165, at 12:15-24, and how it could be most efficiently unsealed and produced to Andrade. A summary of the warrant and search has already been produced to Andrade, but in abundance of caution and in a spirit of accommodation, the government is continuing to work across districts to further evaluate the sealed warrant. The Government is working on the issue as quickly as reasonably possible.

Similarly, the Government has identified a limited number of pages of material that *arguably* could be considered relevant under FRCP 16 and the Discovery Order. The

Government has been working diligently to evaluate and produce these materials. However, due to complications related to dealing with discovery across multiple prosecuting districts and divisions and investigative Field Offices and divisions, including uncontrollable factors, this process has been delayed. The Government expects a resolution of these issues and production of these *arguably* relevant materials by June 2.

Mr. Andrade's Position and Proposal

Mr. Andrade agrees with the government's proposed compliance date of June 2. He will reserve further comment until the government reports that its production is complete.

5. **STATEMENTS TO THE GOVERNMENT BY LEVIN, ERICKSON, OR BUTINA**

Government's Position and Proposal

The Government has complied with the Court's Discovery Order. Dkt. #165, at 13:1-10. The government previously produced Butina's relevant statements. There are no additional statements by Levin, Erickson, or Butina that fall within the Court's Discovery Order.

Mr. Andrade's Position and Proposal

The government has continued to resist the easy answer that the Court has repeatedly encouraged – that the government should produce statements in their entirety, given the lack of burden associated with doing so. While it claims to have produced statements that comply with the Court's order, that does not appear to be case. For example, instead of producing certain 302s of Butina, the government produced summaries of the 302s. It also has acknowledged that there are more Butina statements that are classified. Mr. Andrade proposes that the Court review any statements the government is withholding to determine if they should be produced.

Respectfully submitted

DATED:  May 26, 2023

KING & SPALDING LLP


By:  */s/ Michael J. Shepard*
MICHAEL J. SHEPARD
KERRIE C. DENT
CINDY A. DIAMOND

Attorneys for Defendant
ROWLAND MARCUS ANDRADE


ISMAIL J. RAMSEY
United States Attorney

*/s/ Christiaan Highsmith*
ANDREW F. DAWSON
ROSS WEINGARTEN
CHRISTIAAN HIGHSMITH
Assistant United States Attorneys