ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

KATHERINE WAWRZINIAK (CABN 252751)
Chief, Criminal Division

ROSS WEINGARTEN (NYBN 5236401)
CHRISTIAAN HIGHSMITH (CABN 296282)
ANDREW F. DAWSON (CABN 264421)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7159
    FAX: (415) 436-7234
    christiaan.highsmith@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 20-249 RS (LB) |
|---|---|
| Plaintiff, | ) |
| | ) UNITED STATES' EX PARTE APPLICATION |
| v. | ) AND [PROPOSED] ORDER RE: PRODUCTION |
| | ) OF CELL PHONE COMMUNICATIONS |
| MARCUS ANDRADE, | ) |
| Defendant. | ) |

    The United States of America, by and through undersigned counsel, hereby respectfully applies for an Ex Parte Order directing that the United States need not produce to counsel for Defendant Andrade approximately 31 communications between Jack and Robert Abramoff seized from Jack Abramoff's cell phone because such communications are irrelevant to the defense under Fed. R. Crim. P. 16 and do not implicate *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150, 154 (1972). The 31 communications are filed under seal, attached here as Exhibit 1, and submitted for the Court's in camera review.

**Legal Standard**

    Rule 16(a)(1)(E) requires the government to make discovery available to the defense if such

discovery is "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E). "Materiality is a low threshold…. The test is not whether the discovery is admissible at trial, but whether the discovery may assist a defendant in formulating a defense, including leading to admissible evidence." Discovery Order, *United States v. Andrade*, Dkt. 165, at 4 (internal quotations omitted) (quoting *United States v. Soto-Zuninga*, 837 F.3d 992, 100203 (9th Cir. 2016)).

*Brady v. Maryland* and *Giglio v. United States* require the government to make available to the defense evidence that is "favorable to the accused" "where the evidence is material to either guilt or punishment." *Id.* at 3 (internal quotations omitted) (citing *Brady*, 373 U.S. at 87, and *Giglio*, 405 U.S. at 154). "Favorable evidence includes information that would be advantageous or would tend to call the government's case into doubt." *Id.* (internal citations and quotations omitted). "*Brady* also requires disclosure of evidence that could be used to impeach the government witnesses, especially where the witness's testimony is an important part of the government's case." *Id.* (internal citations and quotations omitted).

Nonetheless, defendants are not entitled to discovery that is immaterial and irrelevant to their defense. To obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality. *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984); *see also United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984) (same). "Materiality is a necessary prerequisite to discovery." *United States v. USDC, Cent. Dist. Of Cal., Los Angeles, CA*, 717 F.2d 478, 480 (9th Cir. 1983). Evidence is material under Rule 16 if it is "relevant to the development of a possible defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) (internal quotation omitted).

It is well-established that the government may seek guidance from the Court to resolve discovery disputes. Federal Criminal Procedure Rule 16(d)(1) gives the Court ample discretion to issue protective or modifying orders denying, restricting, or deferring discovery when a party shows that such an order is appropriate.

**Argument**

Defendant Andrade is not entitled to 31 purely personal communications between brothers Jack and Robert Abramoff that were seized from Jack Abramoff's cell phone. The government previously reviewed these 31 communications and informed counsel for Defendant Andrade that the

communications involved purely personal matters not implicating Rule 16, *Brady*, or *Giglio*. Defendant Andrade nonetheless demanded their production. The government has already produced a Cellebrite image containing non-privileged items on Jack Abramoff's cell phone and recently produced communications between Jack and Robert Abramoff except for these 31 purely personal communications. Because the defense demands production of what the government believes to be irrelevant and purely personal communications that impinge personal and private health-related matters, the government submits the 31 communications for the Court's in camera review and seeks an Order from the Court permitting the government to withhold from production the 31 communications because they are irrelevant under Fed. R. Crim. P. 16, *Brady v. Maryland*, and *Giglio v. United States*.

## Conclusion

The United States hereby files for the Court's in camera review 31 communications (Exhibit 1) seized from Jack Abramoff's cell phone. The United States seeks an Order from the Court that the government is not required under Fed. R. Crim. P. 16, *Brady v. Maryland*, or *Giglio v. United States* to disclose the 31 communications contained in Exhibit 1 to defendant Andrade.

DATED: May 31, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_____/s/_____
ANDREW F. DAWSON
ROSS WEINGARTEN
CHRISTIAAN HIGHSMITH
Assistant United States Attorneys

# [~~PROPOSED~~] ORDER

Upon the submission of the United States and for good cause appearing, IT IS HEREBY ORDERED THAT the 31 communications between Jack and Robert Abramoff submitted by the government for the Court's in camera review (Exhibit 1) are not disclosable at this time to Defendant Andrade under Fed. R. Crim. P. 16, *Brady v. Maryland*, or *Giglio v. United States*.

DATE: June 1, 2023

_____
HON. LAUREL BEELER
United States Magistrate Judge