ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

KATHERINE L. WAWRZYNIAK (CABN 252751)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7019
    FAX: (415) 436-7234
    andrew.dawson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MARCUS ANDRADE,<br><br>    Defendant. | CASE NO. CR 20-249 RS (LB)<br><br>UNITED STATES' OPPOSITION TO DEFENDANT ANDRADE'S MOTION TO COMPEL COMPLETE PRODUCTION OF JACK ABRAMOFF'S CELL PHONE [ECF NO. 192] |

    Defendant Rowland Marcus Andrade moves the Court to compel the United States to produce Jack Abramoff's complete cell phone (minus attorney-client privileged material).[1] Mot. to Compel, Dkt. #192. The government long ago produced material from the Abramoff cell phone responsive to the search warrant authorizing the government's search and seizure of responsive material from the cell phone (the "Attachment B Material"). Andrade seeks more than the Attachment B Material—he seeks the entire cell phone, which contains a significant amount of personal, private, and sensitive material irrelevant to the case or Andrade's defense. Nonetheless, because the government has obtained Abramoff's voluntary consent to search and seize the entire cell phone—not just the Attachment B

---

[1] For brevity, references to the entire Abramoff cell phone herein mean the entire cell phone minus attorney-client privileged material, which is also how Andrade refers to the cell phone in his motion.

USA OPP. TO MOT. TO COMPEL            1
CR 20-249 RS (LB)

1  Material—the government stands ready to produce the entire Abramoff cell phone provided Andrade
2  signs an addendum to the current Protective Order, Dkt. #24, to ensure the confidentiality of private,
3  personal, sensitive, and irrelevant information. Andrade refuses to stipulate to the addendum and
4  refuses to meaningfully discuss such an addendum; therefore, the government opposes Andrade's
5  Motion to Compel. The government asks the Court to order the imposition of an addendum to the
6  existing protective order, Dkt. #24, to protect purely personal, private, sensitive, and irrelevant
7  information that will be produced to Andrade with government's production of the entire Abramoff cell
8  phone. The proposed addendum is attached hereto as Exhibit 1.

## BACKGROUND

10  During the investigative stage of this case, the FBI seized Jack Abramoff's cell phone pursuant
11  to a search warrant. Thereafter, the FBI searched the phone for responsive material as delineated by the
12  search warrant in accordance with the Fourth Amendment and seized that material—the Attachment B
13  Material. The government then produced the Attachment B Material to Andrade. Mot. to Compel, Dkt.
14  #192, at 4. Andrade later claimed that communications between Levin and Abramoff relevant to
15  Andrade's defense were not included in the Attachment B Material. *Id.* at 5. The government obtained
16  Jack Abramoff's consent to search the entire Abramoff cell phone, searched the Abramoff cell phone for
17  the Levin-Abramoff communications, and produced them in January 2023. *Id.* Andrade then claimed
18  that the cell phone might contain additional material relevant to his defense and asked the government to
19  produce the entire cell phone. *Id.* The government did not necessarily agree that the complete cell
20  phone contained material relevant to this case or Andrade's defense but agreed to the production.
21  Thereafter, it came to the government's attention that the contents of Abramoff's cell phone outside of
22  the Attachment B Material included a significant amount of private, personal, and sensitive material
23  irrelevant to this case or Andrade's defense. This material potentially includes, but is not limited to,
24  purely personal photographs of family, pets, and friends; cell phone applications that track health and
25  fitness or that contain communications with people completely irrelevant to this case; emails with
26  family, friends, and associates completely unrelated to this case; passwords stored on the phone
27  completely irrelevant to this case; and text messages and other communications with people completely
28  irrelevant to this case.

Further, the history of this case and this defendant indicate that additional protections for private, personal, sensitive, and irrelevant material is particularly warranted. The docket in this case alone indicates that Andrade is a particularly litigious defendant who requests irrelevant discovery and has cycled through numerous sets of defense counsel, thus heightening the risk that sensitive, purely personal information could be improperly released beyond the confines of this criminal litigation.

Accordingly, the government proposed additional protections for the production, namely, an addendum to the protective order (attached hereto as Exhibit 1). Andrade refused to agree to the addendum or to meaningfully discuss potential protections for purely personal, private, and sensitive material irrelevant to this case or Andrade's defense. Given Andrade's position, the government must oppose the motion to compel and ask the Court to order reasonable protections.

