# KING & SPALDING

King & Spalding LLP
50 California Street
Suite 3300
San Francisco, CA 94111
Tel: +1 415 318 1200
Fax: +1 415 318 1300
www.kslaw.com

Michael Shepard
Partner
Direct Dial: +1 415 318 1221
Direct Fax: +1 415 318 1300
mshepard@kslaw.com

November 9, 2023

Magistrate Judge Laurel Beeler
San Francisco Courthouse
450 Golden Gate Avenue
Courtroom B – 15th Floor
San Francisco, CA 94102

      **Re:**    *United States v. Andrade*, Case No. 3:29-cr-00249-RS

Dear Judge Beeler,

Thank you for your Order of November 5, and apologies that you had to prepare it on a Sunday.

We write to ask for clarification on four aspects of the order, all of which we raise to ensure that any appeals that we make to Judge Seeborg are made in a timely fashion.

First, on page 2, lines 4-7, the Order states that "within fourteen days, the government must produce any information that it seized from the Levin phone that was identified in the search warrant," that "the government said it has done so already," and that "if so, it need not produce any previously produced information." The government did say that it had already made that production, but Mr. Andrade contested that representation at page 6 n.12 of its Reply, ECF #224, which notes the deficiencies of that production – the four spreadsheets were redacted, many of the columns were missing descriptions, and many of the attachments and links in the emails were not accessible – and instead sought images (at least of the portion of the devices responsive to the warrant(s), absent an order to produce the entire device).

It is in this context that we ask whether the Court's Order leaves the issue of the sufficiency of the government's production in the government's hands, or if this issue will eventually be determined by the Court in light of Mr. Andrade's position at page 6 n. 12 of ECF #224. We ask because, if the Court has determined that the sufficiency of the government's production on this

Magistrate Judge Laurel Beeler
November 9, 2023
Page 2

issue is left in the government's hands, Mr. Andrade intends to bring the issue to Judge Seeborg and would like to do so in a timely fashion – but only if this Court has made a final determination.

Second, the Court's Order refers to Levin's phone, Dkt # 225 at 1:19, when Mr. Andrade's motions (both in November, 2022 and most recently) requested devices in the plural, including an iPad that was the subject of a separate search warrant and seizure. We ask whether this language reflects a determination to limit the government's obligations to only Levin's phone; if so, this is another issue that we may choose to bring to Judge Seeborg's attention.

Third, in addition, page 2, lines 7-9 of the Court's Order states that "by November 9, 2023, the government must update the Court with its position about returning an image of the phone to Mr. Levin. If it does, then Mr. Andrade can then subpoena information from the phone. Mr. Levin is free to resist that subpoena." As with our question about lines 4-7, we ask if this Order is a final determination that all the government needs to do is to state whether it will return to Mr. Levin an image of his phone, and then Mr. Andrade can subpoena it, subject to objection by Mr. Levin. We ask because if these lines in the Order are a final determination of the government's obligations – for example, if the government continues to decline to identify where and to whom it is sending Levin's device, thereby preventing Mr. Andrade from serving Levin's representative with a subpoena, or if these efforts do not result in Mr. Andrade's ability to obtain an image of Levin's devices – then Mr. Andrade intends to bring the issue to Judge Seeborg and would like to do so in a timely fashion.

Finally, we ask a similar question about the "Exhibit B" to the search warrant associated with the search in which the government seized Levin's phone. This list of items seized from Levin, in accordance with the search warrant, was also requested for production. If the absence of mention of production of the search warrant's Exhibit B is meant to suggest that the Court has decided not to order its production, then Mr. Andrade may also bring that issue to Judge Seeborg's attention.

We thank the Court for its consideration.

                                              Respectfully Submitted,

                                              Michael J. Shepard
                                              Counsel for Defendant,
                                              Rowland Marcus Andrade