MICHAEL J. SHEPARD (SBN 91281)
 mshepard@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:  +1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
 kdent@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:  +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
 cindy@cadiamond.com
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:  +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No. 3:20-cr-00249-RS<br><br>**DEFENDANT ROWLAND MARCUS ANDRADE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF EX PARTE MOTION TO COMPEL GOVERNMENT TO DISCLOSE ATTORNEY INFORMATION AND TO REFRAIN FROM RETURNING ALEXANDER LEVIN'S DEVICES UNTIL SUBPOENA IS SERVED**<br><br>Judge:   Hon. Laurel Beeler, Magistrate Judge<br>Hearing:  December 14, 2023, 9:30 am |

1

DEFENDANT'S SUPPLEMENTAL MEMORANDUM ISO
MOTION REGARDING ALEXANDER LEVIN'S DEVICES                                3:20-CR-00249-RS

Events since the filing of Mr. Andrade's November 9, 2023 motion to compel the government to disclose attorney information and to refrain from returning Alexander Levin's devices until a subpoena is served (ECF #239) require this brief update, which underscores the urgency of Mr. Andrade's request for relief. For the Court's convenience, this Supplemental Memorandum briefly recites the history of Mr. Andrade's request for Mr. Levin's devices, the Court's April 7, 2023 ruling on that request, and the government's response to the Court's Order; followed by a November 2, 2023 hearing (ECF #234) and this Court's Order of November 5, 2023 summarizing its November 2 ruling. ECF #235. It then briefly reports the events since Mr. Andrade's last filing on November 9, 2023 that show the need for this Supplemental Memorandum in support of his Motion. The new events further support Mr. Andrade's pending Motion, for which a hearing is scheduled on December 14, 2023.

I.    THE HISTORY OF THE COURT'S PREVIOUS ORDERS

On November 28, 2022, Mr. Andrade filed a Motion to Compel seeking, among other things, Mr. Levin's iPhone and iPad. ECF #120. Following two rounds of briefing and two arguments, this Court ruled on April 7, 2023, that the government must produce Alexander Levin's devices. ECF #165. The government did not respond by producing the devices, but rather waited six weeks and then produced four spreadsheets of "extractions"[1] from Mr. Levin's phone, making an argument – not made in any of the briefs or arguments before the Court's ruling – that it did not lawfully possess the entire phone. *See* Declaration of Kerrie C. Dent in Support of Status Report ("Dent Decl."), ¶ 2.

Mr. Andrade sought relief from this Court. Part of his argument offered alternatives if the Court permitted the government to make its belated lawful possesion argument. One of those

---

[1] Many of the messages described on the spreadsheets were redacted without explanation and others referenced attachments that were neither visible on the spreadsheets nor accessible through links.

alternatives was that "if Mr. Levin or his counsel is within this Court's subpoena power, then the government should return what it says it does not lawfully possess to Mr. Levin's counsel, with advance notice to and cooperation with Mr. Andrade, so that Mr. Andrade can serve a subpoena for it on Mr. Levin or his counsel before the phone is returned." ECF #215, at 5:5-8.  On November 2, 2023, following a hearing, the Court ruled that the government should provide an update no later than November 9 on whether the devices have been returned to Levin and, if not, whether it objects to doing so.  Dkt. ##234 and 235.

After the hearing, Mr. Andrade's lawyers emailed the government and requested that the government inform them as soon as it learns whether the SDNY or FBI still has Levin's devices, and, if so, whether they plan to return anything to Levin.  Mr. Andrade's counsel asked that, in the event the government has any devices and will return them, then it should notify Mr. Andrade's counsel in advance of when, to whom, and where any device was going to be returned to permit time to serve a subpoena for the returned device(s).  The government did not respond. Dent Decl. at ¶ 3.

Responding to the Court's November 2, 2023 Order, on November 9, 2023, the government reported to the Court that (1) more than a year ago prosecutors in the Southern District of New York had asked Levin's counsel where counsel wanted Levin's devices to be sent, but Levin's counsel never responded and (2) in November 2023, Levin's counsel asked the FBI to mail Levin's devices to defense counsel's office, "which FBI-New York has done or intends to do shortly." Dkt. #237.  Like the government's failure to respond to Mr. Andrade's request after the November 2, 2023 hearing, the government's November 9 response to the Court did not address Mr. Andrade's proposal that the government return the phone "with advance notice to and [in] cooperation with Mr. Andrade, so that Mr. Andrade can serve a subpoena for it on Mr. Levin or his counsel before the phone is returned." Dent Decl. at ¶ 4.  Mr. Andrade therefore filed a motion asking the Court to compel the government to identify Levin's counsel

and to refrain from returning Mr. Levin's devices until a subpoena is served.[2]  Dkt. # 239.  The motion was filed ex parte, for immediate consideration, and a hearing has been scheduled for December 14, 2023.

## II.    EVENTS SINCE MR. ANDRADE'S FILING ON NOVEMBER 9

On November 22, 2023, the government emailed Mr. Andrade's counsel the name and address of a lawyer in New York City, who, it said, was representing Levin.  Although Mr. Andrade's counsel reached out to the lawyer immediately and asked him if he would accept service of a subpoena for Levin's devices, he responded that he was "not sure" what the matter was about and that, because it was the day before Thanksgiving, he wanted to wait until the following week to have a call.  Dent Decl. at ¶ 5.  Accordingly, Mr. Andrade's counsel emailed the prosecutors on November 22, 2023 to remind them of Mr. Andrade's November 2 request that Levin's devices not be returned to Levin or Levin's counsel without an opportunity for Mr. Andrade to serve a subpoena for the devices.  Again, the government did not respond.  Dent Decl. at ¶ 6.

A week later, on November 29, the lawyer whose name and information was provided by the government emailed Mr. Andrade's counsel and stated that he does not represent Levin and does not have Levin's devices.  Mr. Andrade's counsel promptly reminded the government for a third time that it should not return Levin's iPad and iPhone to Levin or his counsel until Mr. Andrade has had an opportunity to serve a supoena for the devices.  Again, the government did not respond.  Dent Decl. at ¶ 7.

---

[2] Also on November 9, 2023, Mr. Andrade's counsel filed a letter to Judge Beeler requesting clarification on four aspects of the Court's November 5 Order to ensure that any appeals to Judge Seeborg are timely made. ECF #238. On November 14, 2023, the Court clarified that the November 5, 2023 discovery order (ECF #235) was preliminary and that the Court would consider additional filings shortly. ECF #241.

### III. ARGUMENT

Given the response of the lawyer the government identified, and the lack of any cooperation or response from the government to Mr. Andrade's three requests, Mr. Andrade is left without a clue as to whether the devices have been returned, and without anyone to serve if they have been or soon will be returned. There is a risk that the government has returned or will return the devices in a way that does or did not allow Mr. Andrade to serve a subpoena for the devices on Mr. Levin or his counsel before they are returned and that, as a result, the devices – which this Court has already held to be material to the preparation of Mr. Andrade's defense – will be lost or destroyed. This is the urgency that requires this Court's intervention and supports Mr. Andrade's motion for an Order requiring the government to provide correct contact infromation for Levin's attorney and to refrain from returning Levin's devices to either Levin or his counsel until Mr. Andrade has had a reasonable amont of time to serve a subpoena for Levin's devices.

Respectfully submitted,

DATED: December 3, 2023

KING & SPALDING LLP

By: /s/ Michael J. Shepard
MICHAEL J. SHEPARD
KERRIE C. DENT
CINDY A. DIAMOND

Attorneys for Defendant
ROWLAND MARCUS ANDRADE