MICHAEL J. SHEPARD (SBN 91281)
  mshepard@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:  +1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
  kdent@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:  +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
  cindy@cadiamond.com
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:  +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROWLAND MARCUS ANDRADE, <br><br> Defendant. | Case No. 3:2-cr-00249-RS-LBx <br><br> **DECLARATION OF KERRIE C. DENT IN SUPPORT OF DEFENDANT ROWLAND MARCUS ANDRADE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF EX PARTE MOTION TO COMPEL GOVERNMENT TO DISCLOSE ATTORNEY INFORMATION AND TO REFRAIN FROM RETURNING ALEXANDER LEVIN'S DEVICES UNTIL SUBPOENA IS SERVED** <br><br> Judge: Hon. Laurel Beeler <br> Hearing: December 14, 2023, 9:30 a.m. |

1

Kerrie C. Dent, counsel for Defendant Marcus Andrade, states as follows:

1. I am one of the lawyers representing Defendant Marcus Andrade in the above-captioned matter. I have personal knowledge of the discovery disputes and related correspondence between the government and defense counsel and, if called as a witness in this matter, could competently testify to the matters stated in this Declaration.

2. On November 28, 2022, Mr. Andrade filed a Motion to Compel seeking, among other things, Mr. Levin's devices. Following two rounds of briefing and two arguments, the Court ruled on April 7, 2023, that the government must produce Alexander Levin's devices. The government did not respond by producing the devices, but rather waited six weeks and then produced four spreadsheets of "extractions" from Mr. Levin's phone, making an argument – not made in any of the briefs or arguments before the Court's ruling – that it did not lawfully possess the entire phone. Many messages on the spreadsheets were redacted without explanation and others referenced attachments that were neither visible nor accessible through links.

3. On November 2, 2023, following a hearing, the Court ruled that the government should provide an update no later than November 9 on whether Levin's devices have been returned to Levin and, if not, whether it objects to doing so. After the hearing, I emailed the government and requested that the government inform me as soon as it learns whether the Southern District of New York or the FBI still had Levin's devices, and, if so, whether they planned to return them to Levin. I requested that, in the event the government has any devices and will return them, it should notify us in advance of when, to whom, and where any device was going to be returned to permit time to serve a subpoena for the returned device(s). The government did not respond to my email.

4. Responding to the Court's November 2, 2023 Order, on November 9, 2023, the government reported to the Court that (1) more than a year ago prosecutors in the Southern District of New York had asked Levin's counsel where counsel wanted Levin's devices to be

2

DECLARATION OF KERRIE C. DENT ISO SUPPLEMENTAL   CASE NO. 3:20-CR-00249-RS-LBx
MEMORANDUM ISO MOTION REGARDING ALEXANDER LEVIN'S DEVICES

sent, but Levin's counsel never responded and (2) in November 2023, Levin's counsel asked the FBI to mail Levin's devices to defense counsel's office, "which FBI-New York has done or intends to do shortly." Dkt. #237. Like the government's failure to respond to my request after the November 2 hearing, the government's November 9 response to the Court did not address our proposal that the government return the phone "with advance notice to us so that we can serve a subpoena for it on Mr. Levin or his counsel before the phone is returned." We therefore filed the motion now before the Court, asking for an order mandating that the government disclose contact information for Levin's lawyer and refrain from returning Levin's devices until we have time to serve Levin or his lawyer with a subpoena for the devices.

5. On November 22, 2023, the government emailed me the name and address of a lawyer in New York City, who, it said, was representing Levin. Although I reached out to the lawyer immediately and asked him if he would accept service of a subpoena for Levin's devices, he responded that he was "not sure" what the matter was about and that, because it was the day before Thanksgiving, he wanted to wait until the following week to have a call.

6. I emailed the prosecutors on November 22 to remind them of my November 2 request that Levin's devices not be returned to Levin or Levin's counsel without an opportunity for us to serve a subpoena for the devices. Again, the government did not respond.

7. On November 29, the lawyer whose information was provided by the government informed us that he does not represent Levin and does not have Levin's devices. I promptly reminded the government of our request that it not return Levin's devices to Levin or his counsel until we have had an opportunity to serve a supoena. Again, the government did not respond.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on December 3, 2023 in Washington, District of Columbia.

                                        /s/ Kerrie C. Dent
                                        KERRIE C. DENT