UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No. 20-cr-00249-RS (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF Nos. 237–239 |

This order addresses pending disputes. Preliminarily, for every issue in this order, and for all issues going forward, the parties must support their arguments with legal analysis and citations to relevant cases. This requirement applies to all issues, even if they were discussed in earlier filings: the parties must provide a stand-alone analysis that does not incorporate by reference earlier filings. The parties to date have been long on argument and short on analysis.

First, the government suggested in ECF No. 237 that it was returning Mr. Levin's phone. The court's earlier order at ECF No. 235 contemplated return only of an image. The court's understanding at time was that the government contemplated retention of the phone. Also, the court assumed, analogizing to the wiretap context, that the government would retain at least an image of the phone under seal, if only to allow Mr. Levin's challenges to the government's seizure decisions about his devices. A contrary position risks the possibility of spoliation of evidence in this case if the only evidence is returned to Mr. Levin. The court asks the government for an

ORDER – No. 20-cr-00249-RS (LB)

update by December 7, 2023, about the status of the phone, including its retention of an image, and, if it returned the phone without the retention of an image, the legal effect on the litigation. Mr. Andrade may reply by December 11, 2023.

Second, Mr. Andrade said that it contests the sufficiency of the government's production about the contents of the Levin phone. (Reply – ECF No. 234 at 6 n.12.) The government must respond by December 7, 2023. Mr. Andrade may reply by December 11, 2023.

Third, the court clarifies that its earlier orders apply to all of Mr. Levin's devices (such as his iPad) that were seized, not just his phone.

Fourth, the government must respond to point three in Mr. Andrade's letter brief at ECF No. 238, again by December 7, 2023, and Mr. Andrade must reply by December 11, 2023.

Fifth, the parties must confer on the last point in the letter brief at ECF No. 238 at 2, which is about the list of items seized from Mr. Levin's phone. Then, by December 7, 2023, the government must say whether it will produce the list, and Mr. Andrade must reply by December 11, 2023.

Finally, the government must respond to the ex parte motion at ECF No. 239 by December 7, 2023, and Mr. Andrade must respond by December 11, 2023. The court's preliminary reaction is that Mr. Andrade should be able to subpoena the information, and the government's approach is not what the court contemplated (and should not result, for example, in the complete return of the evidence until the court has addressed the discovery issues). Mr. Levin can always resist production, but the process in this case at minimum must preserve the status quo.

The matter remains set for a hearing on December 14, 2023, in person. The defendant's presence can be waived (and the court can provide a courtesy Zoom link so that he can attend virtually). Also, if Mr. Andrade's lead (also local) counsel appears in person, then the court can accommodate a Zoom link for remote counsel working with lead counsel. But the current rules militate against remote appearances in criminal cases generally. The court is open to arguments to the contrary.

**IT IS SO ORDERED.**

Dated: December 3, 2023

LAUREL BEELER
United States Magistrate Judges