MICHAEL J. SHEPARD (SBN 91281)
mshepard@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: +1 415 318 1200

KERRIE C. DENT (Admitted *pro hac vice*)
kdent@kslaw.com
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
cindy@cadiamond.com
58 West Portal Ave #350
San Francisco, CA 94127
408.981.6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No. 3:20-cr-00249-RS (LBx)<br><br>**DEFENDANT ROWLAND MARCUS ANDRADE'S REPLY TO THE GOVERNMENT'S RESPONSE TO THE COURT'S DISCOVERY ORDER**<br><br>**Hon. Laurel Beeler, Magistrate Judge**<br>**Hearing: December 14, 2023, 9:30 a.m.** |

Defendant Rowland Marcus Andrade submits this reply to the government's response to the Court's Discovery Order dated December 3, 2023 (Dkt. #250), and states as follows:

I.     **Return of Levin's Devices**

Before filing his Supplemental Memorandum on December 3, 2023, Mr. Andrade's counsel contacted the government four times – on November 2, 9, 22, and 29 – asking the prosecutors to provide information about whether the government is still in possession of Alexander Levin's devices, and to refrain from returning the devices without providing Mr. Andrade with reasonable advance notice to serve a subpoena.[1] Now that the Supplemental Memorandum has been filed and this Court's Order of December 3, 2023, has been issued, the government has finally represented to the Court that the FBI's New York Field Office still has possession of Mr. Levin's phone, and that it will maintain the status quo and not return Levin's phone while this litigation is pending. Dkt. #251 at 1:27-2:2.[2]

Although the government's response has resolved Mr. Andrade's concern about preserving the status quo, issues remain in the event that Mr. Andrade is unable to obtain the phone from Mr. Levin, in whole or in part. At least partly addressing the observation in the Court's December 3 Order that the Court assumed "the government would retain at least an image of the phone under seal," the government parsimoniously responded only that it "has already produced to Mr. Andrade *what it seized and retained* from Mr. Levin's iPhone pursuant

---

[1] *See* attached Declaration of Kerrie C Dent at ¶2 ("Dent Decl.").

[2] Mr. Andrade assumes that this assurance refers to litigation of this motion, as opposed to litigation of Mr, Andrade's guilt or innocence; declining to return the phone to Mr. Levin until the charges in the indictment are adjudicated would wrongly deprive Mr. Andrade of information material to the preparation of his defense. A later reference in the government's filing appears to recognize as much.

2

to the applicable search warrant." *Id.* at 1:25-26 (emphasis added).  This carefully worded assertion raises more questions than it answers.  Did the government at any point in time make an image of the entire phone, or at least of the portion of the phone it determined to be responsive to the search warrant?  If so, was any such image destroyed or otherwise not retained, and if any image was destroyed or not retained, did that happen after Mr. Andrade requested Levin's devices on July 15, 2022?

These are not idle questions.  As the Court will recall, the government denied accessing the portion of Levin's phone that was *not* covered by the search warrant; Mr. Andrade then demonstrated that the government's denial was false, and the government was forced to admit that Mr. Andrade was correct.  *See* Joint Status Report Regarding Compliance with Discovery Order (Sept. 15, 2023) (Dkt. #212 at 6-9).  The government had searched the entire phone when it thought that doing so would help its argument opposing discovery: as established in the Joint Status Report, the government informed Mr. Andrade on February 9, 2023, that it had run search terms through the seized devices from Levin, and *an FBI 302 report of the same date confirmed that the search terms were run was on the master copy of Levin's iPhone.*[3]  *Id.* at 8, fn.10.  This false denial and ultimate admission leaves no doubt that *the government did in fact possess – meaning it both seized and retained – the entire phone, or an image thereof, as recently as February of this year*. *Id.*

Which appears to leave only two possibilities: either the government made another false representation when it assured the Court in its response to the December 3 Order that it has

---

[3] As noted in footnote 10 of the Joint Status, Dkt. #212, the 302 report dated February 9, 2023, was emailed to Mr. Andrade's counsel by AUSA Andrew Dawson on February 28, 2023, but it was not produced with a Bates-number.

3

already produced what it seized and retained, or the government destroyed the phone after February, 2023, while it was litigating Mr. Andrade's Motion to Compel production of the phone. Either possibility is indefensible. The Court should order the government to provide an accurate report of what happened to the master copy of Levin's phone that the government was forced to admit that it searched in February.

II.     **Sufficiency of the iPhone Production**

In lieu of producing an image of Levin's phone and an image of Levin's iPad, the government produced four redacted spreadsheets relating to the phone and nothing relating to the iPad, Dent Decl. at ¶ 3, and proclaims: "that is the end of the matter," citing *Balwani*, Order, at 8-9." Dkt. #251 at ¶ 2:11-12 and 19-20. The spreadsheets are redacted for unknown reasons, are sporadically missing basic information such as the names of the individuals communicating or the content of the messages, and do not permit access to attachments.[4] That is not what the Court ordered, and no case law is required to support the contention that the government should produce what it was ordered to produce: namely, images of Levin's devices. April 7, 2023, Order (Dkt. #165).

