UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROWLAND MARCUS ANDRADE,<br>Defendant. | Case No. 20-cr-00249-RS (LB)<br>**DISCOVERY ORDER** |

    This order addresses pending disputes.

    First, the government — and the court understands that this is the FBI in the S.D.N.Y. — must retain an image of Mr. Levin's phone, even if it returns the phone or an image of it to Mr. Levin. The reason is that the phone may have information discoverable in this case. If the government returns the phone or an image of it to Mr. Levin or his designee, it must provide Mr. Andrade — and it can be to his counsel under an AEO designation (and Mr. Andrade can later challenge that designation) — the details of how it returned the phone or an image of it, including the person who received it and the contact information for that person.

    Second, the government said at the hearing that it was unable to access any other devices it seized from Mr. Levin (such as an iPad). This means that the only accessible device is Mr. Levin's phone. If in the unlikely event that this forensic landscape changes, then the government must notify Mr. Andrade.

ORDER – No. 20-cr-00249-RS (LB)

Third, the government agreed to provide Attachment B to the search warrants with an AEO designation. Mr. Andrade may challenge that designation but the court expects that the parties will confer about what information really is relevant to this case. Most of the time, as the court said at the hearing, information from separate investigations does not implicate *Brady* or Rule 16. But if it does, then the court can revisit the designation.

Fourth, the court reiterates what it said in earlier orders and on the record: the government cannot produce information that it cannot access lawfully. Put another way, the scope of the search warrant defines the government's ability to produce information. In the end, a third-party subpoena to Mr. Levin will address the issue (as the court discussed during the hearing). The court rejects Mr. Andrade's argument that the government waived the issue: again, for the reasons discussed at the hearing: the government cannot waive its constitutional obligations to seize only what a search warrant permits.

This should cover the outstanding issues in ECF Nos. 250 and 251.

**IT IS SO ORDERED.**

Dated: December 16, 2023

LAUREL BEELER
United States Magistrate Judges