1   ISMAIL J. RAMSEY (CABN 189820)
    United States Attorney
2
    MARTHA BOERSCH (CABN 126569)
3   Chief, Criminal Division

4   CHRISTIAAN H. HIGHSMITH (CABN 296282)
    DAVID WARD (CABN 239504)
5   Assistant United States Attorneys

6        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
7        Telephone: (415) 436-7200
         FAX: (415) 436-7234
8        christiaan.highsmith@usdoj.gov
         david.ward@usdoj.gov
9
    Attorneys for United States of America
10
                          UNITED STATES DISTRICT COURT
11
                       NORTHERN DISTRICT OF CALIFORNIA
12
                            SAN FRANCISCO DIVISION
13

14

15   UNITED STATES OF AMERICA,              )   Case No. 20-CR-00249 RS (LB)
                                            )
16           Plaintiff,                     )   SUPPLEMENTAL STIPULATION AND
                                            )   [PROPOSED] PROTECTIVE ORDER RE:
17       v.                                 )   DISCOVERY MATERIALS
                                            )
18   ROWLAND MARCUS ANDRADE,                )
                                            )
19           Defendant.                     )
                                            )
20   ———————————————————————                )

21
            With the agreement of undersigned counsel for the government and Defendant Rowland Marcus

22   Andrade, the Court enters the following Order:

23          Defendant Andrade is charged in an Indictment with violations of 18 U.S.C. § 1343 (Wire

24   Fraud), 18 U.S.C. § 2 (Aiding and Abetting Wire Fraud), and 18 U.S.C. § 1956(a)(1) (Money

25   Laundering).  Dkt. 1.  The Indictment also includes a forfeiture allegation under 18 U.S.C. §

26   981(a)(1)(C).  *Id.*

27

28

On December 16, 2023, the Honorable Laurel Beeler, ordered the government to provide Attachment B to the Alexander Levin search warrants—one for Levin's Apple iPad and one for his Apple iPhone—to Defendant Andrade's counsel pursuant to an attorneys-eyes-only designation. Dkt. 256.

Pursuant to the Court's Order, Dkt. 256, the government will designate, label, and produce to Defendant Andrade's counsel Attachment B to the Levin Apple iPhone and Attachment B to the Levin Apple iPad with the designation "ATTORNEYS-EYES-ONLY MATERIALS."

Defense counsel's possession and use of these two Attachment B documents labeled "ATTORNEYS-EYES-ONLY MATERIALS" is subject to the following restrictions:

1. The ATTORNEYS-EYES-ONLY MATERIALS shall be treated as PROTECTED INFORMATION and shall be subject to all of the restrictions in the previously entered Protective Order in this case. Dkt. 24.

2. The following individuals may examine the ATTORNEYS-EYES-ONLY MATERIALS for the sole purpose of representing the defendant and for no other purpose:

    a) counsel for defendant;

    b) members of defense counsel's law office who are assisting with the preparation of defendant's defense;

    c) paralegals, law clerks, discovery coordinators, investigators and/or experts (including mitigation experts) retained by defendant or assigned by the Court to assist in the defense of this matter (the individuals in this subsection (c) may obtain copies of the ATTORNEYS-EYES-ONLY MATERIALS so long as they secure them pursuant to the requirements of this ATTORNEYS-EYES-ONLY Protective Order);

    d) counsel for defendant in related ancillary proceedings (including civil forfeiture actions and actions brought by the Securities and Exchange Commission, and any civil or criminal litigation concerning AML Bitcoin or to which Rowland Marcus Andrade or NAC Foundation, LLC is a party or witness), as permitted by the existing Protective Order governing discovery in this case. Dkt #24 at 3. All ancillary counsel, and members of ancillary counsel's law office who are assisting with the preparation of

defendant's representation, who will see, use, or discuss the contents of the Attorneys-Eyes-Only Materials must sign and comply with the AEO Order and be bound by its terms.

3. The defendant may NOT be provided with copies of the ATTORNEYS-EYES-ONLY-MATERIALS. However, members of the defense team or ancillary counsel who are authorized to be in possession of the ATTORNEYS-EYES-ONLY-MATERIALS may discuss the content of those materials with the defendant, including revealing names contained in these ATTORNEYS-EYES-ONLY MATERIALS.

4. If defense counsel or ancillary counsel determines that additional persons are needed to review the ATTORNEYS-EYES-ONLY MATERIALS, he or she must obtain a further order of the Court before allowing any other individual to review the materials. Such a request to the Court will only occur after conferring with the government. In the event the parties agree to the additional person or persons, it shall be documented in writing with no need for further involvement of the Court. If the parties cannot agree, defense counsel will make its motion to the Court on sufficient notice to the government so that it may assert its objection.

5. A copy of this ATTORNEYS-EYES-ONLY Protective Order shall be maintained with the ATTORNEYS-EYES-ONLY MATERIALS at all times.

6. All individuals other than defense counsel and ancillary counsel who receive access to the ATTORNEYS-EYES-ONLY MATERIALS, prior to receiving access to the materials, shall sign a copy of this ATTORNEYS-EYES-ONLY Protective Order acknowledging that:

   a) they have reviewed this Order;

   b) they understand its contents;

   c) they agree that they will only access the ATTORNEYS-EYES-ONLY MATERIALS for the purposes of representing defendant; and

   d) they understand that failure to abide by this Order may result in sanctions by this Court.

These signed copies shall be maintained by counsel for the parties and shall be made available upon request under seal to the Court.

7. No other person shall be allowed to examine the ATTORNEYS-EYES-ONLY MATERIALS, and the contents/substance of the ATTORNEYS-EYES-ONLY MATERIALS shall not be shared with anyone without further order of the Court.

8. This protective order does not prevent defendant from using the Attorneys-Eyes-Only Materials at trial, as long as the Court rules that they are otherwise admissible. Nor does the protective order prevent defendant from using the Attorneys Eyes Only Materials in any pre-trial motions, as long as the Attorneys-Eyes-Only Materials are filed under seal.

This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**          ISMAIL J. RAMSEY
                                  United States Attorney


Dated: January 23, 2024          ___/s/_____
                                  CHRISTIAAN H. HIGHSMITH
                                  DAVID WARD
                                  Assistant United States Attorneys


                                  ___/s/_____
                                  MICHAEL J. SHEPARD
                                  KERRIE C. DENT
                                  CINDY A. DIAMOND
                                  Counsel for Defendant
                                  ROWLAND MARCUS ANDRADE

# [PROPOSED] ORDER

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above.

**IT IS SO ORDERED.**

Dated:  January 24, 2024

_____

HON. LAUREL BEELER
United States Magistrate Judge