MICHAEL J. SHEPARD (SBN 91281)
 *mshepard@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:     +1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
 *kdent@kslaw.com*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:     +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
 *cindy@cadiamond.com*
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:     +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE<br><br>Defendant. | Case No. 3:2-cr-00249-RS-LBx<br><br>**DEFENDANT MARCUS ANDRADE'S MOTION TO ENFORCE COURT'S MARCH 17, 2024 ORDER REGARDING REVIEW OF TREZOR WALLETS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Date:     May 2, 2024<br>Time:    10:30 am<br>Judge:   Honorable Laurel Beeler |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Thursday, May 2, 2024, at 10:30 am, or as soon thereafter as the matter may be heard, Defendant Rowland Marcus Andrade will bring for hearing before the Honorable Laurel Beeler, Magistrate Judge, his Motion to Require the Government to Comply with its March 17, 2024 Order (Dkt. #292) regarding inspection and copying of the data on four Trezor wallets the government seized from Mr. Andrade in March 2020. The parties have met and conferred to discuss the Trezor access, but the government has declined to comply with the Court's order. Instead, the government is imposing three additional conditions on the Trezor review, none of which is ordered by or consistent with what the Court ordered.

Mr. Andrade requests that the Court order the government to comply with its March 17 order no later than May 10, 2024, by arranging a time for defense counsel and its third-party expert to meet with an FBI agent at the U.S. Attorney's office, where the expert will inspect and make images of the four Trezor wallets seized by the government in March 2020. In support of his motion, Mr. Andrade submits the attached memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Introduction**

On March 17, 2024, the Court ruled that the government must provide Mr. Andrade with access to the Trezor wallets it seized from him in March 2020, explaining that the data on the Trezors is "Rule 16 discovery and it implicates *Brady* and the duty to investigate." Discovery Order (Dkt. #272) (Mar. 17, 2024) at 2 ("Order"). At the hearing, it addressed the government's concerns by defining a process that included an examination at a secure location, with the defense expert who copies the transactional data on the Trezors signing the protective order. Transcript of March 17, 2024 Hearing (#290) at 23:8-12 ("Tr.").

That should have been the end of the matter, but the government has refused to comply with the Court's directions. Despite what the Court said, the government will not allow Mr. Andrade to image the Trezors unless he gives the government his Trezor passwords or provides copies of the images he obtains. And despite what this Court said, the government refuses even to allow any third party expert to examine the Trezors, on the ground that no expert hired by defense counsel (or defense counsel themselves) can be trusted to follow the Court's orders – a basis that is as ironic as it is unjustified given the government's response to this Court's March order.

Even if the Court were inclined to allow the government a second bite at the apple, the Court's directions to the government in March were entirely correct. As this Court recognized, Rule 16(a)(1)(E) expressly requires the government to allow the defendant to inspect and copy the Trezors, without any requirement that he share what he obtains. Order at 3:13-18; Tr. at 24:14 – 25:3. The reciprocal discovery requirements of Rule 16 (b)(1)(A) apply only to documents the defense intends to offer in its case-in-chief. Although Rule 16 therefore entirely resolves the government's objections, Mr. Andrade's constitutional rights also support the Court's ruling.[1] When

---

[1] Compelling disclosure of the passcodes would violate Mr. Andrade's Fifth Amendment privilege. *See, e.g., United States v. Doe (In re Grand Jury Subpoena)*, 670 F.3d 1335, 1346 (11th Cir. 2012) ("decryption and production of the contents of the hard drives would sufficiently implicate the Fifth Amendment privilege" because the "decryption and production

2

the defense provided authorities to the government, at the government's request after a meet-and-confer, before filing this motion, the government declined to join issue. The Court should reject the government's effort to re-write its ruling and order the government to comply no later than Friday, May 10, 2024.

**Argument**

**I. Mr. Andrade Can Use an Expert to Export Transactional History Reports From the Trezors Without Providing A Copy to the Government**

The government's insistence on getting a copy of any image or report Mr. Andrade obtains, and its refusal to permit access by a defense expert or counsel, have already been rejected by this Court, and have no basis in the law.

**A. Rule 16 Requires Mr. Andrade to Provide the Government with Copies Of Images of His Trezor Wallets Only If Mr. Andrade Intends to Use The Data in His Case-In-Chief**

The Court already has considered and rejected the government's objection that Mr. Andrade does not get to have the historical data on his Trezors if the government cannot have it, based on the fact that Rule 16 permits Mr. Andrade access to his own devices. Order at 3:13-18.

AUSA:   You can look at it. Great. Just what we can do. **You have the same access to the evidence that we have**.

COURT:  **I don't know that that flies under Rule 16**.

\*\*\*

COURT:  . . . You're not telling me anything legal, right? So you're saying it doesn't seem appropriate. I'll look at the Rule 16 issue, but that's what I think the answer is. Tell me why I'm wrong. …

AUSA:   There's just no circumstance where a defendant gets to go in without – and see what we can't see . . .

---

would be tantamount to testimony by Doe of his knowledge of the existence and location of potentially incriminating files; of his possession, control, and access to the encrypted portions of the drives; and of his capability to decrypt the files"); *United States v. Hearst*, 2022 WL 16832834 (N.D. Cal. 2022) (suppressing evidence taken from device when defendant was compelled to provide the password that opened the device); *United States v. Sanchez*, 334 F.Supp.3d 1284 (N.D. Ga. 2018) ("[A]lthough sparse, case law indicates that production of cellphone passwords constitutes incriminatory testimony protected by the Fifth Amendment"). And as the government has repeatedly argued itself as to other devices, more than four years after it seized the Trezors, it no longer has lawful access to the device under the Fourth Amendment. *United States v. Kopankov*, 672 F.Supp.3d 862 (N.D. Cal. 2023) (government's extraction of data from defendant's cellphone nearly two years after search warrant had expired violated Fourth Amendment).

