1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KING & SPALDING LLP**
MICHAEL J. SHEPARD (SBN 91281)
*mshepard@kslaw.com*
50 California Street, Suite 3300
San Francisco, CA  94111
Telephone:      +1 415 318 1200
Facsimile:       +1 415 318 1300

KERRIE C. DENT (Admitted *pro hac vice*)
*kdent@kslaw.com*
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:      +1 202 626 2394
Facsimile:       +1 202 626 3737

CINDY A. DIAMOND (CA SBN 124995)
ATTORNEY AT LAW
58 West Portal Ave, # 350
San Francisco, CA 94127
408.981.6307
cindy@cadiamond.com

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>ROWLAND MARCUS ANDRADE,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 3:20-CR-00249-RS<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF DEFENDANT'S MOTION FOR RULE 17(c) SUBPOENA** |

I, Cindy A. Diamond, hereby state and declare:

---

DECLARATION OF COUNSEL IN SUPPORT OF DEFENDANT'S MOTION FOR RULE 17(c) SUBPOENA -
*UNITED STATES v. ANDRADE*, Case # 3:20-CR-00249-RS - Page 1

1. I am an attorney, duly licensed to practice before this Court and in the State of California, and I am an associate attorney working for the defendant, Marcus Andrade, in the above-entitled case.

2. Mr. Andrade is accused of directly participating in a scheme or artifice to defraud, or of aiding and abetting his co-schemer, Jack Abramoff.  Abramoff has admitted fraud, and also has a federal criminal history of fraud.

3. Mr. Andrade seeks this subpoena to obtain records of Abramoff's electronic communications with him, with other associates of Abramoff about Abramoff's schemes, and any documents related to Mr. Andrade's businesses, during the period of time relevant to Abramoff and Mr. Andrade's acquaintance:  2015 through 2020. These records are stored on electronic devices seized by the government in 2020, which are being returned to Abramoff's attorney on May 3, 2024.

**Background and Diligent Effort to Obtain Devices in Discovery**

4. Thirteen electronic devices were taken from Abramoff's home during the investigation of this case. Most (but not necessarily all) have stored data within them.   During discovery proceedings, the defense sought full copies of all electronics and argued that the government's searches of the devices conducted pursuant to the Abramoff search warrants had been too narrow for Mr. Andrade's defense purposes.  The data are likely to contain documents and records of communications (written and audio) related to Abramoff's communications with or about Mr. Andrade, or Abramoff's communications with associates who knowingly worked with Abramoff against Andrade's interests and behind Mr. Andrade's back.  Such evidence is necessary to help establish Mr. Andrade's trial defense that he lacked a guilty scienter in this fraud case.  The discovery referee, Judge Beeler, agreed copies of Abramoff's device are relevant to the defense under *Brady*.  However, Mr. Andrade was unable to obtain most of Abramoff's devices through discovery proceedings.

5. The defense first requested copies of Abramoff's devices on March 3, 2022.   Ongoing discovery proceedings on these devices initially centered on Abramoff's primary cell phone.

6. After consideration of the parties' arguments, Judge Beeler found Mr. Andrade made

1    a sufficient showing of materiality under Rule 16, and also showed a likelihood of favorable

2    evidence requiring disclosure under *Brady v. Maryland*.  ECF 165 at 10:10-18 (April 7, 2023).

3        7.    Abramoff  gave the government consent to release Abramoff's primary cell phone.

4    ECF 196 at 4.  That device was provided to us in July, 2023. Thereafter, Mr. Andrade's counsel

5    continued to seek production of the remainder of Abramoff's devices.

6        8.   However, copies of the rest of Abramoff's electronic devices were not delivered to

7    defense counsel. The government asserted that, consistent with an order issued on April 8, 2022,

8    in the *United States v. Balwani* case (Northern District of California, case number 18-CR-258-

9    EJD), the government did not have lawful possession of the full content of Abramoff's devices,

10   rather, they only had possession of the material listed on Attachment B under the search

11   warrants. The Abramoff devices remained in physical possession of the government, even as the

12   government denied legal possession under the *Balwani* rule.

13       9.   Further discovery proceedings were held on March 7, 2024, following which, on

14   March 17, 2024, Judge Beeler ordered the government to deliver to Mr. Andrade all information

15   the government had seized from Abramoff's devices pursuant to Attachment B of their search

16   warrants.  It appears the government complied with that order this month; defense counsel's

17   review is still ongoing.

18       10.   With respect to the devices themselves, Judge Beeler accepted the government's

19   argument that the *Balwani* approach applies in this District.  She ruled that the government did

20   not lawfully possess the additional material contained on Abramoff's devices, that the

21   government must return the devices to Abramoff, and that Mr. Andrade would be free to

22   subpoena the devices from Abramoff or his representative.  ECF 292 at 2:18-3:17 (March 17,

23   2024).

24       11.   Notice of the impending subpoena and a request for preservation were sent to

25   Abramoff's counsel on March 24, 2024. Counsel for Abramoff did not respond and did not

26   acknowledge he remained Abramoff's attorney for this purpose.

27       12.   On March 28, 2024, in compliance with a deadline set by Judge Beeler's order, the

28   government reported that it intends to send Abramoff's devices to his counsel by May 3, 2024.

**Necessity of Subpoena**

13.  Accordingly, on behalf of Mr. Andrade, his lawyers now request this subpoena - addressed to Jack Abramoff or his legal representative - be issued forthwith.  As shown above, Mr. Andrade has tried every other possible method to obtain these devices, and seeks this material by way of subpoena as a last resort.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge, information, and belief.  Executed this 30th day of April, 2024.

/s/

_____

CINDY A. DIAMOND
Declarant