**Pages 1 - 11**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Richard Seeborg, Judge

```
UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
  VS.                        )     NO. 3:20-cr-00249-RS
                             )
ROWLAND MARCUS ANDRADE,      )
                             )
          Defendant.         )
_____)
```

San Francisco, California
Tuesday, April 30, 2024

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
        ISMAIL RAMSEY
        United States Attorney
        450 Golden Gate Avenue
        San Francisco, California  94102
  **BY:  CHRISTIAAN HIGHSMITH**
        **DAVID WARD**
        **MATTHEW CHOU**
        **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant:
        KING & SPALDING LLP
        50 California Street, Suite 3300
        San Francisco, California  94111
  **BY:  MICHAEL SHEPARD, ATTORNEY AT LAW**

        LAW OFFICE OF CINDY A. DIAMOND
        58 West Portal Avenue, #350
        San Francisco, California 94127
  **BY:  CINDY A. DIAMOND, ATTORNEY AT LAW**

Reported By:  Kelly Shainline, CSR No. 13476, RPR, CRR
            Official Reporter

|   |   |
|---|---|
| 1 | **Tuesday - April 30, 2024**                                **2:59 p.m.** |

2            **P R O C E E D I N G S**

3                      ---o0o---

4            **THE CLERK:** Calling Case 20-cr-249, United States vs.
5   Rowland Marcus Andrade.
6        Counsel, please state your appearances.
7            **MR. HIGHSMITH:** Good afternoon, Your Honor.  Chris
8   Highsmith, David Ward, and Matthew Chou for the United States.
9            **THE COURT:** Good afternoon, again.
10           **MR. SHEPARD:** Good afternoon, Your Honor.  Sorry if I
11  seem to be shouting, but we're still having some difficulties
12  on this end.
13       Michael Shepard for the defendant, Rowland Marcus Andrade.
14  He is present by Zoom, appreciates the Court's willingness to
15  let him participate in that way, and consents to proceeding in
16  that fashion.
17       Also with me is Cindy Diamond.  Our colleague Kerry Dent
18  is on the road today and looks like she's unable to join us.
19           **THE COURT:** Okay.  Very well.  So why don't you begin,
20  Mr. Shepard.
21           **MR. SHEPARD:** Yes, Your Honor.  Thank you.
22       I wish I could say that the case is ready for trial in
23  August.  It isn't.  And based on the recent order to compel
24  granted by Judge Beeler relating to a lot of core Rule 16
25  material, we'll be preparing a motion to continue the trial

1  date, which we will file by a week from today.
2      And if the Court would like me to talk about why, I'm
3  happy to talk about why.  But I sort of expected the Court
4  would want us to file something in writing and allow the
5  Government to respond, which I'm prepared to do.
6          **THE COURT:**  You are correct about that.
7      Before I decide how we want to proceed in terms of further
8  explication, who from the Government wants to just give me your
9  position.
10     All right.  Mr. Highsmith.
11         **MR. HIGHSMITH:**  Our position is simple.  We're
12 preparing diligently for an August 5th trial.  My response to
13 Mr. Shepard at a high level would be he's been asking for --
14 the Government has produced discovery in the case.  He and his
15 team of many lawyers have been asking for material that's on
16 the very outer edges of Rule 16.  The Government is working to
17 accommodate his requests where it's remotely reasonable.
18     And, you know, we're ready for that August 5th trial.
19 We're more than three months away from the August 5th trial.
20 Mr. Shepard has a very large team, incredibly capable lawyer,
21 incredibly capable firm.  We'd like to try the case.
22         **THE COURT:**  What I would like to do -- I mean, I want
23 to handle any motion to continue with dispatch so that that
24 doesn't become a reason that it has to be continued because we
25 haven't dealt with the motion.

1    To give you some guidance on this, I have expressed in the
2 past and I continue to be concerned that the net is being
3 tossed a little too broadly by the defense in this case.  And I
4 think at base, despite all of the bells and whistles, it's a
5 fraud case and it's over three and a half years old and
6 almost -- unless you take the position that no case can ever go
7 to trial because there's so much material and just more and
8 more and more, assuming we're not going there, this case has
9 got to go to trial.
10   And it is now at a point where, as Mr. Highsmith
11 indicates, there's still a fairly good chunk of time left and
12 not every rock has to be overturned in this analysis.
13   That said, you know, I won't prejudge the question.  I
14 have a strong presumption in favor of this trial date for, in
15 part, frankly, because if it can't go to trial in August, it's
16 not going to trial until 2025 because of my schedule.
17   So I have blocked out this time.  I want it to go.  And I
18 don't really understand why it can't go.  And even if
19 Judge Beeler has motions and there will be some more discovery,
20 I don't see why it couldn't still go to trial as scheduled.
21   I will give you, though, the further comment, Mr. Shepard,
22 that in whatever you want to direct to me about a new trial,
23 what is not helpful to me is how many terabytes of material
24 there are.  That is a sort of -- I know it's vast, but that
25 doesn't help me.  Because, of course, there are search

