MICHAEL J. SHEPARD (SBN 91281)
  mshepard@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:    +1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
  kdent@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:    +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
  cindy@cadiamond.com
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:    +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROWLAND MARCUS ANDRADE, <br><br> Defendant. | Case No. 3:2-cr-00249-RS-LBx <br><br> **DECLARATION OF KERRIE C. DENT IN SUPPORT OF DEFENDANT ROWLAND MARCUS ANDRADE'S MOTION FOR CONTINUANCE** <br><br> Judge: Hon. Richard Seeborg, Chief Judge |

Kerrie C. Dent, counsel for Defendant Marcus Andrade, states as follows:

1. I am one of the lawyers representing Defendant Marcus Andrade in the above-captioned matter. I have personal knowledge of the discovery disputes and related correspondence between the government and defense counsel and, if called as a witness in this matter, could competently testify to the matters stated in this Declaration.

2. King & Spalding has an eDiscovery department that works directly with the eDiscovery vendor Lineal on this case. Both the firm's eDiscovery department and Lineal have devoted substantial time to this case, and one of their most important roles is to shorten the review time, and the subsequent work time of analyzing the produced materials, by applying search terms whenever possible.

3. The productions we have received from the government include a substantial amount of video and audio files, which cannot be searched. Lineal and the King & Spalding's eDiscovery team worked together to quantify the unsearchable files.

4. The video and audio files on the database include FBI interviews, AML Bitcoin Tutorials, demonstrations of Mr. Andrade's AML technology, discord group chats, the super bowl ad in various stages of creation, tutorial videos on how to use the various exchanges, and more.

5. Audio and video files are not the only types of data in the government's productions that cannot be searched: There are also images, screenshots, photographs, handwritten notes, jpeg files, and Telegram and Discord productions. We also have found important Rule 16 material among all of these types of files.

6. The productions from the government include large volumes of unsearchable screenshots and images of material that include photographs of Mr. Andrade's business records. Some of the Telegram and Discord chats, which include statements by Mr. Andrade, UCEs, and

various purchasers of AML Tokens, were produced as videos taken by case agents as they watch a live-chat scroll by on a computer screen. The task of watching such videos and then determining whether these statements can be connected contemporaneously with directions from others, is time-consuming and cannot be done with search terms.

7. Our small team of lawyers has been working diligently at getting through the non-searchable material in this case. I work more hours on this case every day than on any case I have handled in my 35 years of practicing law. Mr. Shepard works every day, every evening, and every weekend on the case. I have never worked with a lawyer more devoted to his clients. Nonetheless, the result of all the unsearchable data, the need to do a significant amount of old-fashioned searching on the remaining data, and the government's belated productions, is that a substantial amount of material remains to be reviewed and analyzed. Using search terms has reduced the volume of material to be reviewed, but it does not make the problem of reviewing a massive amount of data go away. While we are diligently working through that backlog, there still are massive amounts of core Rule 16 materials – some searchable and some not – that were either not produced until a few weeks ago or that we still have not received.

8. Some materials – such as financial data – can be searched, but only after the documents are reviewed and analyzed for content so that the transactions can be traced and one can understand how those transactions relate to one other. To understand the flow of money for the relevant accounts, Mr. Andrade's counsel reviewed and organized information from statements, organized it, and entered it into a database before running searches and creating targeted reports.

9. Unsearchable materials are not the only hinderance to the application of search terms. Other aspects of the case – largely the methods by which the government has made its productions – have added considerable time to reviewing the product materials and add to the

reduced utility of applying search terms.

10. We worked with eDiscovery experts at Lineal and determined that roughly 3 million of the documents produced by the government in the Andrade case have either no Bates numbers or have a single Bates number assigned to large numbers of documents (often hundreds). Without Bates numbers, the review process takes exponentially longer because the documents cannot be organized by issue, flagged as significant, or easily shared with others.

11. Search terms relating to the fraud allegations in the indictment (*e.g.,* the Super Bowl ad, the Port of San Francisco, and the Panama Canal) often hit on dozens of documents that consist of hundreds of pages of scanned hard copy documents (unrelated to one another). These documents are so big that they are unsearchable on Relativity, the eDiscovery platform on which the data in this case is stored, searched, and reviewed. The documents cannot be ignored because they are hitting on important, relevant search terms, so they must be downloaded and the text of the files can then be searched. Even then, many of the documents within these ~500-page documents include some pages that are *not* text searchable and must be reviewed. Ultimately, it is not uncommon to have to spend *three or four hours* to review *one search hit* if it is one of these lengthy documents consisting of hundreds of pages of scanned hard copy documents.

