ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
DAVID WARD (CABN 239504)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7230
    christiaan.highsmith@usdoj.gov
    david.ward@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 20-00249 RS-1 |
| Plaintiff, | |
| v. | UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR A CONTINUANCE |
| MARCUS ANDRADE | Dept.: Courtroom 3 – 17th Floor |
| Defendant. | Judge: Hon. Richard Seeborg |

## I. INTRODUCTION

Defendant Andrade was indicted in this case fourteen hundred and twenty-five days ago. Current defense counsel were appointed nine hundred and seventy-three days ago. Yet despite having almost three years to prepare for trial, defendant once again comes to the Court asking for further delay. This is defendant's third request for a trial continuance in two years. For the reasons stated below, the government does not believe that a continuance is warranted, but given defendant's assertions in his 17-page motion that a continuance is absolutely needed "to render Mr. Andrade the effective defense to which he is entitled," the government cannot in good faith oppose a short continuance.

## II.   ARGUMENT

Defense counsel are sophisticated white-collar defense lawyers working for a global law firm, backed by the firm's eDiscovery center. They have hired a top-tier eDiscovery vendor. There are three attorneys assigned full-time to represent defendant Andrade, and at least three other associates who have worked on this case. In his motion here, defendant states that the lead partner "works every day, every evening, and every weekend on the case" and that another counsel "works more on this case every day than on any case I have handled in my 35 years of practicing law." *Dkt. 311* (Def. Motion for Continuance, Declaration of Kerrie C. Dent). But they nonetheless assert that they still cannot be ready for trial after three years of work.

They raise a litany of complaints, from having to review handwritten notes, to the inability to keyword search some of the documents, to having to review dozens of recordings. *Id.* They complain that they are required to do financial tracing and analysis. *Id.* They even complain that the defendant and his co-conspirators often speak in shorthand or code, making review of their communications more difficult. *Id.* But these are challenges endemic to any complex white-collar case, and it is hard to understand how they justify delaying a trial for more than three years.

Defendant Andrade seeks to foist at least part of the blame for his inability to be prepared for trial on the government, claiming that it has failed to timely produce materials that defendant claims is "core" Rule 16 material. The government vehemently disagrees with these assertions. Defense counsel has used (and abused) the discovery process to seek to obtain information far outside of what he is entitled, to put the government to extensive work responding to and attempting to comply in good faith to dozens of discovery demands[1], many of which the defendant has either abandoned or the Court has denied. For those areas where the Court has held that that evidence may be material, defendant has worked to stretch that definition to demand additional information beyond what he is entitled to.

Finally, defendant claims that he cannot fully focus on trial preparation until discovery (as they define it) is complete, including whether to file motions to suppress, as well as witness examinations, identifying exhibits, drafting motions, and preparing other filings. But the bulk of the discovery in this

---

[1] The defendant has sent nine discovery demand letters to the government in 2024 alone.

RESPONSE TO MOTION TO CONTINUE         2
CR 20-00249 RS

case was produced years ago, and defendant should have and could have done much of this work before now. To address two specific examples in defendant's motion here, defendant claims he cannot file motions to suppress, but the search warrants that he presumably seeks to challenge were executed in 2018 and 2020. Defendant claims he still needs time to potentially challenge the government's decision not to identify undercover FBI employees (UCEs) it used, UCEs which the defendant says it has only recently identified. But the government produced its UCE reports in 2022, and told the defendant, also in 2022, that it would not identify its UCEs. Defendant could have brought a motion challenging that decision at any time in the past two years.

Nonetheless, despite the government's skepticism, the defendant is unequivocally representing to the Court that they are working "every day and every night and every weekend" to prepare for trial, and that they are doing so without compensation, and therefore they need more time to prepare. *See Dkt. 311* ("As defense counsel working for free, we have no incentive to delay the trial, other than to provide the defense that anyone facing serious criminal charges deserve."). The defendant is arguing that a continuance is required "to render Mr. Andrade the effective defense to which he is entitled." *Id.*

Given these representations, the government cannot in good faith, and therefore does not, object to a short continuance. We respectfully ask the Court to hold a status hearing to determine the earliest date defendant can be prepared for trial.

DATED: May 17, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_____/s/_____
CHRISTIAAN HIGHSMITH
DAVID WARD
Assistant United States Attorneys
MATTHEW CHOU
Special Assistant United States Attorney