MICHAEL J. SHEPARD (SBN 91281)
 *mshepard@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:   +1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
 *kdent@kslaw.com*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:   +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
 *cindy@cadiamond.com*
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:   +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE<br><br>Defendant. | Case No. 3:2-cr-00249-RS-LBx<br><br>**DEFENDANT MARCUS ANDRADE'S RESPONSE TO THE UNITED STATES' MOTION TO SET CIPA PRETRIAL CONFERENCE AND DESIGNATE CLASSIFIED INFORMATION SECURITY OFFICER**<br><br>Date:     August 7, 2024<br>Time:    2:30 am<br>Judge:   Hon. Richard Seeborg |

1    Mr. Andrade has no objection to the government's proposed order (Dkt. #322) but adds two notes for the court's consideration as the CIPA process moves forward.

First, a note about scheduling.  Mr. Andrade appreciates the Court's interest in getting this case to trial, and would like to retain the February 10, 2025 trial date.  When he first made discovery requests relating to Mr. Abramoff's international conduct relating to Mr. Andrade's cryptocurrency, Mr. Andrade offered on November 1, 2022 to comply with CIPA and invited the government to initiate the procedure if it determined that classified documents were implicated by his requests.[1]  By waiting over 18 months to determine that sensitive materials are potentially discoverable and to initiate the often-lengthy CIPA process – which includes, if appropriate, the time required for defense counsel to obtain security clearances[2] – the government has risked circumscribing preparation necessary to provide an effective defense. Needless to say, trial on the earlier-scheduled date next month would have been a non-starter.

Second, the government's 18-page request for an unobjectionable order (which could have been accomplished by stipulation had it been preceded by a request to meet-and-confer) is preceded by 16 pages of characterizations about the CIPA process, some of which are in conflict with Mr. Andrade's constitutional, statutory and/or rule-based protections.  Rather than brief here all the potential issues with those characterizations,[3] some or all of which may not arise in practice and none of which change the relief requested in the proposed order, Mr. Andrade notes

---

[1] Mr. Andrade first submitted such discovery requests on March 7, 2022 and July 15, 2022. On November 1, 2022, Mr. Andrade's counsel agreed in an email to comply with CIPA if any of the documents the government was obligated to produce were determined to be classified. Similarly, in March 2023, Mr. Andrade wrote that "Mr. Andrade and his counsel are prepared to comply with the applicable CIPA procedures, which do not detract from the substantive rights of Mr. Andrade and his legal team or the discovery obligations of the government." Andrade's Supp. Brief iso Motion to Compel, Dkt. #153 at 11:18-22, fn 17 (Mar.15, 2023). The government did not respond to Mr. Andrade's offers to comply with CIPA. On April 7, 2023, Judge Beeler granted Mr. Andrade's motion to compel, ordering the government to produce documents and devices relating to co-schemer Jack Abramoff, his fellow miscreant and political operative Paul Erickson, convicted Russian unregistered foreign agent Maria Butina, and Ukrainian pro-Russian Alexander Levin. Discovery Order (Dkt. #165) (Apr. 7, 2023).

[2] Although Mr. Shepard and Ms. Dent once had security clearances, they would need to be renewed. Other members of the defense team also may need to obtain security clearances. Mr. Andrade reserves his right to request additional time to prepare for trial if the CIPA process impinges on his counsel's ability to adequately prepare for trial.

[3] *See, e.g.*, Government's CIPA Motion at 16:23-24 to 17:1-3 (Dkt. # 322) (government asserts that the "type of information at issue, the amount of information at issue, the period of time when such information was collected, which agencies are involved, etc." should be provided *ex parte*).

1

his disagreement and will address them with the Court when and if they arise, in the event that the parties are unable to reach agreement.

Respectfully submitted,

DATED: July 25, 2024

KING & SPALDING LLP

By: /s/ Michael J. Shepard
    MICHAEL J. SHEPARD
    KERRIE C. DENT (*Pro Hac Vice*)
    CINDY A. DIAMOND

    Attorneys for Defendant
    ROWLAND MARCUS ANDRADE

2

ANDRADE'S RESPONSE TO GOVERNMENT'S MOTION FOR A
CIPA PRETRIAL CONFERENCE AND APPOINTMENT OF CISO        CASE NO. 3:20-CR-00249-RS-LB