UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No. 20-cr-00249-RS (LB)<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 256 |

    This order addresses the parties' ongoing dispute about the production to the defense of an image of Alexander Levin's phone.[1] The court previously ordered its production.[2] The government then said that it could not produce information that was outside the scope of the search warrant[3] even though (seemingly inconsistently) it had offered to produce an image subject to an AEO designation.[4] Citing the full legal standards under *Brady v. Maryland*, 373 U.S. 83, 87 (1983), and its progeny, and Federal Rule of Criminal Procedure 16(a)(1)(E), the court ordered the

---

[1] Mot. – ECF No. 317; *see, e.g.*, Mot. – ECF No. 215 at 2; Orders – ECF Nos. 165, 250, 256. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 165 at 11.

[3] Opp'n – ECF No. 220 at 4.

[4] *Id.* at 3.

ORDER – No. 20-cr-00249-RS (LB)

government to produce an image of the phone.[5] Then, it reconsidered that approach in favor of a third-party subpoena to Mr. Levin in order to address the government's concern that it lawfully possessed only contents of the phone that were covered by the search warrant.[6]

That approach did not work: the government contacted Mr. Levin's former attorney, who said that he no longer represents Mr. Levin. The government believes Mr. Levin "may be outside of the United States."[7] The defense does not have an address to serve Mr. Levin with a subpoena for the devices, despite asking the government for it.[8] The government apparently asked Mr. Levin's lawyer more than eighteen months ago where it should send the devices, and the lawyer never responded. The defense's investigator tried to serve Mr. Levin, but the neighbors reported that he had moved.[9]

At this point, Mr. Levin seemingly has abandoned any interest in the contents of the phone. By Friday, August 23, 2024, absent any objection by Mr. Levin, the government must produce an image of the phone to the defense. The government must serve a copy of this order by email on Mr. Levin's former attorney, who presumably has contact information for Mr. Levin, including an email address. The court would appreciate it if that attorney would email Mr. Levin this order and file proof of service (through the government or the defense, who can handle the efiling). Mr. Levin's contact information must be provided to the defense, who also can serve a copy of this order and a subpoena by email (if Mr. Levin is out of the country) and then file proof of service (including a representation, if true, that the email did not bounce back). If Mr. Levin wants to object to the production of the image, he must do so by August 22, 2024.

**IT IS SO ORDERED.**

Dated: August 1, 2024

_____
LAUREL BEELER
United States Magistrate Judges

---

[5] Order – ECF No. 165 at 11.

[6] Order – ECF No. 256.

[7] Opp'n – ECF No. 321 at 3.

[8] Dent Decl. – ECF No. 317-1 at 2 (¶ 3).

[9] *Id.* at 3 (¶ 6).