MICHAEL J. SHEPARD (SBN 91281)
 *mshepard@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:     +1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
 *kdent@kslaw.com*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:     +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
 *cindy@cadiamond.com*
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:     +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No. 3:20-cr-00249-RS-LBx<br><br>**DEFENDANT MARCUS ANDRADE'S BRIEF REGARDING CIPA SCHEDULING ORDER**<br><br>Judge: Hon. Richard Seeborg, Chief Judge |

Defendant Rowland Marcus Andrade submits this brief in response to the Court's August 15, 2024 Order requesting that the parties "each file a brief, no more than 4 pages in length, setting forth their respective positions on the appropriate schedule for the CIPA process." Stipulated Order, Dkt. #338 at 2:18-20 (Aug. 15, 2024).

We appreciate the government's moving its date for its initial Section 4 filing to the beginning of October, and also appreciate the court's statements during the August 15, 2024 status, but offer this less-than-four page filing to make a record of our objections to, and clarifications of, the government's proposal. As the Court is aware, defense counsel's main objection is the government's delay in raising this issue and the risks it presents to the February 10, 2025 trial date. Even with the government's move of the due date for its Section 4 filing from October 26, 2024 to October 1,[1] the government's proposal still gives the government over four years since Mr. Andrade was indicted, nearly two years since defense counsel began asking if CIPA would be needed,[2] and two and a half months since the government moved to institute the CIPA process, to file its initial CIPA Section 4 filing. The government's filing insists that it will show the court on October 1 why it waited so long, but if its showing is unpersuasive – which seems likely on these facts – it will be too late to change the schedule.

The most troublesome aspect of the government's proposal remains that the Section 4 filing only initiates the process, with the possibility of time-consuming proceedings such as obtaining security clearances, document review, and following leads from the documents.[3] Not to worry, says the

---

[1] The government's initial proposed schedule for the CIPA process did not include a proposed date for Mr. Andrade to make his own *ex parte* submission to the Court on his theory of the case, but the parties later agreed that both parties would file *ex parte* submissions on the same day. *See* Gov't Brief (Dkt #342 at 2:11-16) ("To address a separate concern raised by the defendant, the government has made clear that it does not oppose the defendant filing his own *ex parte* submission at this stage. A defendant may be permitted to file his own *ex parte* submission outlining his theory of the defense to aid the court in the review of any classified materials. *See United States v. Sedaghaty*, 728 F.3d, 885 906 n.10 (9th Cir. 2013))."

[2] The defense recognized several years ago that some of its discovery requests might possibly implicate classified information, and encouraged the government to institute CIPA proceedings if in fact the requests would lead to the production of classified information Defense counsel offered to proceed with the CIPA process if the government believed that documents requested in the discovery process were classified. *See* Dent Decl., ¶2 (citing email to AUSA Dawson on November 1, 2022, and email to AUSA Highsmith on May 10, 2023). The government instead refused to make the requested discovery.

[3] We have been told that security clearances, due to cost, cannot be initiated in advance of a decision that production with security clearances is appropriate. We believe the potential impact of Mr. Andrade's trial rights should outweigh the cost of security clearances and that at least one of the risks to the trial can be obviated by beginning the security clearance process now.

government, claiming that none of this matters because the Court will determine that the unidentified classified materials are not discoverable. But a schedule that dismisses defense counsel's concerns about its preparation being squeezed based only on (unsupported) confidence from the government that the court will rule in its favor cannot constitute a fair schedule to the defense, or one that protects the court's discretion and trial schedule.[4]  In addition, it is difficult to imagine why a government agency would determine that a voluminous set of classified documents must undergo the CIPA process months before trial if there is no reason to believe that the Court might find some or all of the material discoverable.

    The defense instead proposes, given the government's delay in raising the CIPA issue, the limited time between the Section 4 filing and trial, and the risks to the Court's trial date, that the Court require the government to make its Section 4 filing on September 13, 2024 (60 days after its CIPA filing), and that the Court allow the defense to make its own *ex parte* filing on that same day. Mr. Andrade also requests that the Court encourage the government to begin the security clearance process promptly, and he reserves his right to move for a trial continuance in the event that the government's prediction of how the CIPA process will proceed is incorrect.

DATED: August 29, 2024

Respectfully submitted,

**KING & SPALDING LLP**

By: /s/ Michael J. Shepard

MICHAEL J. SHEPARD
KERRIE C. DENT
CINDY A. DIAMOND
Attorneys for Defendant
ROWLAND MARCUS ANDRADE

---

[4] The government's confidence is especially unreliable given its record before Judge Beeler. Throughout the discovery process, Judge Beeler repeatedly has ruled that requested discovery was required by Rule 16 (and potentially *Brady* and *Giglio*) and ordered the government to make productions *See* Order dated April 7, 2023, Dkt #165 (ordering production of all 5 categories of priority items from second motion to compel); Order dated March 17, 2024, Dkt. # 292 (ordering production of 10 of the 11 categories of materials requested from third motion to compel); Order dated July 13, 2023, Dkt. #198 (ordering the government to produce Abramoff's phone); Order dated May 10, 2024 Dkt. #309 (ordering the government to provide Mr. Andrade access to his Trezor wallets). Rather than adjust its discovery responses in light of Judge Beeler's orders, the government persists in declining or ignoring defense counsel. It complains that the defense makes many requests, but most of the items in the letters from defense counsel are reminders of what remains unproduced despite Judge Beeler's orders. *See* Dent Decl. at ¶3.