ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
DAVID WARD (CABN 239504)
Assistant United States Attorneys

MATTHEW CHOU (CABN 325199)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7230
    christiaan.highsmith@usdoj.gov
    david.ward@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROWLAND MARCUS ANDRADE, <br><br> Defendant. | NO. CR 20-00249 RS (LB) <br><br> **UNITED STATES' RESPONSE TO DISCOVERY ORDER (RE; LEVIN PHONE)** |

On September 2, 2024, the Court filed a Discovery Order related to the procedures for disclosure of information from the image of Alexander Levin's iPhone. *Dkt. 347.* The Court ordered the government to file, by September 5, 2024, an acknowledgement that it had served a copy of the Court's Sept. 2 order on former counsel for Levin. The government has done so. *See Declaration of David Ward in Support of the United States' Response to Discovery Order (Re; Levin Phone),* ¶ 1.

1   The Court further ordered the government to provide it with a copy of the taint team procedures
2   the government includes in certain search warrant applications when it anticipates seizing evidence that
3   may include privileged information. That so-called "Filter Team Protocol" is being submitted to the
4   Court under seal, and defendants will be provided a copy. *See Ward Decl.,* ¶ 2 Exhibit A.

5   In its September 2, 2024 Order, the Court appears to be grappling with how to permit defendant
6   Andrade to search the image of Mr. Levin's iPhone in a manner that will comply with defendant
7   Andrade's subpoena demands, but to exclude Mr. Levin's personal, privileged, or otherwise irrelevant
8   materials. The government cannot access or search the image of Levin's device. As the Court has held,
9   the government has no authority to conduct a search of the full image of Levin's phone, as it lawfully
10  possessed only the contents of the phone that were authorized by the search warrant. *See Dkt. 256, Dkt.*
11  *332, Dkt. 347; United States v, Balwani*, 18-CR-0258 EJD, *Dkt. 1423*. Under *Balwani*, the government
12  has produced to Andrade all that it is entitled and allowed to produce.

13  Mr. Levin has now been given notice of defendant Andrade's subpoena and the September 12,
14  2024 hearing, including the option of appearing by Zoom. *See Dkt. 350 (Proof of Service by Email of*
15  *Subpoena for Alexander Levin)*. If Levin does not appear, the Court may conclude that he has
16  abandoned his interest in the image of his cell phone and order it produced to the defendant.

17  If, however, the Court concludes that the record does not establish that Levin has abandoned his
18  interest in the phone, then the focus would be on defendant's Rule 17 subpoena and how to produce to
19  defendant Andrade what he seeks to obtain via subpoena, without producing privileged or irrelevant
20  material. The government believes that under *Balwani* it has produced what it is entitled to produce and
21  that any further production to Andrade of a third party's personal property is not permitted. *See Dkt.*
22  *256, Dkt. 332, Dkt. 347; United States v, Balwani*, 18-CR-0258 EJD, *Dkt. 1423.*

23  The Court appears to contemplate having the defense team employ a private third-party that
24  would conduct a review of the image of the Levin phone, exclude privileged and non-responsive
25  information, and turn over to Andrade any remaining information responsive to the defendant's
26  subpoena. The government is reluctant to weigh in on a protocol outside the scope of what it would be
27  permissible for the government to do. While the Court and the parties employed the use of a third party
28  in regard to the Trezor wallets seized from defendant Andrade, with the Court allowing a vendor hired

by the defense to access and copy information from the Trezors, the Trezors were the defendant's property seized as physical evidence pursuant to Attachment B of a lawful search warrant.

      To the extent the Court orders a third-party selected by the defendant to obtain relevant, non-privileged information from an image of Levin's iPhone (while keeping Andrade's trial strategy confidential from the government), and allowing the Court, if necessary, to address and adjudicate any issues raised in that review, Andrade should be required to produce to the government in advance of trial any evidence he seeks to admit from the Levin iPhone.

DATED: September 5, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_/s/ David Ward_____
DAVID WARD
CHRISTIAAN HIGHSMITH
Assistant United States Attorneys

MATTHEW CHOU
Special Assistant United States Attorney