MICHAEL J. SHEPARD (SBN 91281)
mshepard@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA  94111
Telephone: +1 415 318 1200

KERRIE C. DENT (Admitted *pro hac vice*)
kdent@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
cindy@cadiamond.com
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone: +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# IN UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>          Plaintiff,<br>     vs.<br>ROWLAND MARCUS ANDRADE,<br>          Defendant. | Case No. 3:20-cr-00249-RS-LBx<br><br>**DEFENDANT'S BRIEF IN RESPONSE TO THE COURT'S SEPTEMBER 2, 2024 ORDER**<br><br>Judge: Hon. Laurel Beeler<br>Hearing Date:  September 12, 2024<br>Time: 10:30 am |

After "no one complied with the [August 1] order to provide Mr. Levin's contact information" to defense counsel,[1] the Court, on September 2, 2024, ordered that defense counsel – using an email address for Levin from discovery – serve by email the Levin subpoena, the court's August 1 and September 2 orders, and notice of the September 12 hearing (including the Zoom information). Discovery Order, Dkt. #347 at 4:8-11 (Sept. 2, 2024). The Court requested that defense counsel copy Mr. Levin's former counsel on the email and file proof of service "including a representation, if it is accurate, that the email did not bounce back." *Id.* at 4:11-12. Mr. Andrade's counsel has complied fully with the Court's order. *See* Proof of Service, including the declaration of Kerrie Dent that her emails to Mr. Levin on September 3 and September 4 did not bounce back. Dkt. #350 (Sept. 4, 2024).

The Court's September 2 order stated that, after the above "concern about notice is addressed," the parties could "provide suggestions about the court's proposed taint-team/highly confidential review procedures."[2] *Id.* at 5:8-9. The remainder of this filing responds to the Court's invitation.

*First*, the government should play no role in the review of Mr. Levin's phone. This Court's many rulings have shown the government to be an unreliable arbiter of what is material to the preparation of the defense – and the need for repeated motions demonstrates that the government has not changed its approach in response to this Court's rulings. In any event, although it has not adhered to this position when doing so did not serve its interests, the

---

[1] The Court's August 1, 2024 Order stated in part: "By Friday, August 23, 2024, absent any objection by Mr. Levin, the government must produce an image of the phone to the defense. The government must serve a copy of this order by email on Mr. Levin's former attorney, who presumably has contact information for Mr. Levin, including an email address. The court would appreciate it if that attorney would email Mr. Levin this order and file proof of service (through the government or the defense, who can handle the efiling). **Mr. Levin's contact information must be provided to the defense**, who also can serve a copy of this order and a subpoena by email (if Mr. Levin is out of the country) and then file proof of service (including a representation, if true, that the email did not bounce back). **If Mr. Levin wants to object to the production of the image, he must do so by August 22, 2024**. Discovery Order, Dkt. #332 at 2:11-20 (Aug. 1, 2024) (emphasis added).

[2] The September 2 order also requested that the parties file a copy of the government's taint team procedures. Discovery Order, Dkt. #347 at 5:4-8. Defense counsel looked but was unable to locate a copy of the government's taint team procedures in its discovery database.

government has consistently proclaimed to the Court that it cannot lawfully do anything with any part of Levin's devices not covered by its search warrant, and the review the Court envisions would require it to do so.

*Second,* Mr. Andrade accepts the Court's suggestion that the review of Levin's device – which we understand to include privilege (taint) as well as Mr. Levin's privacy interests – be performed by a third party vendor.[3] There are a number of options, including an e-discovery service such as Relativity, or a private company that performs taint reviews (such as JS Held or First Legal), or an independent law firm selected by the Court from the CJA panel.[4]

*Finally,* Mr. Andrade appreciates the time the Court has devoted to ensure that he receives the discovery to which he is entitled to prepare his defense, and he asks that the Court select a method of review that is efficient and that can proceed without delay.  The Levin devices were first requested on July 15, 2022, and the Court first ordered their production on April 7, 2023.[5]  Discovery Order, Dkt. #165 (Apr. 7, 2023). This is the twenty-fourth brief the parties have written regarding production of Levin's devices.  The trial date is rapidly approaching, and Mr. Andrade expects that the Levin devices will not only contain exculpatory evidence but also leads to still further helpful evidence – leads that will take time to pursue, especially given that many of the leads will be outside the United States.

---

[3] Dkt. #347 at 4:26. By accepting the Court's suggestion, Mr. Andrade does not mean to waive his argument that the record already establishes that Mr. Levin has abandoned the devices and therefore has no privacy, privilege, or other interests left to protect, and that the government failed to comply with the deadlines in the Court's August 1 Order. But the Court's September 2 Order does not appear to accept that argument and we are responding to the September 2 Order on its terms.

[4] Given that any of these possibilities could entail considerable cost, defense counsel suggests that they could put together a protocol for the Court's approval and have a team of lawyers at King & Spalding conduct the review. This alternative would obviate the need to pay for the review and also likely would expedite the process.

[5]  Defense counsel has now served Mr. Levin with a subpoena for his iPad and iPhone. The Court's August 1 and September 2 Orders refer only to Mr. Levin's phone, presumably because the government had argued that since it had never accessed the iPad, it could not be ordered to produce an image of it. If Mr. Levin has abandoned his iPad and his iPhone, both devices should be produced pursuant to the Rule 17(c) subpoena. There may already be a post-taint image with privileged materials removed from the iPhone.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: September 5, 2024 | KING & SPALDING LLP |
|  | By: */s/ Michael J. Shepard* |
|  | MICHAEL J. SHEPARD<br>KERRIE C. DENT<br>CINDY A. DIAMOND |
|  | Attorneys for Defendant<br>ROWLAND MARCUS ANDRADE |