UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 20-CR-00249-RS (LB) |
| Plaintiff, | ) |
| v. | ) **PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND RULE 16(d)(1) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE** |
| ROWLAND MARCUS ANDRADE, | ) |
| Defendant. | ) PUBLIC VERSION |

The Court, having carefully considered the Government's *In Camera, Ex Parte*, Under Seal Motion for an Order Pursuant to Section 4 of the Classified Procedures Act and Federal Rule of Criminal Procedure 16(d)(1), and Memorandum of Points and Authorities in Support Thereof (collectively, "Motion"), all accompanying attachments filed therewith, and Defendant Marcus Andrade's *ex parte* CIPA submission, hereby GRANTS the Government's Motion in its entirety.

As an initial matter, the Court finds that the Government's motion was properly filed *ex parte* and under seal for this Court's *in camera* review, pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1).

On the basis of the Court's review of the arguments set form in the Government's Motion and the classified declaration(s), the Court finds that the classified information referenced in the Government's Motion implicates the Government's classified information privilege because the information is properly classified and its disclosure could cause serious damage to the national security of the United States. Furthermore, the Court finds that none of the classified information is exculpatory. *See Brady v. Maryland*, 373 U.S. 83 (1963). Additionally, the Court finds that the Government has properly invoked the state-secrets privilege. *See United States v. Alahmedalabdaloklah*, 94 F.4th 782, 811 (9th Cir. 2024).

The Court further finds that, to the extent the classified information is discoverable, the government has met the "relevant and helpful" standard articulated by the Supreme Court in *Roviaro v. United States*, 353 U.S. 53 (1957), and consistently applied by the Courts of Appeal to the discoverability of classified information where the government has properly invoked the state-secrets privilege. *See Alahmedalabdaloklah*, 94 F.4th at 811 ("If the court determines that the information is discoverable and the state-secrets privilege applies, the court next must determine whether the evidence is 'relevant and helpful' to the defense of the accused."); *see also United States v. Klimavicius-Viloria,* 144 F.3d 1249, 1261 (9th Cir. 1998) (disclosure of classified information is not required when that information is not relevant and helpful to the defense of the accused); *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989) ("We hold, in short, that classified information is not discoverable in a mere showing of theoretical relevance . . . , but that the threshold for discovery in this context further requires that a defendant seeking classified information . . . is entitled only to information that is at least helpful to the defense of the accused." (internal quotation marks omitted)).

To this end, the Court finds that in applying the *Roviaro* standard, none of the classified information referenced in the Government's Motion is relevant and helpful to the defense. Moreover, nothing in the defendant's *ex parte* CIPA submission indicates to the contrary. The Court also finds that the withholdings authorized by this Order are consistent with the Government's discovery obligations under Federal Rule of Criminal Procedure 16, and *Brady v. Maryland*, *Giglio v. United States* and their progeny.

Accordingly, IT IS ORDERED that the Government is authorized to delete from discovery the items described in the Government's motion.

**IT IS SO ORDERED**, this third day of October, 2024.

_____
Hon. RICHARD SEEBORG
Chief United States District Judge