MICHAEL J. SHEPARD (Bar No. 91281)
 *mshepard@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:     +1 415 318 1200
Facsimile:      +1 415 318 1300

KERRIE C. DENT (Admitted *pro hac vice*)
 *kdent@kslaw.com*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:     +1 202 626 2394
Facsimile:      +1 202 626 3737

CINDY A. DIAMOND (SBN 124995)
 *cindy@cadiamond.com*
**ATTORNEY AT LAW**
58 West Portal Avenue, #350
San Francisco, CA 94127
Telephone:     +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>　　　　Defendant. | Case No. 3:20-CR-00249-RS<br><br>**MOTION TO ADOPT DEFENDANT'S PROPOSED SCHEDULING ORDER FOR EXPERT DISCLOSURES**<br><br>Judge:　　Hon. Richard Seeborg<br>Dept.:　　Courtroom 3 – 17th Floor<br><br>Trial Date: February 11, 2025 |

As provided in paragraph three of this Court's Stipulated Scheduling Order of December 20, 2024, ECF 417 at 2, Defendant Rowland Marcus Andrade proposes that he submit his expert disclosures after the government makes its disclosures; that his expert disclosures shall be made on January 10, 2025; that the government may file any Daubert motion on January 15, 2025; that defendant may file an opposition on January 18; and that the government may file an optional reply on January 20, 2025. Mr. Andrade proposed to the government, and now proposes to the court, a schedule in which he discloses his experts before trial but does so after the government makes its initial disclosure. This sequencing is based on the following propositions:

1. Federal Rule of Criminal Procedure 16 does not call for the government and defense disclosures to be simultaneous. Rather, it calls separately for the court to set dates for government disclosures and defense disclosures. *See* Fed. R. Crim. Rule 16(a)(1)(G)(ii) and (b)(1)(C)(ii). A fair reading of the rule suggests that the defense's disclosure obligation is triggered by a defense request for disclosure *and the government's compliance with that request*. Fed. R. Crim. Pro., Rule 16(b)(1)(C)(i).[1]

2. The rule requires disclosures of experts that defendants "intend to use" during their case-in-chief at trial, but, Mr. Andrade, like most defendants, may choose not to present a case-in-chief at all. He could merely contest the government's case and rely on the presumption of innocence, as well as the government's burden to prove guilt beyond a reasonable doubt. While he has been working with potential expert witnesses, whether and to what extent he will use them is currently undetermined, and the formulation of his defense will be impacted by what experts the government discloses. *See also* Advisory Committee Notes to Fed. R. Crim. Pro. 16, Amendment 2022 ("Sometimes a party may need to secure its own expert to respond to expert testimony disclosed by the other party").

3. Even if Mr. Andrade had a current intent to call an expert, compliance with the rule requires not just disclosure of that intent but also "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief," as well as "the bases and reasons for them." Given that any defense Mr. Andrade may choose to present will seek to be responsive to the government's proof, the "complete statement" and other information required under Rule 16(b)(1)(C)(iii) should be

---

[1] The only exception is in relation to experts designated under Federal Rule of Criminal Procedure 12.2. *See* Rule 16(b)(1)(C)(i), bullet two. Mr. Andrade has already identified his forensic neuropsychologist pursuant to that subpart of the rule, and has responded to follow-up government inquiries about that expert.

formulated after Mr. Andrade has been provided with the government's expert disclosures.

4. Due to the time of the year, the date the government has proposed for its disclosures (December 23, 2024), and the limited availability of defense experts during the holidays following the government's disclosures, January 10, 2025, is as soon as he can make his disclosures.

For the foregoing reasons, this Court should grant Defendant's motion and order that defendant's expert disclosures shall be made on or before January 10, 2025; that the government may file any Daubert motion on or before January 15, 2025; that defendant may file an opposition on or before January 18; and that the government may file an optional reply on or before January 20, 2025.

Dated: December 23, 2024         **KING & SPALDING LLP**

By: *s/Michael J. Shepard*
MICHAEL J. SHEPARD
KERRIE C. DENT

Attorneys for Defendant
ROWLAND MARCUS ANDRADE