MICHAEL J. SHEPARD (SBN 91281)
 *mshepard@kslaw.com*
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA  94111
Telephone:     +1 415 318 1200

KERRIE C. DENT (Admitted *pro hac vice*)
 *kdent@kslaw.com*
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:     +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
 *cindy@cadiamond.com*
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:     +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>ROWLAND MARCUS ANDRADE,<br>Defendant. | Case No. 3:20-cr-00249-RS<br><br>**DEFENDANT MARCUS ANDRADE'S OPPOSITION TO THE UNITED STATES' MOTIONS IN LIMINE**<br><br>Judge: Hon. Richard Seeborg |

# TABLE OF CONTENTS

Page

1.  MOTION IN LIMINE NO. 1: THE COURT SHOULD ALLOW THE
    DEFENDANT TO OFFER A GOOD FAITH DEFENSE OF BLAMING
    HIS VICTIMS ................................................................................................ 1

2.  MOTION IN LIMINE NO. 2: THE COURT SHOULD LIMIT THE
    GOVERNMENT'S OFFER OF MR. ANDRADE'S PRIOR
    STATEMENTS, AND PERMIT MR. ANDRADE TO OFFER HIS OWN
    PRIOR STATEMENTS, AS APPROPRIATE ................................................ 3

3.  MOTION IN LIMINE NO. 3: MR. ANDRADE SHOULD BE PERMITTED
    TO PRESENT A GOOD FAITH DEFENSE ................................................. 5

4.  MOTION IN LIMINE NO. 4:THE COURT SHOULD HANDLE ANY
    FAILURES TO COMPLY WITH DISCOVERY OBLIGATIONS ON A
    CASE-BY-CASE BASIS ............................................................................. 6

5.  MOTION IN LIMINE NO. 5: THE COURT SHOULD ADMIT BUSINESS
    AND PUBLIC RECORDS AS APPROPRIATE ........................................... 7

6.  MOTION IN LIMINE NO. 6: THE COURT SHOULD ADMIT
    SUMMARY CHARTS OF VOLUMINOUS EVIDENCE AND
    PEDOGOGICAL AIDS AS APPROPRIATE ................................................ 7

7.  MOTION IN LIMINE NO. 7: NOTICE IS REQUIRED FOR REBUTTAL
    EXPERTS ..................................................................................................... 8

8.  MOTION IN LIMINE NO. 8: THE COURT SHOULD NOT POLICE
    STATEMENTS THAT THE GOVERNMENT MIGHT SEE AS SUBTLE
    REFERENCES TO PUNISHMENT ............................................................ 9

9.  MOTION IN LIMINE NO. 9: THE COURT SHOULD ENTER AN
    EXCLUSION ORDER CONSISTENT WITH THE NINTH CIRCUIT'S
    DECISION IN ROBERTSON ....................................................................... 9

10. MOTION IN LIMINE NO. 10: HEARSAY STATEMENTS MAY BE
    ADMISSIBLE ON OTHER GROUNDS, AND CAN BE ADDRESSED ON
    A CASE-BY-CASE BASIS .......................................................................... 10

---

1

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Federal Cases**

4

*Beech Aircraft Co. v. Rainey*,
5
    488 U.S. 153 (1988).................................................................................................4

6
*Davis & Cox v. Summa Corp.*,
    751 F. 2d 1507 (9th Cir. 1985) ...........................................................................7
7

8
*Grouse River Outfitters, Ltd. V. Netsuite, Inc.*,
    16-cv-02954-LB (N.D. Cal December 21, 2017) (ECF 83) .....................................1

9
*In re Taco Bell Wage & Hour Actions*,
10
    No. 07-cv-1314, 2016 WL (E.D. Cal. Apr. 8, 2016) ..........................................7

11
*United States v. Barreiro*,
    2015 WL 7734139 (N.D. Cal. Dec. 1, 2015) ................................................1, 6
12

13
*United States v. Benny*,
    786 F.2d 1410 (9th Cir. 1986)................................................................................5

14
*United States v. Bogucki*,
15
    2019 WL 1024959 (N.D. Cal. Mar. 4, 2019).........................................................2

