ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
DAVID WARD (CABN 239504)
Assistant United States Attorneys

MATTHEW CHOU (CABN 325199)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7230
    christiann.highsmith@usdoj.gov
    david.ward@usdoj.gov
    matthew.chou2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROWLAND MARCUS ANDRADE, <br><br> Defendant. | NO. CR 20-00249 RS-1 <br><br> **UNITED STATES' MOTION FOR RULE 16-COMPLIANT DISCLOSURE FOR DEFENSE EXPERT WITNESS KATHY JOHNSON** <br><br> Dept.:    Courtroom 3 – 17th Floor <br> Judge:    Hon. Richard Seeborg <br><br> Trial Date:    February 10, 2025 <br> Pretrial Conf:    January 22, 2025 |

## I. INTRODUCTION

On January 10, 2025, defendant Andrade notified the government that he intends to call as an expert witness at trial Kathy Johnson, a CPA and forensic accountant. *Dkt. 447* (Defendant's Preliminary Rule 16(b)(1)(C) Disclosures Regarding Expert Kathy Johnson). She is expected to testify as to the money laundering charge against Defendant Andrade. Johnson's disclosure notice is woefully

incomplete, failing to list any of the documents or materials that she purported relied on, and failing to state any opinions she would offer, or even if she will testify at trial. Defendant Andrade claims that he will "promptly supplement these preliminary disclosures" if he decides to call Ms. Johnson. This is not allowed by Rule 16. Defendant Andrade agreed to disclose his expert witnesses by January 10, 2025, and he is required to comply with Rule 16's requirements that he disclose a complete statement of his witness's proposed testimony and the bases for them. The Court should order Andrade to provide a Rule 16-compliant disclosure for Johnson by no later than the pretrial conference on January 22, 2025, and order that if one is not promptly provided, exclude her from testifying at trial.

## II.   BACKGROUND

Defendant Andrade was charged in an Indictment in 2020 with wire fraud and money laundering. *Dkt. 1*. On May 17, 2024, the Court set trial in this matter for February 10, 2025. *Dkt. 313*. Defendant has thus been on notice since at least last May that he would stand trial next month on a charge of money laundering, a count that invariably requires financial analysis of the transactions that constitute the alleged money laundering of the fraud proceeds alleged in this case. Andrade has been in possession of the bank and financial records in this case, many for years. He has been in possession of records from Andrade's accountant, Karl Ruzicka, since April 29, 2024. In his disclosure, defendant states that that Ms. Johnson has been "reviewing bank accounts, determining categorization of funds, and analyzing the flow of money relevant to Mr. Andrade's defense." *Dkt. 447*.

On December 23, 2024, the government provided its expert disclosure notice that it intended to call FBI Forensic Analyst Theresa Chiu as an expert witness to testify at trial. *Dkt. 421*. As part of this disclosure, the government provided defendant Andrade with a 27-page Preliminary Financial Summary Report and a list of bank and other financial records relied upon by Analyst Chiu. While titled "Preliminary," the disclosure is the full summary report of Analyst Chiu's analysis and findings. The underlying records reviewed and relied upon by analyst Chiu had all been produced to defendant Andrade, many years ago. In defendant's expert disclosure notice, Johnson states that she "also has access to some account statements which were not included in Chiu's analysis." *Id.*

According to Ms. Johnson's CV, she is an expert forensic accounting witness, who has performed forensic accounting services for over one hundred cases and testified in dozens of criminal

and civil cases and depositions. Yet, despite her expertise, her weeks if not months of work, and her access to all of the financial records produced in this case, Johnson states in her expert disclosure that she has been unable to reach any expert opinion. Andrade states that "to date, Mr. Andrade has not determined whether or not he will offer testimony from Ms. Johnson at trial" but will "promptly" update the government when and if he decides to offer her. *Id.*

## II.    LEGAL STANDARD

"[S]cientific, technical, or other specialized knowledge" may be admissible where it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Expert testimony must be (1) based upon sufficient facts or data, (2) the product of reliable principles and methods, and (3) the result of applying those principles and methods reliably to the facts of the case. *Id.*

The district court is a "gatekeeper," charged with the duty to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148-49 (1999); *Guidroz-Brault v. Missouri Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001).

