MICHAEL J. SHEPARD (SBN 91281)
mshepard@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone:    +1 415 318 1200

KERRIE C. DENT (Admitted *pro hac vice*)
kdent@kslaw.com
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:    +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
cindy@cadiamond.com
58 West Portal Ave #350
San Francisco, CA 94127
408.981.6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　vs.<br>ROWLAND MARCUS ANDRADE,<br>　　　　Defendant. | Case No. 3:20-cr-00249-RS-LBx<br>**DEFENDANT ANDRADE'S OPPOSITION TO THE GOVERNMENT'S MOTION TO ADMIT CO-CONSPIRATOR STATEMENTS**<br>No. 3:20-cr-00249-RS<br>Judge: Richard Seeborg<br>Pretrial Date: January 22, 2025 |

# DEFENDANT MARCUS ANDRADE'S OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT CO-CONSPIRATOR STATEMENTS

Mr. Andrade objects to the government's effort to introduce the approximately 300 hearsay statements in ECF 449-1, and 10 pages of messages in ECF 449-2, as co-conspirator statements in toto, and submits that the proffered statements should at most be admitted provisionally, and subject to specific objections when offered at trial. *See United States v. Zemek*, 634 F.2d 1159, 1169 (9th Cir. 1980) ("In light of consistent Ninth Circuit precedent allowing conditional admission, we reject [the] argument for a mandatory pretrial determination,") *United States v. Kelly*, 2023 U.S. LEXIS 103574 (N.D. Cal., June 14, 2023) (mandatory pretrial determination of admissibility rejected in favor of conditional admission of 801(d)(2)(E) statements).

The government's motion begins with its story of the case, apparently intended to establish for the Court that the proffered statements were made during and in furtherance of a conspiracy between Mr. Andrade and the speaker, Fed. R. Evid. 801(d)(2)(E), and to meet the requirement that "the offering party must prove them by a preponderance of the evidence." *United States v. Saelee*, 51 F.4th 327, 342 (9th Cir. 2022). It then attaches the proffered co-conspirator statements – some written and some recorded, but nothing by way of anticipated testimony from live witnesses. It appears to make no effort to establish the existence of the conspiracy, its members, and its duration *through independent evidence,* even though both the Supreme Court and the Ninth Circuit has called co-conspirator statements "presumptively unreliable," *United States v. Silverman*, 861 F.2d 571, 578 (9th Cir. 1988) *citing Bourjaily v. United States*, 483 U.S. 171, 107 S. Ct. 2775, 2781, 97 L. Ed. 2d 144 (1987), and require additional evidence beyond the proffered statements themselves. *Silverman*, 861 F.2d at 577).[1]

In addition to failing to provide independent evidence, the government proffered statements that would not qualify as co-conspirator statements. For example, after Boyer told

---

[1] The government may have declined to prove the conspiracy by independent evidence in reliance on its citation to *United States v. Chen,* 548 F. Supp. 3d 904, 906 (N.D. Cal. 2021), Gov't Motion at 8, but Judge Chen's statement about the Confrontation Clause does not mean that co-conspirator statements alone can prove a conspiracy, because the opinion expressly says the opposite. *Id*. If it had not, it would be in conflict with *Silverman.*.

Dillman that Boyer had questioned by the FBI about AML Bitcoin and accused Dillman of lying to him, Dillman responded that "[e]verything I've stated I've repeated directly from Marcus." ECF 449-2 at 7Ex. #334.  Even if Boyer's (false) finger-pointing does not establish that the conspiracy had ended, his blaming Mr. Andrade served his own personal objectives rather than those of the conspiracy, and did not further any conspiracy in which Mr. Andrade is a part. See *United States v. Moran*, 493 F.3d 1002, 1010 (9th Cir. 2007); *United States v. Nazemian*, 948 F.2d 522, 529 (9th Cir. 1991) ("To be "in furtherance," the statements must further the *common objectives* of the conspiracy") (emphasis added).

In any event, any admission of co-conspirator statements is subject to completion issues.  *See* Mr. Andrade's Opposition to the United States' Motions in Limine to #2.  This principle is especially applicable to the government's proffered co-conspirator statements, which include relatively short excerpts from lengthy back-and-forth communications over time.  The government's brief insists that it can choose to admit "the context for any co-conspirator statement," ECF 449 at 12:5, and the rules of completeness permit the defense to do the same.

Respectfully submitted,

DATED: January 17, 2025

KING & SPALDING LLP

By: /s/ *Michael J. Shepard*

 MICHAEL J. SHEPARD
 KERRIE C. DENT
 CINDY A. DIAMOND

 Attorneys for Defendant
 ROWLAND MARCUS ANDRADE

2