ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
DAVID WARD (CABN 239504)
Assistant United States Attorneys

MATTHEW CHOU (CABN 325199)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7230
    christiann.highsmith@usdoj.gov
    david.ward@usdoj.gov
    matthew.chou2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROWLAND MARCUS ANDRADE, <br><br> Defendant. | NO. CR 20-00249 RS-1 <br><br> ***UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE OBJECTING TO GOVERNMENT EXPERTS*** <br><br> Dept.:    Courtroom 3 – 17th Floor <br> Judge:   Hon. Richard Seeborg <br><br> Trial Date:   February 10, 2025 <br> Pretrial Conf:  January 22, 2025 |

Defendant Andrade raises three issues with the proposed testimony the government's money laundering expert, IRS-CI Special Agent James Carfora, and one issue with the proposed testimony of the government's cryptocurrency expert, Brandon Tabbal. *See* Dkt. 440.

*1.     Carfora Concealment Testimony*

Agent Carfora proposed to testify that "based on his analysis of financial records and the financial tracing done by FBI Forensic Accountant [Theresa] Chiu, and applying the principles and methods developed by law enforcement to detect money laundering, that Andrade layered and commingled funds raised from investors in AML Bitcoin *in order to conceal their source, and then to further conceal their integration, or use, for Andrade's personal benefit*." *Id*. Defendant objects to this statement, arguing that it constitutes prohibited testimony as to whether the defendant did or did not have a mental state or condition that constitutes an element of the crime." Dkt. 440.

Fed. R. Evid. 704 states that an expert witness "must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged." *See Fed. R. Evid. 704(b)*. The Ninth Circuit and others have interpreted this provision narrowly, holding that while an expert may not state explicitly his opinion as to what a defendant's mental state was as to an element of a crime, an expert may assert facts and opinions that would allow a juror to infer or understand that a defendant held a certain mental state. *See United States v. Morales*, 108 F.3d 1031, 1037 (9th Cir. 1997). (Allowing testimony supporting an inference or conclusion that the defendant did or did not have the requisite *mens rea,* so long as the expert does not draw the ultimate inference or conclusion for the jury."). *United States v. Richard,* 969 F.2d 849, 854–55 (10th Cir. 1992) ("The rule does not prevent the expert from testifying to facts or opinions from which the jury could conclude or infer the defendant had the requisite mental state.

The Supreme Court last year reaffirmed this principle in *Diaz v United States*, 602 U.S. 526, 534 (2024). In *Diaz*, the Court held that it was proper for a DEA expert to testify that most drug couriers know they are transporting drugs, that because the expert "did not express an opinion about whether Diaz herself knowingly transported methamphetamine, her testimony did not violate Rule 704(b)." *Id*.

Here, Agent Carfora will limit his testimony to statements and opinions that the financial transactions he observed Andrade conduct *are consistent with, or are indicative of, or appear to be,* efforts to conceal their source and conceal their integration, or use. This testimony speaks to Andrade's actions and Carfora's expert opinion as to those actions, and does not state whether Andrade did or did not have the required intent that he knowingly concealed funds that were the proceeds of a specified

unlawful act. As such, his proposed testimony as described above is proper. *United States v. Dunn,* 846 F.2d 761, 762 (D.C.Cir.1988) ( "It is only as to the last step in the inferential process—a conclusion as to the defendant's actual mental state—that Rule 704(b) commands the expert to be silent.").

    *2.    Carfora Testimony as to the Term 'Fraudulent Misrepresentations'*

Defendant objects to Agent Carfora testifying that the fund transfers he analyzed were "raised from AML Bitcoins through fraudulent misrepresentations." *Dkt. 440.* Agent Carfora will testify that the fund transfers he analyzed came from funds raised from AML investors that the government alleges were obtained based on fraudulent misrepresentations, and thus represent the proceeds of a specified unlawful activity, that is wire fraud, as alleged in the Indictment. *Dkt. 1.* He will not offer any expert opinion on whether he believes any of the representations made were or were not fraudulent.

    *3.    Carfora Testimony Indicative of Money Laundering*

Defendant objects to Agent Carfora testifying that Andrade's purchase of a $600,000 cashier's check, and then the deposit of that check into his personal checking account, and later use of those funds to purchase personal properties *is indicative of concealment and promotional money laundering.*" Defendant Andrade seeks to limit this testimony to "could be" be indicative of money laundering.

This goes too far. Agent Carfora is a money laundering expert, and he is allowed to testify to his expert opinions, which are that the conduct *is* indicative of concealment and promotional money laundering. Defendant cites to *United States v. Alonso*, but in that case, the Ninth Circuit approved a direct statement that defendant's actions *were* consistent with criminal activity. *Alonso*, 48 F.3d 1536, 1541 (9th Cir. 1995) (Q: How would you describe Mr. Alonso's behavior; consistent with someone being a tourist or being someone involved in criminal activity. [Expert]: Clearly someone who *was* involved in a criminal activity.") (Italics added).

//
//
//
//
//
//

    *4.     Tabbal's Testimony as to Trainings he has Conducted*

As part of his testimony establishing his expertise in cryptocurrency, government expert Tabbal is expected to testify as to trainings he has conducted. *Dkt. 419* (Tabbal Expert Disclosure). Defendant objects to testimony as to his training on "how to identify if a wallet is used for the sale of child sexual abuse material (child pornography)" as unnecessary and unduly prejudicial under Fed. R. Evid. 403. The government agrees; defendant Tabbal will not testify as to that training.

DATED: January 18, 2025

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

  /s/ *David Ward*
CHRISTIAAN HIGHSMITH
DAVID J. WARD
Assistant United States Attorneys

MATTHEW CHOU
Special Assistant United States Attorney