UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No. 20-cr-00249-RS-1<br><br>**ORDER ON DEFENDANT'S MOTIONS** *IN LIMINE* |

Defendant has filed ten motions *in limine* ("MILs"). *See* Dkt. 425, 431, 440, and 454. This order summarizes the rulings on eight of these motions, *see* Dkt. 440 and 454, which may be revised at trial.[1] *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).

1. **MIL No. 1: Exclude the Super Bowl "Rejection Campaign" (Dkt. 454)**

Defendant seeks to preclude the government from introducing evidence of a Super Bowl advertisement "rejection campaign" allegedly orchestrated and approved by Defendant and his associates. He argues the evidence should be excluded because it does not go to any element of the government's wire fraud and therefore is inadmissible under Federal Rule of Evidence 401. However, the Super Bowl rejection campaign arguably misrepresented the quality of AML Bitcoin and the financial viability of the entire coin, thus relating to the nature of the bargain between investors and AML Bitcoin. The government has persuasively argued this campaign was material

---

[1] Defendant's Motion to Exclude Allegations and Evidence of Uncharged Bad Acts, Dkt. 425, is addressed in a prior order. *See* Dkt. 493. Defendant's Motion for Order Regarding Defense Witness List and Exhibits Disclosures, Dkt. 431, is addressed in two prior orders. *See* Dkt. 456 and 478.

to investors. Therefore, Defendant's arguments against the probative value of the evidence are unavailing.

Defendant then argues this evidence would waste trial time or impermissibly lengthen the trial, either of which would require exclusion under Rule 403. However, this argument is unconvincing given the relevance of the evidence. Additionally, any prejudicial effect of the evidence is outweighed by its probative value. The motion is therefore denied.

2. **MIL No. 2: Exclude Victim Testimony (Dkt. 454)**

Andrade seeks to exclude testimony from "any alleged victims who say they relied on allegedly materially false and misleading statements when they purchased AML Bitcoin and that they suffered losses as a result." Dkt. 454, at 7. The government argues this motion is entirely contradicted by Ninth Circuit case law and even the Ninth Circuit Model Jury Instructions. Andrade responds by clarifying he seeks exclusion only of statements by victims who interpreted the Super Bowl rejection campaign to mean AML Bitcoin "had a lot of money" because this somehow assumes all victims invested in reliance on this misrepresentation. *See id.*, at 8. While the Defendant is correct that there are other potential interpretations of the Super Bowl campaign, this is no reason to exclude entire swathes of victim testimony. The motion is denied.

3. **MIL No. 3: Exclude Misrepresentations Directed to Non-Purchasers (Dkt. 454)**

Invoking Rules 402 and 403, Andrade seeks exclusion of evidence regarding misrepresentations directed to non-purchasers of AML Bitcoin. He contends the indictment concerns only purchasers of AML Bitcoin and the universe of evidence regarding non-purchasers is too large for the defense to parse. By allowing admission of statements made to non-purchasers, the defense portends a series of "minitrials" resulting in the plagues of delay, confusion, and undue prejudice. *See id.* at 12. The government correctly counters that Defendant's proposed exclusion is unworkable. There is no requirement that a false statement be heard by a potential or actual purchaser in order to be admissible. Despite the Defendant's concerns about the expansion of the trial, the proper way to challenge evidence as irrelevant or prejudicial is to address that specific evidence or testimony, rather than seek exclusion of an unbounded category of misrepresentations. This motion is denied.

**4. MIL No. 4: Exclude Defendant's Failure to File Tax Returns (Dkt. 454)**

Andrade moves to exclude evidence of his failure to file tax returns as inadmissible uncharged bad acts. Even if Andrade's failure to file was admissible under Rule 404(b), he argues the evidence should be excluded under Rule 403 because it would unduly prejudice the Defendant and distract the jury from the charges of wire fraud and money laundering. The government contends this failure to file is both inextricably intertwined with the charged conduct and admissible as "other acts" evidence under Rule 404(b). It also avers the probative value of the evidence outweighs any prejudice or delay.

    a. Legal Standard

"Evidence should not be considered ... 'other act' evidence within the meaning of Rule 404(b) if the evidence concerning the 'other' act and the evidence concerning the crime charged are inextricably intertwined." *United States v. Loftis*, 843 F.3d 1173, 1177 (9th Cir. 2016) (internal quotation marks omitted). Accordingly, Rule 404(b) does not exclude evidence of an act that is "a part of the transaction that serves as the basis for the criminal charge," or that is "necessary ... to offer a coherent and comprehensible story regarding the commission of the crime." *Id.* at 1178 (quoting *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995)).

