**KING & SPALDING LLP**
MICHAEL J. SHEPARD (SBN 91281)
  mshepard@kslaw.com
50 California Street, Suite 3300
San Francisco, CA  94111
Telephone:     +1 415 318 1200
Facsimile:     +1 415 318 1300

KERRIE C. DENT (Admitted *pro hac vice*)
  kdent@kslaw.com
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:     +1 202 626 2394
Facsimile:     +1 202 626 3737

CINDY A. DIAMOND (CA SBN 124995)
ATTORNEY AT LAW
58 West Portal Ave, # 350
San Francisco, CA 94127
408.981.6307
cindy@cadiamond.com

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      vs.<br><br>ROWLAND MARCUS ANDRADE,<br><br>                Defendant. | Case No.: 20-CR-00249-RS<br><br>**DEFENDANT'S AMENDED MOTION TO EXCLUDE FINANCIAL RECORDS THROUGH 2019 OR TO CONTINUE FOR FURTHER REVIEW BASED ON *BRADY V. MARYLAND* VIOLATION** |

Defendant Rowland Marcus Andrade seeks leave of court to amend his filing ECF 511, Defendant Andrade's Motion in Limine to Exclude Use of AtenCoin Related Financials From 2014 to 2017, or in the Alternative, for a Continuance.  This request is based on new information

DEFENDANT'S AMENDED MOTION TO EXCLUDE FINANCIAL RECORDS OR TO CONTINUE FOR FURTHER REVIEW BASED ON BRADY V. MARYLAND VIOLATION

UNITED STATES v. ANDRADE, Case # 20-CR-00249-RS - Page 1

received from the government since the Motion was filed, as described below and in the declaration attached to this amended motion. This new information, and follow up with its original source based on the new information, allows Mr. Andrade to update and better focus his Motion and the issues for the Court.

1. After filing ECF-511 on January 29, 2025, Mr. Andrade received from the government, on January 30, 2025, after 8:00 p.m., the names of files for the financial data that the government collected in February, 2020,[1] but did not deliver to defense counsel until January 17, 2025.[2] With the benefit of the file names, counsel for Mr. Andrade was able to work with Mr. Ruzicka to better understand what counsel received from Mr. Ruzicka, what counsel received from the government, and the significance of what Mr. Andrade was missing.

2. The defense has confirmed that a number of the files provided by the government are new to the defense and is attempting to determine with certainty how much is new. In addition, it appears that some of the financial information collected by the government from Mr. Ruzicka in 2020 was not returned to him or included in the January 17, 2025 production, and therefore has never been provided to the defense. This missing information includes paper copies of invoices and checkbooks with carbon-backed copies. Dec of CAD at 4. Finally, the index produced on January 30, 2025, shows that belatedly-produced records run all the way into 2019, and are not limited to the AtenCoin period. Several files refer to documents related to AML Bitcoin sales.

3. This incomplete production was exacerbated by incorrect and materially incomplete misrepresentations the government has made about the Ruzicka materials. First, the IRS memorandum of interview ("MOI") of Ruzicka's interview by IRS Criminal Investigation unit agent Bryan Wong (who was working with the FBI and the prosecution team), produced to

---

[1] The government obtained these records from Karl Ruzicka, C.P.A., on, or within a week of, February 20, 2020. Declaration of Cindy A. Diamond ("Dec of CAD"), Attachment-1 to this Amended Motion, at ¶4.

[2] A copy of the government's index, produced after 8:00 p.m. on January 30th, is attached as Exhibit A to the Declaration of Cindy A. Diamond, see ¶ 2.

