PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
DAVID WARD (CABN 239504)
Assistant United States Attorneys

MATTHEW CHOU (CABN 325199)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    christiaan.highsmith@usdoj.gov
    david.ward@usdoj.gov
    matthew.chou2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 3:20-cr-00249-RS |
|---|---|
| Plaintiff, | ) **UNITED STATES' MOTION TO PRECLUDE DEFENSE INTRODUCTION OF HEARSAY RECORDINGS OR PLAYING UNADMITTED AUDIO TO THE JURY** |
| v. | ) |
| ROWLAND MARCUS ANDRADE, | ) Jury Trial: 8:30 a.m. thru ~Mar. 10, 2025 |
| Defendant. | ) Court: Courtroom 3 \| 17th Floor |
|  | ) Judge: Hon. Richard Seeborg |

    In the next two days, the government plans to introduce excerpts from three audio/video recordings of the defendant through the testimony of retired FBI SA Bryant Ling (who was undercover in this investigation) and current FBI SSA Ethan Quinn. These were surreptitious recordings of Andrade on July 9, 2018 (phone call with Ling, who posed as a potential investor interested in investing millions of dollars in AML Bitcoin,), July 14, 2018 (video Skype with Ling), and March 12, 2020 (Quinn executing search at Andrade's house).

    During Ling and Quinn's cross-examinations, the Court should preclude the defense from

(1) introducing other audio or video clips, which would contain Andrade's self-serving and inadmissible hearsay; and (2) "refreshing" the witnesses' recollection with any audio/video that can be overheard by the jury. The government outlines the relevant authority below:

1. **"[T]he rule of completeness does not compel the admission of inadmissible hearsay evidence simply because such evidence is relevant to the case."** *United States v. Lopez*, 4 F.4th 706, 715 (9th Cir. 2021). The rule of completeness would apply only if the government "introduce[es] misleading excerpts," requiring the opposing party to "correct[] a distortion created by an opposing party's misleading proffer." *Id.* In other words, the rule "applies only to the *narrow* circumstances in which a party has created a misimpression about the statement . . . . The mere fact that a statement is probative and contradicts a statement offered by the opponent is *not* enough to justify completion." Fed. R. Evid. 106 advisory committee notes to 2023 amendment (emphasis added). Here, SA Ling and SSA Quinn's recordings are inadmissible hearsay if offered by the defense. The rule of completeness does not apply because the government's excerpts—which are from just three recordings produced in 2021 or 2022—are not misleading. Indeed, the government provided transcripts of its excerpts to the defense last week and have received no objection to the presentation of the excerpts.

    a. SA Ling recorded Dillman, Abramoff, and Andrade across several conversations with each of them one-on-one (not group meetings). The government seeks only to admit excerpts from Ling's two conversations with Andrade. First, the July 9, 2018 conversation was 34 minutes long; the government seeks to admit five clips totaling about 10 minutes. The clips address discrete topics: (1) the Panama Canal; (2) the size of Ling's investment; (3) the Port of San Francisco; (4) Andrade meeting with Leslie Katz and Gavin Newsom in San Francisco; and (5) Andrade vouching for his own truthfulness. Second, the July 14, 2018 conversation was about 38 minutes long; the government seeks to admit about 17 minutes. The clips from this conversation cover (1) AML Bitcoin's biometrics/KYC technology; (2) Andrade's reactions to Dillman's representations; (3) AtenCoin pricing; (4) deals with institutions like banks, OECD, and Panama. The clips present a fair snapshot of Andrade's statements, even including some self-serving hearsay.

    b. SSA Quinn recorded Andrade while executing a search of Andrade's home. The

whole recording is 1 hour and 6 minutes long; the government seeks to admit about four clips totaling about 14 minutes long. Again, they address discrete topics like whether Andrade ever sold directly to cryptocurrency investors; sales tactics including those by Brian Darrow; how Andrade paid for his house; and the state of technological development.

        c.     To the extent Andrade offers more recordings for context, he must explain with specificity how they would necessarily correct a misleading distortion. *See, e.g.*, *United States v. Diaz*, No. 21-50238, 2023 WL 314309, at *1 (9th Cir. Jan. 19, 2023) (holding that the rule of completeness does not apply to when the defendant seeks to introduce "a full picture of what happened" or the interrogating officer's "tone"), *aff'd*, 602 U.S. 526 (2024); *United States v. Banales-Venegas*, 484 F. App'x 196, 198 (9th Cir. 2012) (holding that defendant should have "identif[ied] portions of his statement that explain the context of the admitted statements"). It is not enough, for example, to "merely cast doubt on [the witness]'s accuracy and reliability." *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996), *as amended* (Oct. 21, 1996).

**2.**    **The jury should not overhear audio that is not in evidence.** If the defense needs to refresh Ling or Quinn's recollection with audio/video, the defense should do so in a way that avoid publishing to the jury content that is not in evidence. *See, e.g.*, *United States v. Summers*, 422 F. App'x 838, 840 (11th Cir. 2011) (affirming trial court's decision to allow cooperator "to refresh his recollection using audio and video outside the presence of the jury"); *United States v. American Radiator and Standard Sanitary Corp.*, 433 F.2d 174, 191 (3d Cir. 1970) (affirming trial court's decision to allow witness to use tapes and earphones to refresh recollection).

DATED: February 25, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

              /s/
CHRISTIAAN H. HIGHSMITH
DAVID J. WARD
Assistant United States Attorneys

MATTHEW CHOU
Special Assistant United States Attorney