MICHAEL J. SHEPARD (SBN 91281)
 mshepard@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:     +1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
 kdent@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:     +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
 cindy@cadiamond.com
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:     +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No. 3:2-cr-00249-RS<br><br>**MOTION TO PERMIT TESTIMONY TO IMPEACH JAPHETH DILLMAN AS PERMITTED BY FEDERAL RULE OF EVIDENCE 806**<br>Judge: Hon. Richard Seeborg, Chief Judge |

Defendant Rowland Marcus Andrade requests, pursuant to Rule 806 of the Federal Rules of Evidence, that the Court permit his counsel to call Christine Lee to impeach Japheth Dillman, an alleged co-conspirator whose statements have been offered by the government (as co-conspirator statements) and by the defense but who has not testified.

Ms. Lee is a small business owner who owned and operated a circus troupe. She was defrauded by Dillman in 2021 to the tune of more than $50,000. Ms. Lee had been friends with Dillman for about ten years when he reached out to her in April 2021, pretending to have an interest in helping her out financially after tough times during the COVID pandemic. He asked to hire her troupe to the Napa Valley to perform at a birthday party he was throwing for his girlfriend, encouraging her to bring the entire troupe and offering to pay extra — a total of $50,000. She provided the entertainment as requested — at great expense — but Dillman stiffed her. Although Dillman texted with Ms. Lee after he stiffed her, acknowledged what he owed her, and even promised to pay her three times the amount he owed, he never paid her a dime of what he owed.[1] Ms. Lee's testimony would be very brief.

Responding to a different attempt to impeach Dillman, this Court did not permit the impeachment, reasoning (among other things) that the party then offering Dillman's statements — the government — was not contending that those statements were true. Since then, this Court has seen that part of Mr. Andrade's defense is to show that, apart from his activity in the alleged conspiracy, Dillman was separately defrauding Mr. Andrade. Among other things, Dillman falsely claimed to ordering $50 million AML Bitcoin tokens, and used that false claim to siphon off 25 cents for each token he sold. *See, e.g,*, Tr. 1818-1820, Exh. 3047.

---

[1] The government has long been aware of this fraud. Special Agent Quinn interviewed Ms. Lee and communicated with her by phone, email, and text, to discuss Dillman's fraudulent conduct. Ms. Lee also referred others to Special Agent Quin to discuss their own experiences with Dillman. For the Court's reference, we attach Ms. Lee's 302 reports and some of the text messages she shared with Special Agent Quinn.

Rule 806 of the Federal Rules of Evidence permits Mr. Andrade to impeach Dillman by offering extrinsic evidence. Previously, this Court raised a question of whether extrinsic evidence can ever be offered under Rule 806. Although the law on this question is still developing, the correct answer can be found in *United States v. Friedman*, 854 F.2d 535, 570, n.8 (2nd Cir. 1988), where the Second Circuit observed that Rule 806 must apply when the declarant "has not testified and there has by definition been no cross-examination, and resort to extrinsic evidence may be the only means of presenting such evidence to the jury."[2] To hold otherwise, and to preclude Mr. Andrade from using Ms. Lee's extrinsic testimony to impeach Dillman, would mean that the important protections of Rule 806 could never be implemented and the Rule would be rendered meaningless.

Mr. Andrade therefore requests that the Court permit his counsel to elicit from Ms. Lee her experience of being defrauded by Dillman, as allowed by Federal Rule of Evidence 806.

Respectfully submitted,

DATED: March 3, 2025

KING & SPALDING LLP

By: /s/ Michael J. Shepard
MICHAEL J. SHEPARD
KERRIE C. DENT
CINDY A. DIAMOND
DAINEC STEFAN

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

---

[2] *See generally United States v. Becerra*, 992 F.2d 960, 965 (9th Cir. 1993) ("Federal Rule of Evidence 806 permits attacks on the credibility of the declarant of a hearsay statements as if the declarant had testified.").