## ARGUMENT

Ordering additional protections for production of Abramoff's entire cell phone most efficiently balances Andrade's demand for the entire cell phone and Abramoff's interest in protecting his private, personal, and sensitive cell phone data, most of which is entirely irrelevant to this case or Andrade's defense. The government believes that the most efficient way to balance these competing interests is a reasonable addendum to the protective order.[2] The government proposes an "addendum" to the protective order because there is a current protective order, Dkt. #24, designed to protect personal identifying information and financial information but not the huge scope and volume of irrelevant material in the entire cell phone.

Federal Criminal Procedure Rule 16(d)(1) gives the court ample discretion to issue protective or modifying orders denying, restricting, or deferring discovery when a party shows that such an order is appropriate. Rule 16(d) expressly authorizes the court to issue protective orders: "At any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." Courts have also issued discovery orders pursuant to their own "inherent" authority to manage the criminal discovery process. *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-12 (9th Cir. 2008) (en banc).

---

[2] This addendum would not apply to the previously produced Attachment B Material.

USA OPP. TO MOT. TO COMPEL                3
CR 20-249 RS (LB)

Here, the entire Abramoff cell phone contains a large quantity of private, personal, and sensitive material that is irrelevant to Andrade's defense that would be both difficult and time-consuming to redact. This is to be expected because the defendant asks for more than what the search warrant authorizes the government to retain—the defendant asks for the entire cell phone, not just the Attachment B Material. Thus, Andrade is asking for a tremendous amount of irrelevant material not required for production under Rule 16, *Brady*, or *Giglio*. By way of example, on May 31, 2023, the government submitted to the Court *ex parte* a small number of communications between brothers Robert and Jack Abramoff from the cell phone that concerned purely personal communications mainly about medical issues. Dkt. #180. Even after the government represented to Andrade that the messages were purely personal, sensitive, and irrelevant to his case Andrade demanded that the government produce them. After reviewing the communications, the Court ordered that production was not necessary because the communications were purely personal, private, sensitive, and irrelevant to Andrade's defense. Dkt. #182. The entire Abramoff cell phone contains many more similarly irrelevant, purely personal, sensitive, and private communications, photographs, and other material. The current protective order, Dkt. #24, protects personal identifying information—such as dates of birth, social security numbers, and addresses—and financial information. But it does not sufficiently protect purely personal, sensitive, private material because the existing protective order contemplated production of Attachment B Material and similar responsive material.

In addition, Andrade deems the government's production of Attachment B Material "the incomplete version of the phone" and incorrectly contends that Rule 16 entitles him to the entire cell phone. Dkt. #192, at 4, 10. The Court need not address these contentions because the government stands ready to produce the entire cell phone with reasonable protections. Nonetheless, it is worth emphasizing that absent Abramoff's consent, the government is only authorized to seize, retain, and produce to Andrade items specifically enumerated in the search warrant authorizing the search and seizure. *United States v. Balwani*, Order Denying Mot. for Dismissal or Other Remedies, Case No. 18-cr-258 EJD (Apr. 8, 2022), at 8 ("As a general rule, in search made pursuant to warrants[,] only the specifically enumerated items may be seized.") (quoting *United States v. Tamura*, 694 F.2d 591, 595 (9th Cir. 1982), and also quoting *United States v. Comprehensive Drug Testing, Inc*. ("*CDT III*"), 621

F.3d 1162, 1176-77 (9th Cir. 2010) and *United States v. Schesso*, 730 F.3d 1040, 1046 n.3 (9th Cir. 2013)). This district court and the Ninth Circuit have recognized "[t]he legitimate need to scoop up large quantities of data, and sift through it carefully, and that over-seizing data is an inherent part of the electronic search process." *Balwani*, Order, at 8 (internal citations and quotations omitted). Further, the Ninth Circuit has warned: "[t]he process of segregating electronic data that is seizable from that which is not must not become a vehicle for the government to gain access to data which it has no probable cause to collect." *Id.* (internal citation and quotation omitted).

## CONCLUSION

For the foregoing reasons, the Court should deny Andrade's motion to compel and Order an addendum to the protective order covering the entire Abramoff cell phone.

DATED: June 30, 2023              Respectfully submitted,

                                  ISMAIL J. RAMSEY
                                  United States Attorney

                                  ____/s/_____
                                  CHRISTIAAN HIGHSMITH
                                  Assistant United States Attorneys