The government avoids explaining how the spreadsheet was prepared, but it is safe to say that the spreadsheet produced to the defense was not on Levin's phone and could not have been

---

[4] Typically, district courts require an image of the phone data to be produced – not spreadsheets summarizing the messages. *See, e.g., United States v. Mills*, No. 16-cr-20460, 2019 U.S. Dist. LEXIS 126253, at *9 (E.D. Mich. July 30, 2019) ("The Court finds that the Government—by producing complete data extractions of the devices and making the devices available for inspection—has satisfied its obligations under Rule 16(a)(1)(E)."); *United States v. Pennick*, No. 17-CR-15-RJA-MJR, 2018 U.S. Dist. LEXIS 106754, at *16-17 (W.D.N.Y. Feb. 23, 2018) (ordering the government to produce "all data and information seized" from six phones during execution of a search warrant).

4

seized from Levin's phone. Rather, it is likely that the spreadsheet was prepared by someone at the Department of Justice who had access to the phone or an image of it; the government avoids explaining where that image is, and what it contains. In any event, given that the government was forced to admit that it searched the entire phone earlier this year, if in fact all that has been retained and is now in its possession is a spreadsheet, then the government needs to explain when and why it destroyed what it searched for its own purposes, even after Mr. Andrade had moved to compel production of the phone. Finally, the government's reliance on *Balwani* here is misplaced. There was no issue in *Balwani* about whether an incomplete spreadsheet is a sufficient production from an iPhone. Even if *Balwani* is good law and controlling, the government must at least produce an image of the portion of the phone responsive to the warrant. The Court ordered the government to produce Levin's iPhone and iPad, and it should do so.

### III.   Mr. Levin's iPad

Rather than inform the Court whether it still has possession of Levin's iPad, the government asserts that the "issue is moot" because "the government has repeatedly informed counsel for Mr. Andrade that the government never gained access to the [iPad]." Dkt. #251 at 2:22-24. The government's repeated protestations that it has never accessed or reviewed the iPad are beside the point. Mr. Andrade is entitled to an image of the iPad that the Court has ruled is material to his defense, and that the Court ordered to be produced regardless of whether the government chose to access it and review it. Fed. R. Crim. P. 16 (a)(1)(E)(government must produce items material to preparing the defense "if the item is within the government's possession, custody, or control").

//

//

//

5

DEFENDANT MARCUS ANDRADE'S REPLY TO THE GOVERNMENT'S
RESPONSE TO THE COURT'S DISCOVERY ORDER                    3:20-CR-00249-RS

## IV. Subpoenaing Mr. Levin's iPhone

Although the government conveniently omits this fact from its response to the Court's December 3 Order, Mr. Andrade's counsel informed the government – in a November 29 email and in its December 3 supplemental memorandum – that when counsel contacted the lawyer whose name and contact information the government provided, that lawyer stated that he does not represent Levin. Dent Decl. at ¶ 4 (citing Dkt. #248 at 4:15-17). Mr. Andrade reported that fact to the government by email dated November 29, but has received no explanation or response. Dent Decl. at ¶ 4. If Mr. Levin is represented, the government should identify his counsel; if he is no longer represented to the best of the government's knowledge, then the government should state whether and what it knows of Mr. Levin's whereabouts. If not, then the parties should be allowed to brief how to proceed, and whether the Court can consider the phone to be abandoned and turn it over to Mr. Andrade.

## V. List of Items to be Seized

The Court has ruled that documents relating to the Levin search warrants should be produced. April 7 Order, Dkt. # 165 at 12-13. Now – eight months later – the government wants to negotiate the conditions under which it will comply with the Court's Order to produce Levin's phone. The government informs the Court that it is "prepared to produce to counsel for Mr. Andrade the attachment to the Levin iPhone search warrant listing the items to be seized from Mr. Levin's iPhone *provided that defense counsel signs an attorney's eye only protective order* governing the search warrant attachment." Dkt. #251 at 3:3-6. The government did not request an AEO designation for the search warrant materials when the production of the search warrant material was briefed and argued, and it should not be allowed to do so now. Making the government's demand even worse, the government requested an AEO designation *for the Levin devices*, and the Court ruled that "there

6

is no reason for an AEO designation." Dkt. #165 at 11. There is no reason to reach a different result for the search warrant materials. The government's insistence that the AEO designation is necessary because the Attachment B includes names of uncharged third parties is baseless because Mr. Andrade already has access to terabytes of information that includes references to and communications between Jack Abramoff and his fellow miscreants, many of whom fall into the category of uncharged third parties. In fact, there is even more reason to deny the request again at this point in time, given that Mr. Andrade, who is actively assisting in the preparation of his defense, has now had access to additional information the government claims is sensitive, and has never used that information in an improper fashion. *See* Defendant Andrade's Supplemental Memorandum in Support of Motion to Compel, Dkt. #152 at 8-9.

## VI.   Ex Parte Motion

The government asserts that Mr. Andrade's ex parte motion, currently before the Court, is moot because it already "has provided Andrade's counsel with contact information for Mr. Levin's counsel." Dkt. #251 at 3:16-19. Not so, for the reasons set forth above.

Respectfully submitted,

DATED: December 11, 2023

KING & SPALDING LLP

By: */s/ Michael J. Shepard*
MICHAEL J. SHEPARD
KERRIE C. DENT
CINDY A. DIAMOND

Attorneys for Defendant
ROWLAND MARCUS ANDRADE