> COURT: Well, **they do it all the time**, because they don't always – **you don't always get everything. The issue is Rule 16** … if it's documents that the government has seized, how is that not Rule 16?

Tr. at 24:14 – 25:3 (emphasis added).

Under Federal Rule of Criminal Procedure 16, Mr. Andrade has a right to inspect and copy the contents of his Trezor wallets. Fed. R. Crim. P. 16(a)(1)(E) (When requested, "the government must permit the defendant to inspect and to copy . . . tangible objects . . . if the item is within the government's possession, custody, or control and . . . (iii) the item was obtained from our belongs to the defendant"). Reciprocal discovery under Rule 16 does not entail the government getting everything the defendant has. Rather, Mr. Andrade is required to disclose the contents of his Trezor wallets to the government only if he determines that he will use them in his case-in-chief. Fed. R. Crim. P. 16(b)(1)(A) ("If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy" discovery only if "the defendant intends to use the item in the defendant's case-in-chief"). *See also United States v. Juncaj*, 2023 WL 3306510 (D. Nev. 2023) (finding that defendant must disclose to the government only evidence that defendant intends to use in his case-in-chief). Needless to say, the determination of whether Mr. Andrade will use the data in his case-in-chief cannot be made until he has obtained and studied the data, let alone placed it in context with other aspects of his defense.

### B. A Third Party Expert Can Inspect, Export, or Image the Data on Mr. Andrade's Trezor Wallets, With the Data Subject to the Existing Protective Order

Although this issue was already argued by the government and resolved by the Court, the government refuses to allow a third party expert identified by Mr. Andrade to access and image the Trezors – precisely what the Court ordered. *See* Order at 2:13-15 ("The court defined a process to address the government's interest: an expert examination at a secure location"); Tr. at 23:16-21 (to the government, "I think that expert access meets your interests, meets theirs"). The Court also

rejected the government's claim that defense counsel could not be trusted with the Trezor data, Order at 2:15-16 ("[t]his case involves esteemed lawyers who pose no threat to the integrity of evidence (that the government can't access in any event))," and resolved the government's same claim about the expert. Tr. at 23:24 - 24:1 ("if the expert alters anything in there, then I'm going to charge their expert. They cannot tamper with the evidence in the case"). As the Court correctly noted, allowing expert access subject to a protective order meets the interests of both parties. Tr. at 23:8-12.

Also already addressed is the government's insistence on an attorney's eyes only protective order.[2] The Court instead ruled that the third party expert who accesses the Trezors should sign the protective order for this case, explaining that "you can't do AEO really when you're going to trial." Tr. at 17:19-20. Although not necessary to support the Court's decision, Mr. Andrade has a right to work with his counsel to help them understand and best use the potential evidence in the case – here, transactional data in a case in which he is charged with money laundering and fraud, including a claim related to how he spent money. *See, e.g., Gillespie v. Charter Comm'ns*, 133 F. Supp. 3d 1195, 1201-2 (E.D. Mo. 2015) ("an 'attorneys' eyes only' designation is a 'drastic remedy given its impact on the party entitled to the information,' in that it prevents a party from reviewing documents with counsel, and can hamper the ability of the party to present his or her case"), citing *Ragland v. Blue Cross Blue Shield of N.D.*, No. 1:12–CV–080, 2013 WL 3776495, at *1 (D.N.D. June 25, 2013); *United States v. Chavez*, 902 F.2d 259, 266 (4th Cir. 1990) (a "critical component of the Sixth Amendment's guarantee of effective assistance" is "the ability of counsel to maintain uninhibited communication

---

[2] On the evening of filing this motion (which the parties agreed would be filed on April 12, 2024), defense counsel left a voicemail message for the government proposing that, to ensure that no AEO is needed and to alleviate the government's concerns about anyone stealing money, the expert could export transactional history reports from the Trezor wallets instead of taking images of everything stored on them. The reports would have no other information – nothing related to any digital currency, keys, or any of the other things that could be stored there. The expert would generate the reports, save them to his laptop, and have an FBI agent unrelated to the case observe the process. The parties will discuss this option more before the opposition and reply briefs are filed and hopefully obviate the need for the Court to rule on the AEO/protective order issue.

with his client and to build a "relationship characterized by trust and confidence."), citing *Morris v. Slappy*, 461 U.S. 1, 21 (1983).  *See also* American Bar Association, Standards for the Defense Function 4-5.1, 4-7.6

## CONCLUSION

Mr. Andrade respectfully requests that the Court order the government to comply with its March 17, 2024 order no later than May 10, 2024, by arranging a time for defense counsel and its expert to meet with an FBI agent at the U.S. Attorney's office, without any requirement that passwords, images, or data reports be shared, subject to the existing protective order in the case.

Respectfully submitted,

DATED: April 12, 2024         KING & SPALDING LLP

By: */s/ Michael J. Shepard*
    MICHAEL J. SHEPARD
    KERRIE C. DENT (*Pro Hac Vice*)
    CINDY A. DIAMOND

    Attorneys for Defendant
    ROWLAND MARCUS ANDRADE