1  protocols that one can use to separate the wheat from the
2  chaff.
3      What I want to know is why the material that is -- that
4  you'll assume I will conclude is squarely relevant and perhaps
5  subject to Rule 16 cannot be digested between now and when this
6  trial is scheduled to happen.  So that's what you should tell
7  me.  Don't just say eight bazillion pages are out there.  It
8  doesn't -- it's an abstract concept that doesn't help me.
9      I also want to set this on a very short leash.  I don't
10 anticipate -- I may or may not want to have a further
11 discussion with you.  I may do it on the papers.  So what I
12 would really like is you said, Mr. Shepard, you'll file the end
13 of next week.  I'd like the government to file its response by
14 a week later.  And then I want to just decide it.  And I don't
15 want to have some prolonged briefing schedule on this
16 continuance question.
17     I will tell you candidly, as I said before, that if it
18 does have to go over, it's going over for a good chunk of time
19 because you've told me you need at least three weeks for this
20 trial.  Well, I think the defense says four weeks, the
21 Government says two.  So I'm assuming I should plan for three.
22 A three-week block is what's going to be a problem for me.  I
23 could do a one-week.  I could do maybe 10 days.  But finding a
24 three-week block of time in 20 -- the remainder of 2024 is not
25 looking very promising.

1    So although maybe in December, but then you go into the
2 holidays and it becomes complicated.
3    So that's -- go ahead.
4    **MR. SHEPARD:** I understand, Your Honor. We will file,
5 not the end of next week but prior to the end of next week. I
6 will shoot for a week from today. And we will address all of
7 the Court's comments. I really appreciate the Court giving me
8 its perspective. I think we have really good answers to
9 everything the Court says.
10    And the only reason I need until next week is that we just
11 got a large quantity of additional material, probably not
12 coincidentally, yesterday. So I want to make sure we have
13 reviewed that thoughtfully before we make the motion.
14 Otherwise I would make it right away.
15    **THE COURT:** All right. And the Government will then
16 have one week whenever -- one week from the date that you --
17 that the defense motion is filed, that's when I want your
18 response. So if they file early, you know, it triggers your
19 one-week obligation to respond.
20    Okay. Anything else anybody wants to tell me?
21    **MR. SHEPARD:** Might we have an opportunity, a day, for
22 a reply?
23    **THE COURT:** Well, I know even if I say no, I'll
24 probably get a reply brief. You know, what I want to avoid is
25 what we all know happens all the time, which is a cascade of

1  supplemental, supplemental, supplemental.  I understand you all
2  want to get in there and tell me something.  But I really want
3  to bring this to closure because it's in everyone's interest.
4  You need to know whether or not I'm going to say you've got to
5  go in August or not.
6      So, yes, you can file a reply brief of no more than
7  three -- I don't even know how long these initial back and
8  forth is going to be.  But if the reply has got to be no more
9  than three pages.  And you need to do it, I'll give you two
10 days after the Government's brief comes in.
11          **MR. SHEPARD:**  Thank you, Your Honor.
12          **THE COURT:**  All right.  Okay.  Any -- I suppose -- I
13 mean, that's the big ticket item.  So there isn't really much
14 we, I guess, need to talk about other than that until we
15 conclude that aspect of the pending issues.
16      What I was going to ask you if there was some light at the
17 end of the tunnel, to proceed as I wanted to set up some of the
18 other dates that we need to set up in this case.  I mean, if
19 there's going to be motion practice associated with the trial,
20 I wanted to get some plan in place for that.
21      So in the meantime as we're battling about trial dates,
22 you maybe should think about if there are going to be motions
23 beyond the norm such that we would need more than the pretrial
24 conference date, be thinking about setting up a plan for that.
25 Questionnaires need to go out before the pretrial conference