12. The data we have been reviewing is primarily core Rule 16 material. Contrary to the government's contention at the April 30 status conference that "[Mr. Shepard] and his team of many lawyers have been asking for material that's on the very outer edges of Rule 16" (Tr. at 3), the vast bulk of material currently being reviewed by our team is smack in the center of Rule 16, such as material from Mr. Andrade's phones and other devices that were seized by the government.

13. Core Rule 16 materials produced only in the past few weeks include some of Mr. Andrade's own devices, which were requested on March 3, 2022, and promised to Mr. Andrade

4

in August 2022, but were not provided to him until February 22, 2024, after we filed our third motion to compel.

14. What the government describes as the defense "asking for" material "on the outer edges of Rule 16" is actually information that the government refused to produce and that Judge Beeler ordered the government to produce, finding that it fell within Rule 16 despite government claims to the contrary. Among the material of which the government would preclude effective review and analysis are not just Mr. Andrade's own devices, but some of Abramoff's devices – requested on March 3, 2022, with some produced on April 12, 2024 – and information from the SEC's parallel investigation of Mr. Andrade, which was requested on March 7, 2022, and produced on May 3, 2024.

15. Our request for material from the SEC's parallel investigation illustrates the hurdles that we have had to clear while doing our best to get through the discovery produced to date. On March 7, 2022, Mr. Andrade requested that the government produce Rule 16 and *Brady* materials not only in the possession of DOJ and the prosecutorial team, but also in the possession of the SEC. The government responded on May 23, 2022 that it does "not have access to SEC documents." When Mr. Andrade followed up on July 15, 2022 with more specific requests for materials from the SEC's investigation of Mr. Andrade, the government responded on August 9, 2022, that "the SEC is a separate government agency and is not part of the trial team." After being reminded of the fact that the SEC in fact worked closely with the DOJ on the investigation, conducting many joint interviews, the government offered no more than to "reach out to Alice Jensen" of the SEC Enforcement Division." Thereafter, all the government produced was the 279 pages that Mr. Andrade voluntarily produced to the SEC himself on April 25, 2018. Until today, May 10, 2024, the government never suggested to me that the SEC had itself produced some documents to Mr. Andrade back in 2018, but AUSA Chou informed me of that on a call today.

5

We will be looking into whether Mr. Andrade has those documents.

16. Despite this Court's admonition on June 6, 2023, and despite continued follow-up requests by Mr. Andrade on May 10, 2023 and in several meet-and-confers, no further response came until September 14, 2023, when the government asserted that it "will not be producing any additional SEC documents," and that "there is no need to further discuss the [May 10] letter or to meet-and-confer about it." Only after we included the issue in our Third Motion to Compel did the government propose in its Opposition (#283 at 8) to make an additional production, stating that "[w]ithout conceding that Andrade is entitled to any material in the SEC case file, the case team will review non-privileged, non-work product material in the SEC's investigative file and produce to the defense information in the file that is subject to Rule 16 and *Brady*." On March 17, 2024, the court ordered the additional production we requested, and on May 3, 2024 – *two years and two months* after we made the request, and only after we filed *two motions to compel* – did the government make an additional production.

17. When it finally made that production, it turned over 18,000 SEC documents, which now have to be reviewed and analyzed. The review and analysis will be slow, because the production was made in an unsearchable form.

18. Similarly, it took from March 3, 2022 until July 2023, for the defense to obtain a complete production of co-conspirator Jack Abramoff's cellphone. During those 16 months, the government promised but failed to produce the entire phone (which Mr. Andrade learned only by reviewing a summary of communications on the phone that was prepared by the FBI and that reflected several conversations that could not be found on the phone); offered (again) to prepare a complete version (and represented that the Cellebrite files for the phone were "sitting on [the AUSA's] desk" with production likely in the next day or two; but no such production was made; claimed a privilege that the court overruled; told the court it would be producing the phone but

6

still did not do so; then changed its mind and said it was refusing to make the production; and after again refusing to do so, was ordered by the court to make the production.

19. Mr. Andrade requested the unminimized Cellebrite report of his own Motorola G7 phone on March 3, 2022, a phone that he used during part of the relevant time period and that the government seized from him in 2020. The Court ordered the government to produce the unminimized Cellebrite of Mr. Andrade's phone on March 7, 2024. The government claims that it made that production, but the defense has demonstrated that the government has not done so, and the government has not responded to that demonstration or produced the unminimized Cellebrite.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 10, 2024 in McLean, Virginia.

                                       /s/ Kerrie C. Dent
                                       KERRIE C. DENT

7
DECLARATION OF KERRIE C. DENT ISO REPLY BRIEF   CASE NO. 3:20-CR-00249-RS-LBx
ISO ANDRADE'S THIRD MOTION TO COMPEL