16
*United States v. Casher*,
    2020 WL 2771818 (D. Mont. May 28, 2020)........................................................2
17

18
*United States v. Collicott*,
    92 F.3d 973 (9th Cir. 1996) ..................................................................................4

19
*United States v. Dashner*,
20
    2015 WL 3660331 (N.D. Cal. June 2, 2015) ........................................................1

21
*United States v. Ell*,
    718 F.2d 291 (9th Cir. 1983) ..............................................................................10
22

23
*United States v. Fernandez*,
    839 F.2d 639 ...........................................................................................................5

24
*United States v. Ghilarducci*,
25
    220 F. Appx. 496 (9th Cir. 2007)...........................................................................5

26
*United States v. Greschner*,
    802 F.2d 373 (10th Cir. 1986) ............................................................................10

27

28

1

*United States v. Kelly*,
  2023 U.S. Dist. LEXIS 103574 (N.D. Cal. June 14, 2023) ..........................................4, 9, 11

*United States v. Lindsey*,
  850 F.3d 1009 (9th Cir. 2017) ...........................................................................................2

*United States v. Litvak*,
  800 F.3d 160 (2d. Cir. 2015).............................................................................................3

*United States v. Lopez-Medina*,
  596 F.3d 716 (10th Cir. 2010).........................................................................................4

*United States v. Martinelli*,
  454 F.3d 1300 (11th Cir. 2006) ........................................................................................1

*United States v. Mitchell*,
  502 F.3d 931 (9th Cir. 2007) ...........................................................................................5

*United States v. Monks*,
  774 F.2d 945 (9th Cir. 1985) .........................................................................................11

*United States v. Ortega*,
  203 F.3d 675 (9th Cir. 2000) ...........................................................................................5

*United States v. Rizk*,
  660 F.3d 1125 (9th Cir. 2011) ..........................................................................................7

*United States v. Robertson*,
  895 F3d 1206 (9th Cir. 2018) .....................................................................................9, 10

*United States v. Shaver*,
  607 F. Supp.2d 1168 (S.D.Cal. 2009)............................................................................10

*United States v. Sutton*,
  801 F.2d 1346 (D.C. Cir. 1986) ........................................................................................4

*United States v. Williams*,
  2017 WL 4310712 (N.D. Cal. Sept. 28, 2017) .............................................................1, 9

*United States v. Yagi*,
  2013 WL 10570994 (N.D. Cal. Oct. 17, 2013)..............................................................1, 4

*United States v. Yang*,
  2019 WL 5536213 (N.D. Cal. Oct. 25, 2019)..........................................................1, 2, 3, 4

*United States v. Zemek*,
  634 F.2d 1159 (9th Cir. 1980) ........................................................................................11

DEFENDANT'S OPPOSITION TO MOTIONS IN LIMINE        Case Number:  3:20-cr-00249-RS

**Other State Cases**

*United States v Aiyaswamy*,
    2017 WL 1365228 ..................................................................................................4, 6

**Other Authorities**

Federal Rule of Evidence 615 ..................................................................................9, 10

Rule 12.2(b) ........................................................................................................................8

Rule 16 ................................................................................................................................1

Rule 16, 2022 Amendment ............................................................................................8

Rule 16(A)(1)(g) ..............................................................................................................8

Rule 106 ..........................................................................................................................4, 5

Rule 403 ..............................................................................................................................3

Rule 801 ............................................................................................................................11

Rule 801(2)(C) and (D)..................................................................................................11

Rule 1006 ............................................................................................................................7

Rules 702, 703 ..................................................................................................................8

Rules—2023 Amendment..............................................................................................5