As of December 2022, Federal Rule of Criminal Procedure 16 was amended to now require the defendant, and the government, when disclosing his proposed expert testimony, include 'a complete statement of all opinions that the defendant will elicit form the witness in the defendant's case-in-chief, and the basis and reasons for them" along with the witness's qualifications. *Fed. R. Crim. P. 16(b)(1)(C)(iii)*. This was a significant enhancement to Rule 16's expert disclosure notice. As the 2022 Amendment Advisory Committee Notes to Rule 16 state, the update deletes the phrase "written summary" and now require disclosure of "a complete statement of all opinions the expert will provide." *Id, Advisory Committee Notes (2022 Amendments).*

The Advisory Committee Notes for the 2022 Amendments are clear in their purpose – to address two shortcomings of the prior iterations of the rules regarding expert disclosure "the lack of specificity of what information must be disclosed and the lack of an enforceable deadline for disclosure." *Id.* The updates are "intended to facilitate trial preparation, allowing the parties fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." *Id.*

### III.     ARGUMENT

Defendant Andrade's disclosure for Ms. Johnson fails the basic requirements of Rule 16's expert disclosure requirements – notice and bases.  By failing to disclose any proposed relevant testimony, or to disclose any of the bases for her opinions, Dr. Johnson's notice fails the basic threshold requirement of the Rule 16, which compels a timely and complete disclosure of <u>all</u> of defendant's expert opinions and the bases for them.  This inadequate disclosure has significant consequences - it prevents the government from even addressing concerns about the reliability or relevance of the proposed testimony, and prevents the Court from doing so either.

Mr. Andrade's explanation for this failure are insufficient. He does not state when he retained Ms. Johnson, or how long she has had access to the relevant financial records in this case.  He should be required to disclose when he retained Ms. Johnson, and why, in that time period, she has been unable to come up with any expert conclusions that would be relevant to this case.

Andrade claims that he has not yet decided whether to call Ms. Johnson as a witness, but this strains credulity.  Defendant Andrade is charged with money laundering, a crime that he and his counsel well know is one in which complex financial analysis and testimony is routine.  Certainly in this case it is reasonable to expect that Mr. Andrade and his counsel would understand the need for expert testimony to explain to the jury the financial transactions underlying the money fraud charges.

Further, Ms. Johnson is a professional expert witness who specializes in "family law, business valuations and cash flow analysis [and] civil and criminal litigation support." *Dkt. 447* (Johnson CV). Ms. Johnson was retained by defendant Andrade to be his expert witness at trial regarding the money laundering allegations; she has spent weeks (possibly months) analyzing the bank and other financial records in this case, and the government's expert summary report.  Given her experience and stature, defendant Andrade is undoubtedly compensating her, likely handsomely.  None of this would have been undertaken had Andrade and his counsel not decided to call her as witness.

Defendant's failure to provide information about Ms. Johnson follows a pattern Andrade has adopted throughout this prosecution.  Repeatedly, he has refused to disclose information to which the government is reasonably entitled.  Until the Court granted the government's motion for relief today, he had refused to produce a witness list prior to trial, and had claimed he need not produce an exhibit list

U.S.' MOT. FOR RULE 16 COMPLAINT DISCLOSURE 4
CR 20-00249 RS

until the end of the government's case-in-chief.  *See Dkt. 443* (Govt's Opposition to Def.'s Motion for Order Regarding Witness and Exhibits Disclosure).  He has relied on *ex parte* filings to keep from the government evidence, including documents, that he used to support his 404(b) opposition, as well as in support of his discovery motions.  Defendant Andrade has produced no discovery to the government.

The government acknowledges and agrees that the Federal Rules of Criminal Procedure impose more fulsome discovery requirements on the government than they do on the defense.  But the rules clearly contemplate reciprocal discovery, and to date, the government has received none.  These requirements for timely disclosure are particularly important in the context of expert testimony. "[D]isclosure times, the amendment mandates, must be sufficiently before trial to provide a fair opportunity for each party to meet the other side's expert evidence." *Fed. R. Crim. P. 16*, Advisory Committee Notes, 2022 Amendments.

Because of their training and experience, and because the Court has granted them the imprimatur at trial as a subject matter expert, expert witness can carry outsize weight with a jury.  Juries often tend to give increased credit and weight to expert testimony.  It's for this exact reason that Rule 16's expert disclosure requirements are as robust as they are. The justification for timely and complete expert disclosure rules could not be more clear: "to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses." *Fed. R. Crim. P. 16*, Advisory Committee Notes, 2022 Amendments.

//
//
//
//
//
//
//
//
//
//

## II. CONCLUSION

For the foregoing reasons, the defendant should be ordered to provide an expert witness disclosure for Ms. Johnson by no later than the pretrial conference – a disclosure that includes a complete statement of all the opinions she intends to provide, and the bases for them, including a disclosure of all of the documents she relied on.  Certainly she can be allowed to update her disclosure at the end of the government's case-in-chief, but defendant Andrade should not be allowed to sandbag the government with complex, important testimony from a key defense witness, designated as an expert, without meeting his required disclosure obligations. Both Rule 16 and fundamental fairness dictate it.

DATED:  January 15, 2025                                          Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney


\_\_/s/ *David Ward*_____
CHRISTIAAN HIGHSMITH
DAVID J. WARD
Assistant United States Attorneys

MATTHEW CHOU
Special Assistant United States Attorney