Rule 404(b) permits a district court to admit evidence of "any other crime, wrong, or act" for the purpose of "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Ninth Circuit courts use a four-part test to determine the admissibility of evidence under Rule 404(b): "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States v. Flores-Blanco*, 623 F.3d 912, 919 (9th Cir. 2010) (quoting *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994)). It is the government's burden to establish that the evidence meets each of these requirements. *See United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (citing *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993)). Finally, if the proffered evidence meets all four requirements,

"the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *Id.* (quoting *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002)).

    b. <u>Discussion</u>

The government first argues Andrade's failure to file tax returns is inextricably intertwined with the charges of fraud and money laundering because his failure is part of the concealment. The government also argues Andrade's failure to file is necessary to tell a coherent and comprehensive story regarding the commission of the crimes. In making this argument, the government primarily relies on a case from the District of Nevada and one Ninth Circuit case where no abuse of discretion was found in admitting a defendant's failure to file as evidence of the illegality of the income financing his other illegal activity. *See* Dkt. 464 at 6–9; *United States v. Finn*, Case No. 13-cr-439-KJD-VCF, 2020 WL 376644, at *3 (D. Nev. Jan. 23, 2020) (unpubl.); *United States v. Taylor*, 239 F.3d 994, 999-1000 (9th Cir. 2005).

While the necessity is less clear for the fraud charge, the government is on stronger footing in arguing for the relationship between Defendant's failure and the concealment element of money laundering. The defense's reply critiques the relationship between failure to file and fraud but does not address the role the failure played in Andrade's alleged concealment of investor funds in transferring them to his personal accounts. The government has adequately demonstrated Andrade's lack of tax returns is intertwined with his conduct in siphoning funds from investors.

Additionally, Andrade's failure to file tax returns during the alleged scheme, despite earning considerable income, does speak to the material point of his intent to conceal that income. The government argues all four 404(b) elements are met because (i) sufficient evidence of Andrade's failure to file taxes during the relevant years exists for the jury to find that he failed to file taxes, (ii) Andrade's failure to file taxes proves intent to conceal the gains of his fraud scheme, (iii) the failure to file tax returns occurred contemporaneously with the fraud scheme, and (iv) Andrade's failure to file taxes is similar to the charged fraud scheme in that both are premised on deception and concealing the truth for financial gain. The close relationship between Andrade's

failure to file and his concealment of investor funds further underscores the similarity between the uncharged and charged conduct.

Andrade finally appeals to Rule 403 to argue any evidence regarding his lack of returns should be excluded. However, this argument is unavailing, given the probative value of the evidence discussed above. The potential time spent on the presentation of this evidence appears minimal. Additionally, Andrade's failure to file is unlikely to "overwhelm the trial with prejudicial evidence" nor "lure the factfinder into declaring guilt on an improper basis." Dkt. 454, at 11. The probative value of Andrade's failure to file outweighs any potential prejudicial impact. At trial, the defense can certainly rebut the inferences that failure to file tax returns evidences an intent to conceal ill-gotten gains or evidences the illegality of the scheme behind those gains. For the above reasons, the motion is denied.

5. **MIL No. 5: Civil Litigation Pursued by Andrade (Dkt. 454)**

The defense moves for exclusion of evidence of civil litigation pursued by Andrade. In particular, the government intends to introduce "the existence of three types of civil lawsuits: (1) by disgruntled investors against Andrade for his false and misleading statements related to AML Bitcoin, (2) by Andrade against disgruntled investors to dissuade them from going to authorities and law enforcement with complaints about Andrade's investment scheme, and (3) by Andrade against his employee, Melissa Foteh, to stop her from complaining about Andrade to authorities." Dkt. 464, at 9. The government contends such testimony and evidence is relevant to the materiality of Andrade's statement and omissions, his attempts to conceal the alleged fraud, and the credibility of the witnesses. The defense attacks the relevancy of these general categories of evidence. Andrade appeals to Rule 801(d)(1)(B) regarding prior consistent statements and Rule 403 to argue the probative value of the evidence is substantially outweighed by the risk of prejudice and delay.