DEFENDANT'S AMENDED MOTION TO EXCLUDE FINANCIAL RECORDS OR TO CONTINUE FOR FURTHER REVIEW BASED ON BRADY V. MARYLAND VIOLATION

*UNITED STATES v. ANDRADE*, Case # 20-CR-00249-RS - Page 2

defense counsel on March 15, 2024, but prepared on or about February 20, 2020, see Exhibit B to the Dec of CAD, did not reference the fact that the IRS agents seized physical documents nor that Ruzicka agreed to send the IRS agents copies all his electronic files relating to Mr. Andrade's business accounting within a week of being served a subpoena. Second, following an initial motion from prior defense counsel in October 2020, that included within its broadly-written terms the documents the government had earlier obtained from Mr. Ruzicka,[3] the government made a production of IRS documents, IRS-DOCS-00000001 through IRS-DOCS-00002924 – stopping with the number immediately preceding the Bates numbers of the documents from Mr. Ruzicka that it should have produced at that time but did not produce until January 17, 2025. Thereafter, the government repeatedly assured Judge Beeler and the defense that it had complied with all its Rule 16 and *Brady* obligations. Not only did the government fail to produce a massive volume of Rule 16 and *Brady* material until just before trial, but it made productions and statements that led the defense to believe that it had produced any of Mr. Andrade's financial records in its possession. *See Banks v. Dretke*, 540 U.S. 668, 695, 124 S. Ct. 1256, 157 L. Ed. 2d 1166 (2004)("Our decisions lend no support to the notion that defendants must scavenge for hints of undisclosed *Brady* material when the prosecution represents that all such material has been disclosed")

    4. The government's belated disclosure of a mountain of Rule 16 and *Brady* material comes far too late to be integrated into the testimony of defense expert Kathy Johnson or to the defense as a whole, unless the trial date is continued; it also comes far too late for the defense to pursue leads generated by Mr. Ruzicka's collection of invoices and records of paying Mr. Andrade's business expenses. *See United States v. Purry*, 702 F. App'x 511, 514 (9th Cir. 2017)

---

[3] Mr. Andrade's prior counsel requested, among other things: "Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are related to the above referenced case (including but not limited to all such books, papers, documents, photographs, tangible objects, or copies or portions thereof seized by the government through any search or seizure warrant of Defendant, NAC Foundation, LLC, Defendant's property, Defendant's email accounts , any agent or associate of Defendant, or Jack Abramoff and any agent or associate of his), or are intended for use by the Government as evidence at trial, or were obtained from or belong to the Defendant. See Fed. R. Crim. Proc. 16(a)(l)(C)." ECF-33-1, at 3.

DEFENDANT'S AMENDED MOTION TO EXCLUDE FINANCIAL RECORDS OR TO CONTINUE FOR FURTHER REVIEW BASED ON BRADY V. MARYLAND VIOLATION

*UNITED STATES v. ANDRADE*, Case # 20-CR-00249-RS - Page 3

("[T]he relevant inquiry is whether the disclosure, when made, was still of value to the accused"). The material the government suppressed – records showing proper accounting and showing payments that can rebut the government's claims that Mr. Andrade was a pump-and-dump artist without a legitimate business -- is central to the case as a whole, and to Ms. Johnson's testimony.

5. For this violation of Rule 16 and *Brady*, the Court has discretion to fashion the appropriate remedy. The defense has proposed preclusion of any use of any of Mr. Andrade's financial data by the government, (now through 2019, in light of the index produced on January 30, 2025), or, in the alternative, a continuance; in light of being able to now more easily identify duplicates, this continuance request can now be reduced to 30-45 days. Finally, Mr. Andrade adds a request for an order requiring the government produce immediately, or, if it claims to have already done so, to identify the location of previously produced copies of the physical data seized from Mr. Ruzicka's office in February 2020.

DATED: February 2, 2025            Respectfully Submitted,

/s/
_____
KING & SPALDING LLP, by:
    MICHAEL J. SHEPARD
    KERRIE C. DENT
    DAINEC STEFAN,
and by CINDY A. DIAMOND
Attorneys for Defendant
ROWLAND MARCUS ANDRADE

DEFENDANT'S AMENDED MOTION TO EXCLUDE FINANCIAL RECORDS OR TO CONTINUE FOR FURTHER REVIEW BASED ON BRADY V. MARYLAND VIOLATION

UNITED STATES v. ANDRADE, Case # 20-CR-00249-RS - Page 4