1  probably.  So be working with each other on coming up with a
2  questionnaire to go to the jury, potential jurors.  You get
3  10 questions beyond the questionnaire.
4      My policy has been I want the parties to give me 10 joint
5  questions because I want to make sure they're neutral such that
6  both sides can live with them.
7      If that breaks down, you know, be forewarned you'll go to
8  five apiece.  And that assumes, of course, that I don't have a
9  problem with the proposed question.  But we need to get that
10 all going.
11     I would think in this case that we should, because it will
12 be three weeks that we're talking about, according to the
13 defense four, I would want to time screen these jurors.
14 Because I don't want to waste a lot of time on hardships that
15 we otherwise wouldn't need to worry about if we prescreen some
16 of these people.
17     So those are some thoughts to work with.
18         **MR. HIGHSMITH:**  Understood, Your Honor.  Thank you.
19     Again, this is not a particularly unique case.  This is a
20 fairly straightforward case so I don't think we need to do
21 anything far outside the norm in terms of filings.
22         **THE COURT:**  Well, okay.
23     Both Mr. Shepard and Mr. Ward have been through trials
24 with me so they know the basic drill.
25         **MR. WARD:**  We do, Your Honor.  We spent a little bit

of time on a pretrial schedule trying to iron out our disagreements and identify those areas where we disagree so we can pick that up and be prepared to move forward with that. I have a 404(b) motion which I know is an issue that we'll have to bring to the Court.

**THE COURT:** All right. Just for my edification, I know the Government wants to maintain the August trial date. I do too. If the circumstances are such that we have to move it to some point in time, what is the -- what is the Government's availability schedule?

**MR. HIGHSMITH:** This United States Attorney is available for the Court to try the case anytime.

**THE COURT:** Mr. Shepard, what is your availability? In other words, I take it you would not -- it will not be one of those unfortunate situations that were I to agree with you, you would then say I'm available in November of 2025, see you later.

**MR. SHEPARD:** Correct, Your Honor.

**THE COURT:** All right.

**MR. SHEPARD:** My wife and I have been trying to plan a vacation perhaps in November or perhaps next spring, but we have not planned it pending this. And other than that possibility, I too am available at the Court's convenience.

**THE COURT:** Well, and one thing you should build into this, as I'm thinking about it, is your position is going to be

1  we're not going to be ready for trial.  So along with that, I
2  want to know when you think you would be ready for trial.  So
3  build that into your request.  Not an open-ended please don't
4  make me go to trial in August kind of thing.
5          **MR. SHEPARD:**  Understood, Your Honor.  Thank you.  We
6  will do that.
7      And I should add I don't really want to move the trial
8  date either.  But -- and I understand the Court doesn't.  And
9  if it weren't for those circumstances that we'll lay out in
10 detail in our filing, we wouldn't be making this motion.
11         **THE COURT:**  Okay.  All right.  I will be looking for
12 the motion, and as soon as it comes in, I will devote attention
13 to it and see where it goes.  And I may, you know, it wouldn't
14 be beyond the realm of possibility that even though I'm not
15 scheduling this for argument, I could read -- I could see a
16 scenario in which I read your motion papers and I do want to
17 talk to you.
18     So I won't be shy about on a not, you know, fairly short
19 notice say I want to talk to everybody.  I think we could
20 probably do, if I need to do that, we could probably do that by
21 Zoom.  It's a motion.  It gets into a bit of uncharted waters
22 about this is a scheduling conference, and I don't even
23 think -- I appreciate the waiver, Mr. Shepard, I don't even
24 think we really need it, but I'll take it.
25     I suppose if we have a motion for new trial argument,

whether or not that can be done by Zoom or not, I'd have to think about it. I would think with a waiver, it probably could be. I assume that's how you would want to do any such proceeding.

**MR. SHEPARD:** I will talk to Mr. Andrade about it, but I expect we will ask the Court to waive his appearance if the Court is willing to do that, but I'll talk to him about it first and we'll let the Court know that as part of our filing.

**THE COURT:** All right. And the Government, I assume, wouldn't have a problem with Zoom if I do want to talk to you about trial scheduling?

**MR. HIGHSMITH:** The Government is always available, Your Honor. Personally I like to appear in person, but there's other factors that are more important.

**THE COURT:** Okay. All right. I'll await your written submission.

**MR. SHEPARD:** Thank you, Your Honor.

**THE COURT:** Thank you.

**MR. HIGHSMITH:** Thank you, Your Honor.

(Proceedings adjourned at 3:16 p.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:    Monday, May 6, 2024

_____

Kelly Shainline, CSR No. 13476, RPR, CRR
U.S. Court Reporter