DEFENDANT'S OPPOSITION TO MOTIONS IN LIMINE    Case Number: 3:20-cr-00249-RS

Other than the outlier of its Motion in Limine #7, in which the government asks the court to allow it to defy the unambiguous requirements of Rule 16, most of the government's Motions in Limine have at their core a kernel of support. But in each of those instances, the order sought by the government leaves that kernel behind in the dust, and should be denied. This and other courts in this district have seen many parts of the government's motion before, have noted their frequent failure to identify individual pieces of evidence to which the motions apply, acknowledged their overbreadth, and have declined to issue the requested "blanket ruling[s] precluding such evidence or argument." *See, e.g., United States v. Yang*, 2019 WL 5536213, at *2 (N.D. Cal. Oct. 25, 2019); *United States v. Williams*, 2017 WL 4310712, at *8 (N.D. Cal. Sept. 28, 2017); *United States v. Barreiro*, 2015 WL 7734139, at *1 (N.D. Cal. Dec. 1, 2015); *United States v. Dashner*, 2015 WL 3660331, at *4 (N.D. Cal. June 2, 2015); *United States v. Yagi*, 2013 WL 10570994, at *3 (N.D. Cal. Oct. 17, 2013). Instead, the Court should require the government to raise its objections at the appropriate time at trial, at which point the Court will have the benefit of the specific evidence and the context in which to make its decision.

## 1. MOTION *IN LIMINE* NO. 1: THE COURT SHOULD ALLOW THE DEFENDANT TO OFFER A GOOD FAITH DEFENSE OF BLAMING HIS VICTIMS

Under the rubric of precluding Mr. Andrade from "blaming his victims," the government's first motion has multiple pieces. One of the pieces, its effort to preclude the defense from arguing that a statement is puffery is wrong. *See, e.g., United States v. Martinelli*, 454 F.3d 1300, 1317 (11th Cir. 2006) ("puffing" or "sellers talk" is not a crime under the federal fraud statutes); *Grouse River Outfitters, Ltd. V. Netsuite, Inc.,* 16-cv-02954-LB (N.D. Cal December 21, 2017) (ECF 83) (statements constituting mere puffery cannot support liability for fraud). Its other two efforts, addressing the due diligence of victims, and addressing conduct by others in the cryptocurrency space, are overbroad and should be resolved as specific evidence os offered at trial.

As for victims, the government appears to be seeking a premature, broad order precluding Mr. Andrade from "arguing that the victims in this case – investors who purchased AtenCoin or

DEFENDANT'S OPPOSITION TO MOTIONS IN LIMINE          Case Number: 3:20-cr-00249-RS

1  AML Bitcoin tokens – could have or should have exercised more diligence or skepticism," Gov't

2  MIL at 5, or that they were "negligent, were not actually misled, or were otherwise at fault in this

3  case." Gov't MIL at 6. Mr. Andrade acknowledges that victim negligence is not a defense to

4  wire fraud, and has argued in his Motion in Limine #2 that the Court should exclude "testimony

5  from any victims who say they relied on allegedly materially false and misleading statements

6  when they purchased AML Bitcoin and that they suffered losses as a result." Dkt. #452 at 13.

7  But if the Court permits victim testimony, the door should swing both ways, especially on cross

8  examination, where the government's request could violate the confrontation clause. *United*

9  *States v. Yang*, 2019 WL 5536213, at *3 (N.D. Cal. Oct. 25, 2019); *see United States v. Casher*,

10  2020 WL 2771818, at *2 (D. Mont. May 28, 2020) (where government elicited evidence that

11  witnesses relied on allegedly false statements, defense may submit evidence that the witnesses

12  "did not rely on the false statements and that the information was not capable of influencing their

13  decision making").[1]

14      The broad sweep of the government's request also appears to include matters that bear on

15  Mr. Andrade's intent, such as the alleged victim's reactions to supposed misstatements, the

16  alleged victim's standards for purchasing cryptocurrency, and the context in which the

17  communications took place. *See United States v. Bogucki*, 2019 WL 1024959, at *2 (N.D. Cal.

18  Mar. 4, 2019) ("materiality must be assessed in the context in which the communications

19  occurred; in consequence, industry practices, agreements between the parties, and other

20  information known to the parties at the time of the allegedly false statements are relevant to

21  assessing those statements' materiality"). And the government 's proposed prohibition of

22  whether the potential victim might have been "otherwise at fault," such as by not responding to

23  compliance inquiries, also would cut off legitimate avenues of defense. As the court in *Yang*

24  recognized in denying a motion to preclude the defense from "blaming their victims" and from

25  

26  [1] In a footnote, the government suggests that *United States v. Lindsey*, 850 F.3d 1009, 1015 (9th Cir. 2017)
   establishes that materiality is objective, as if to suggest that victim testimony about materiality is irrelevant. This

27  would support Mr. Andrade's motion *in limine* about victim testimony, and any reading of Lindsey that would
   permit the government to present victim witnesses to prove materiality but that would foreclose the defendant from

28  presenting such evidence herself would violate his right of confrontation.