The government has sufficiently demonstrated the relevance of these lawsuits to its case in chief and to the credibility of its witnesses. This order does not address the admissibility of the civil suits themselves or their merits. However, wholesale exclusion of evidence regarding these civil suits is inappropriate at this stage. The motion is denied.

**6. MIL No. 6: Market Manipulation (Dkt. 454)**

Andrade seeks exclusion of evidence of alleged market manipulation under Rules 403 and 404(b). He attacks the relevancy of market manipulation to the charges of fraud and money laundering brought against him. This argument is unconvincing, given the nature of the fraud at issue. "A deception about the market value of a commodity that was intended to cause the victim to pay an inflated price would go to the nature of the bargain and therefore could be a basis for a fraud conviction." *United States v. Milheiser*, 98 F.4th 935, 945 n.7 (9th Cir. 2024). This "market making," as the government argues, was intended to mislead investors into believing AML Bitcoin had broader adoption and legitimacy than it did and induce them to buy the token at an inflated price. Andrade's alleged actions to manipulate the price of AML Bitcoin are inextricably intertwined with the fraud charged. This motion is denied.

**7. MIL No. 7: Foteh's Self-Diagnoses of Her Medical or Psychological Conditions (Dkt. 454)**

The defense contends argument and evidence regarding the self-diagnoses of medical or psychological conditions of Melissa Foteh, a witness for the government, should be excluded. The motion is unopposed. Because such evidence is irrelevant and its prejudicial impact substantially outweighs any probative value, this motion is granted.

**8. MIL No. 8: Preclude Portions of Government Expert Testimony (Dkt. 440)**

Defendant moves *in limine* for an order precluding certain testimony from Agent James Carfora. He specifically objects to the prospect of testimony that Andrade (1) "layered and commingled funds raised from investors in AML Bitcoin in order to conceal their source, and then to further conceal their integration or use, for Andrade's personal benefit"; (2) bought two properties with funds he "raised from AML Bitcoins through fraudulent misrepresentations"; and (3) deposited a check in a way that "is indicative of concealment and promotional money laundering." *See* Dkt. 440. According to Defendant, these statements would violate Fed. R. Evid. 704(b) because they amount to expert opinions "about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." *Id.* The government opposes the motion by arguing that Agent Carfora will limit his testimony to

statements and opinions about how Defendant's actions "are consistent with, or are indicative of, or appear to be" efforts at concealment. The government also argues that the phrase "fraudulent misrepresentations" refers to the allegations in the case and is not an expert opinion as to whether a given representation was fraudulent.

As to testimony by Agent Carfora, the motion is denied without prejudice. Based on the parties' representations, the testimony is unlikely to violate Rule 704(b) or Ninth Circuit caselaw. *See United States v. Alonso*, 48 F.3d 1536, 1541 (9th Cir. 2005) ("[A] district court may properly allow expert testimony from a law enforcement officer that will help the jury understand how otherwise innocent conduct . . . might in fact be consistent with or even indicative of criminal conduct."). Defendant remains free to object during trial if the examination attempts to elicit any opinion as to whether the charged crimes were committed by Defendant or, in particular, that the evidence demonstrates the Defendant had formed the intent to engage in the charged conduct.

Andrade also moves to preclude certain testimony from Brandon Tabbal, the government's cryptocurrency expert; in particular, he objects to testimony about Tabbal's training, which apparently covered "how to identify if a wallet is used for the sale of child sexual abuse material (child pornography)." The government agrees that this statement is unnecessary and unduly prejudicial and states that Tabbal will not testify as to the at-issue training. As to this portion of Tabbal's testimony, Defendant's motion is granted.

**IT IS SO ORDERED**.

Dated: January 23, 2025

_____
RICHARD SEEBORG
Chief United States District Judge