DEFENDANT'S OPPOSITION TO MOTIONS IN LIMINE          Case Number:  3:20-cr-00249-RS

arguing that victims "could have or should have exercised more diligence or skepticism," the line between the permissible and the impermissible on these issues is "less than clear." 2019 WL 5536213 at *2 (denying motion to the extent it sought to "preclude impeachment evidence and evidence bearing on materiality). It therefore is not one that should be decided on paper before trial.

Addressing conduct by others in the cryptocurrency space, the government seeks to exclude evidence that "founders in this area frequently use exaggeration and dramatic promises to generate needed attention for their cryptocurrency projects and attract capital." Accepting the proposition that "other people committed the same crime" is not a defense, the government's request is too undefined and appears to sweep far too broadly. The only support the government offers for this request are cases rejecting selective prosecution claims, but there is much space between what the government seeks to prohibit and selective prosecution claims. Leaving law enforcement decisions aside, what is common and accepted in a given community bears on a defendant's intent, especially defendants who are easily manipulated by others. *See United States v. Litvak*, 800 F.3d 160, 188-89, 190 (2d. Cir. 2015) (reversing fraud and false statement convictions based in part on erroneous exclusion of evidence that supervisors approved similar conduct by other employees, finding proof that the defendant was engaging in "standard operating procedure" provided a basis to infer that defendant held an honest belief that is conduct was not improper, and explaining that the relevance bar for such evidence is a "low threshold").

**2. MOTION *IN LIMINE* NO. 2: THE COURT SHOULD LIMIT THE GOVERNMENT'S OFFER OF MR. ANDRADE'S PRIOR STATEMENTS, AND PERMIT MR. ANDRADE TO OFFER HIS OWN PRIOR STATEMENTS, AS APPROPRIATE**

The government asks the Court to agree that any statement by the defendant that it offers is admissible, and that any statement by the defendant that the defendant offers is not. This too is oversimplified. For example, when the government offers statements of the defendant, they still must satisfy Rule 403.

Nor is it correct to say the defendant "may not seek to introduce his own out of court statements," Gov't MIL at 9, and courts in this district have rejected this motion, especially in

the abstract as the motion is presented here.  *See, e.g., United States v. Yagi*, 2013 WL 10570994 (N.D. Cal. October 17, 2013) at *2, 3, 5 (rejecting motion precluding defense admission of his own out of court statements when the specific statements were unidentified, explaining that its "ability to rule on this motion is hampered by the government's failure to specifically identify those exhibits to which it was objecting," and ordering the government to "file a list of the specific exhibits to which it objects and a detailed statement of the bases for this objection"); *Yang*, 2019 WL 5536213, at *4; *United States v Aiyaswamy*, 2017 WL 1365228 (N.D. Cal. April 14, 2017 at *3 ("[t]he admissibility of particular statements depends on the statement at issue, the purpose of the statements' introduction into evidence, and whether any of the exceptions to the rule against hearsay apply to those statements"); *United States v. Kelly*, 2023 U.S. Dist. LEXIS 103574 (N.D. Cal. June 14, 2023).

Among the circumstances when a defendant can introduce some of his out of court statements is when they are not offered for the truth of the matter asserted,  *see, e.g., Yang*, 2019 WL 5536213, at *2, including but not limited to statements that are relevant because they were said, and statements that are verbal acts.[2]  *See, e.g., United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004) ("[O]ut-of-court statements that are offered as evidence of legally operative verbal conduct are not hearsay. They are considered 'verbal acts'"). Another way a defendant can introduce out of court statements is under the Rule of Completeness – either the common law version, the recently-amended version in Rule 106, or both, or the related opened the door doctrine.  *See United States v. Collicott*, 92 F.3d 973, 979-80 (9th Cir. 1996).  The common-law rule of completeness operates independently of Rule 106, but, like the recently amended rule, both applies to oral statements, *see Beech Aircraft Co. v. Rainey*, 488 U.S. 153, 171-72 (1988), and also supersedes the hearsay rule.  *See United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010) ("Even if the fact allocution would be subject to a hearsay objection, that does not block its use when it is needed to provide context for a statement already admitted"); *United States v. Sutton,* 801 F.2d 1346, 1368 (D.C. Cir. 1986) ("Rule 106 can adequately fulfill its

---

[2] The government implicitly recognizes this theory of admissibility at page 20 of its Motion in Limine.

DEFENDANT'S OPPOSITION TO MOTIONS IN LIMINE                Case Number:  3:20-cr-00249-RS

1  function only by permitting the admission of some otherwise inadmissible evidence when the

2  court finds in fairness that the proffered evidence should be considered contemporaneously, "

3  and "[a] contrary construction raises the specter of distorted and misleading trials,"); Rule 106,

4  Committee Notes on Rules—2023 Amendment (recognizing that sometimes context to a

5  statement is found in a statement made on a different occasion, directing that it is not necessary

6  to limit the admission of a statement admissible under Rule 106 to a particular purpose, and

7  explaining that "[a] party that presents a distortion can fairly be said to have forfeited its right to

8  object on hearsay grounds to a statement that would be necessary to correct the misimpression.").

9    The government cites three cases purporting to establish the contrary, but in none of

10  those cases was a rule of completeness argument made of any kind, or do the facts presented in

11  the opinion suggest that the rule of completeness would have been applicable. *See, e.g., United*

12  *States v. Fernandez*, 839 F.2d 639. 640 (9th Cir. 1988) (defendant on cross examination of FBI

13  agent sought to elicit his post-arrest statement, which had not been used against him, on the basis

14  that it forestalled any assumption that he had admitted guilt by silence, but there was no evidence

15  that an accusatory statement had been made in his presence or that he failed to respond to such a

16  statement).[3]

17  ### 3.  MOTION IN LIMINE NO. 3: MR. ANDRADE SHOULD BE PERMITTED TO
18  ### PRESENT A GOOD FAITH DEFENSE

19    Mr. Andrade acknowledges the cases stating that it is not a defense that he thought that

20  the purchasers of his tokens would be repaid in the end.  But the government describes its motion

21  as barring Mr. Andrade from "presenting an improper good faith defense," a vague and

22  overbroad request because his good faith in the belief of his statements is a defense to the fraud

23  charge.  *United States v. Benny,* 786 F.2d 1410, 1417 (9th Cir. 1986) (Although a good faith

24  belief that the alleged victims will be repaid is not a proper defense, "[a]n honest, good faith

25

26  [3] In addition, *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) applied a former version of Rule 106 to its
analysis of defendant's oral statements, at a time when Rule 106 did not apply to oral statements.  In *United States v.*
27  *Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007), "[t]he inculpatory statements elicited on direct examination of Agents
Kirk and Duncan were not taken out of context or otherwise distorted."
28

DEFENDANT'S OPPOSITION TO MOTIONS IN LIMINE          Case Number:  3:20-cr-00249-RS

1  belief in the truth of the misrepresentations may negate intent to defraud."); *United States v.*

2  *Ghilarducci*, 220 F. Appx. 496, 501 (9th Cir. 2007) (because "[m]ail fraud requires the specific

3  intent to defraud . . . if [defendant] had a good-faith belief that [the alleged fraudulent scheme]

4  was legitimate, he could have been acquitted on [mail-fraud charge]").

5        For example, evidence showing that Mr. Andrade believed in the quality of his

6  technology and the people working on it, for example, bears on his intent and good faith when

7  making statements about his technology; there is ample support for admitting such evidence, and

8  none of the cases in the government's brief suggest the contrary.  *United States v. Barreiro,* 2015

9  WL 7734139, *1 (N.D. Cal. Dec. 1, 2015) (denying government's motion *in limine* to preclude

10  defendants from presenting a claim of good faith because "Defendants are entitled to argue that

11  they lacked intent to defraud because they believed, in good faith, that any alleged

12  misrepresentations [to investors] were true and t*hat [its company] was a legitimate business.*").

13  (emphasis added).  This is another instance in which evidence needs to be considered in context,

14  rather than through a blanket ruling excluding all evidence of Mr. Andrade's beliefs about his

15  business.

16

17        **4.   MOTION IN LIMINE NO. 4:THE COURT SHOULD HANDLE ANY**
         **FAILURES TO COMPLY WITH DISCOVERY OBLIGATIONS ON A CASE-**
18        **BY-CASE BASIS**

19        Mr. Andrade will not flout his discovery obligations or this Court's orders.  Earlier today,

20  the Court resolved issues about Mr. Andrade's obligations, and he intends to comply with the

21  Court's order.  To the extent that the government's motion suggests that the court should enter an

22  order prohibiting Mr. Andrade from introducing any undisclosed evidence, the law is to the

23  contrary.  *Aiyaswami,* 2017 WL 1365228 at *4 ("The Court declines to make a blanket ruling

24  that Defendant's failure to comply with its discovery obligations will necessarily lead to the

25  exclusion of the undisclosed evidence. . . . such a determination must be made on a case-by-case

26  basis.").

27

28

1

2

**5.  MOTION IN LIMINE NO. 5: THE COURT SHOULD ADMIT BUSINESS AND PUBLIC RECORDS AS APPROPRIATE**

3

This Motion is written as if the government had, before filing its brief, listed for the

4 defense the seventeen sets of records that appear at pages 13-14 of its brief.  While the parties

5 had begun discussions of proposed stipulations, including for business records, no list had been

6 provided.  Once the flurry of briefing for the pretrial conference is completed, the defense will

7 review the documents and engage further with the government in an effort to avoid wasting the

8 time of the Court and the jury.  At this point, the government has not identified for the Court

9 with sufficient specificity the foundation for admission for any of the listed sets of documents.

10

11

**6.  MOTION IN LIMINE NO. 6: THE COURT SHOULD ADMIT SUMMARY CHARTS OF VOLUMINOUS EVIDENCE AND PEDOGOGICAL AIDS AS APPROPRIATE**

12

13

Mr. Andrade acknowledges that, with an adequate foundation, summaries can be

14 admitted into evidence under Rule 1006.   To be admissible, the proponent must first identify the

15 underlying materials, make them available for inspection, and they must be admissible. *United*

16 *States v. Rizk,* 660 F.3d 1125, 1131 (9th Cir. 2011). Second, summary charts must "fairly

17 represent" the underlying materials and cannot extend to pedagogical advocacy. *Davis & Cox v.*

18 *Summa Corp.*, 751 F. 2d 1507, 1516 (9th Cir. 1985) (affirming exclusion on this basis); *In re*

19 *Taco Bell Wage & Hour Actions*, No. 07-cv-1314, 2016 WL at *10 (E.D. Cal. Apr. 8, 2016)

20 (Fed. R. Evid. 1006 requires that summaries "must … be accurate and nonprejudicial" and "must

21 not make arguments about the inferences the jury should draw from the documents").  Mr.

22 Andrade proposes to cross-examine the witness who offers the summary documents that have

23 been provided to him by the government, to determine whether the summaries satisfy one or both

24 of these standards.  If the government wants to use these summaries in opening statement, the

25 defense may not object, with an understanding that in doing so, the government runs the risk that

26 the summaries might not ultimately be admitted.

27

28

7

1

## 7.   MOTION IN LIMINE NO. 7: NOTICE IS REQUIRED FOR REBUTTAL EXPERTS

2

3       This government's effort to excuse itself from noticing and disclosing rebuttal experts is

4   wrong and should be denied with prejudice.  Rule 16(A)(1)(g) expressly requires the government

5   to disclose its rebuttal experts under certain circumstances; those circumstances are present

6   here.[4]  Instead of complying with the rule, the  government cites three cases decided between

7   1979 to 2007 declaring that the government's obligation is limited to experts used in its case-in-

8   chief, and that it never has an obligation to disclose rebuttal experts.  The government appears to

9   have missed that the Rule was amended in 2022 and now expressly extends the disclosure

10  requirement to the government's rebuttal witnesses.  See Advisory Committee Notes to Rule 16,

11  2022 Amendment ("amendment to (a)(1)(G) also clarifies that the government's disclosure

12  obligation includes not only the testimony it intends to use in its case-in-chief, but also testimony

13  it intends to use to rebut testimony timely disclosed by the defense under (b)(1)(C)").

14      Without the 2022 Amendment, the Rule would have led to unfair results in cases like this

15  one in which the evidence can be dense and experts need substantial amounts of preparation time

16  (and substantial amounts of time for the lawyers to understand the work of the experts).  If the

17  government had no obligation to disclose rebuttal experts, it would be the only party to have

18  substantial prep time for rebuttal experts (over a month) while being able to keep the other side

19  from having any time to prepare cross examination.  No one could be expected to cross examine

20  effectively in that situation.

21

22

---

23  [4] According to Fed. R. Evid. 16(a)(1)(G) ("Expert Witnesses"), the government must give notice for any testimony the government intends to use under Rules 702, 703, or 705 during its case-in-chief, "or during its rebuttal to counter

24  testimony that the defendant has timely disclosed under (b)(1)(C)." Under (b)(1)(C), one of the bases for disclosure is when, at the government's request, the defendant has given notice under Rule 12.2(b) of an intent to present

25  expert testimony on the defendant's mental condition" and provided the government with certain disclosures.  The rebuttal disclosure obligation is triggered if the defendant, at the government's request, gives expert notice under

26  Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.  Here, the government's MIL acknowledges that Mr. Andrade "has notified the government that he may introduce expert evidence relating to

27  mental disease or defect or another mental condition bearing on the issue of guilt" and that Andrade "has provided the government with the name of a medical expert for Rule 12.2(b) purposes."

28

DEFENDANT'S OPPOSITION TO MOTIONS IN LIMINE                Case Number:  3:20-cr-00249-RS

1

2

**8. MOTION IN LIMINE NO. 8: THE COURT SHOULD NOT POLICE STATEMENTS THAT THE GOVERNMENT MIGHT SEE AS SUBTLE REFERENCES TO PUNISHMENT**

3      The government seeks an order precluding "any reference by the defense to Mr.

4   Andrade's alleged suffering or potential punishment during any phase of the trial." Gov't MIL at

5   18. Mr. Andrade acknowledges that it would be inappropriate for his counsel to identify, for

6   example, to describe the sentence Mr. Andrade is facing. The government's motion, however,

7   goes further and seeks to exclude "subtler" references to punishment, such as ""the case has

8   serious consequences for the Defendant," or "your decision will have consequences for a long

9   time to come." *Id.* In *Williams*, a court in this district facing a similar motion held that it "goes

10  too far" because "[s]ubtle references such as the one mentioned above are not really referencing

11  punishment." 2017 WL 4310712, at *8 (citation omitted) (denying in relevant part motion to

12  preclude defendant from stating that "this case has serious consequences for the defendant"). The

13  same result should follow here: the "subtler" references the government seeks to preclude do not

14  actually reference punishment at all. *Id.*; *Kelley*, 2023 U.S. Dist. LEXIS 103574 at *3.

15

16

**9. MOTION IN LIMINE NO. 9: THE COURT SHOULD ENTER AN EXCLUSION ORDER CONSISTENT WITH THE NINTH CIRCUIT'S DECISION IN ROBERTSON**

17      The government's motion appears to comport with what this Court is required to do at a

18  party's request.  See Federal Rule of Evidence 615.  It does not, however, go as far as the Ninth

19  Circuit directs, which includes not sharing with witnesses any transcripts, reports, or information

20  about the testimony of other witnesses.  In *United States v. Robertson*, 895 F.3d 1206, 1215 (9th

21  Cir. 2018), the Court explained that "an interpretation of Rule 615 that distinguishes between

22  hearing another witness give testimony in the courtroom and reading the witness's testimony

23  from a transcript runs counter to the rule's core purpose—"to prevent witnesses from tailoring

24  their testimony to that of earlier witnesses." (citing *Larson v. Palmateer,* 515 F.3d 1057, 1065

25  (9th Cir. 2008)).

26      As the *Robertson* Court explained, "[t]he danger that earlier testimony could improperly

27  shape later testimony is equally present whether the witness hears that testimony in court or

28

9

reads it from a transcript. An exclusion order would mean little if a prospective witness could simply read a transcript of prior testimony he was otherwise barred from hearing. . . . A trial witness who reads testimony from the transcript of an earlier, related proceeding violates a Rule 615 exclusion order just as though he sat in the courtroom and listened to the testimony himself." *Id.* at 1216. Similarly, a Rule 615 violation occurs when a witness talks about his testimony with a witness who is yet to testify. *See United States v. Shaver,* 607 F. Supp.2d 1168, 1175 (S.D. Cal. 2009) ("A circumvention of Rule 615 occurs when witnesses indirectly defeat its purpose by either discussing testimony they have given or events in the courtroom with other witnesses who are to testify." *United States v. Greschner*, 802 F.2d 373, 376 (10th Cir. 1986) (Rule 615 prohibits witnesses from discussing the case with other witnesses). *See United States v. Ell,* 718 F.2d 291, 293 (9th Cir. 1983) (Rule 615 applies equally to rebuttal witnesses and to witnesses who have already testified). In addition to entering the order the government requests, the Court should order the additional restrictions required by *Robertson.* Mr. Andrade asks the Court to consider one exclusion from the order: allowing expert witnesses to hear the testimony of experts to whom they are responding, and to hear the testimony of experts who are responding to them. This exclusion does not undermine the purposes of Rule 615 because experts are generally allowed to incorporate the testimony of other witnesses.

### 10. MOTION *IN LIMINE* NO. 10: HEARSAY STATEMENTS MAY BE ADMISSIBLE ON OTHER GROUNDS, AND CAN BE ADDRESSED ON A CASE-BY-CASE BASIS

As a fitting end to this Motion, the government submits that "in the main," the court should admit alleged misrepresentations not for the truth, but because they were made. Gov't MIL at 19. Mr. Andrade agrees with the proposition that when the fact that a statement was made has relevance itself, it can be admitted as not hearsay – and expects to offer evidence based on that same proposition. Whether that proposition applies to specific pieces of evidence, and whether those pieces of evidence should be excluded on other grounds, can best be determined on a statement-by-statement basis.

1    That these questions cannot be addressed in the abstract is especially true for the other

2  subdivisions of Rule 801 that the government cites in its Motion.  Admission under Rule

3  801(2)(C) and (D)[5] must be based on facts showing authorization, employment, or agency, and

4  must be established independently of the statements sought to be admitted.  *See generally United*

5  *States v. Monks,* 774 F.2d 945, 950 (9th Cir. 1985) ("the district court must first find that

6  sufficient foundational facts have been introduced for the jury reasonably to conclude that the

7  defendant did actually [adopt] the statement"); *United States v. Zemek*, 634 F.2d 1159, 1169 (9th

8  Cir. 1980) ("In light of consistent Ninth Circuit precedent allowing conditional admission, we

9  reject [the] argument for a mandatory pretrial determination,") *id* at n.13; *Kelly*, 2023 U.S.

10  LEXIS 103574 (N.D. CA., 2023) (mandatory pretrial determination of admissibility rejected in

11  favor of conditional admission of 801(d)(2)(E) statements).

12

13                                 Respectfully submitted,

14  DATED: January 15, 2025                 KING & SPALDING LLP

15                                 By:  */s/ Michael J. Shepard*

16                                 MICHAEL J. SHEPARD
                                   KERRIE C. DENT
17                                 CINDY A. DIAMOND

18                                 Attorneys for Defendant
                                   ROWLAND MARCUS ANDRADE
19

20

21

22

23

24

25

26

27

28
---
[5] Mr. Andrade addresses subpart (E), co-conspirator statements, in a separate filing.

11

DEFENDANT'S OPPOSITION TO MOTIONS IN LIMINE          Case Number:  3:20-cr-00249-RS