PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
DAVID WARD (CABN 239504)
Assistant United States Attorneys

MATTHEW CHOU (CABN 325199)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    christiaan.highsmith@usdoj.gov
    david.ward@usdoj.gov
    matthew.chou2@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:20-cr-00249-RS |
| Plaintiff, | **UNITED STATES' MOTION TO EXCLUDE ANY TESTIMONY FROM ERIK MIN THAT HE WOULD BASE ON LATE-DISCLOSED DOCUMENTS** |
| v. | |
| ROWLAND MARCUS ANDRADE, | Jury Trial: 8:30 a.m. thru ~Mar. 10, 2025 |
| Defendant. | Court: Courtroom 3 \| 17th Floor |
| | Judge: Hon. Richard Seeborg |

    The government moves to exclude a late-disclosed and prejudicial documents that defendant seeks to use in the expert testimony of Erik Min tomorrow morning. At 4:07pm today, defendant Andrade's attorneys informed the government that it had provided yet more documents to Min "which may inform part of his testimony."

    The documents comprise the Word and PDF versions of a 17-page document titled "CV Functional and Technical Overview[1859] [sic]." *See* Exhibit A. The government has never seen this before. It purports to be a draft version of CrossVerify's "Functional and Technical Overview" and

purports to contain, among other things, screenshots of CrossVerify's biometric/iris verification process. The Word document's metadata—which of course lack any independent verification or trustworthiness—suggest the document was written by Marcus Andrade (specifically, his "Monex 247" handle) and last modified by Terence Poon. The defendant should not be permitted drop on the government an unauthenticated and inherently untrustworthy document hours before his expert is set to testify, especially when the government's rebuttal expert will have no time to adequately analyze it.

## I. ARGUMENT

The Court should exclude any testimony from defense expert Min that would be based in any way on late-disclosed (or undisclosed) documents, such as CrossVerify's purported "Functional and Technical Overview" that the defense produced at 4:07pm today. Testimony based on this document should be excluded on at least four independent grounds.

*First*, last-minute disclosure prejudices the government and violates reciprocal discovery/disclosure obligations under Rule 16. The defense and/or Mr. Min should have disclosed this basis for his opinion long ago. At this late, late hour, the government will have no time to review it. Nor will our noticed experts have any amount of time to review the document and prepare a rebuttal.

*Second*, this purported document is a self-serving and unauthenticated record, essentially a draft document whose metadata indicates was written by defendant Andrade himself. Erik Min, a "source code expert," as he essentially claims to be, cannot "reasonably rely on unauthenticated source code printouts"—or unauthenticated word processor printouts—like the "Technical Overview" disclosed today. *Wi-LAN Inc. v. Sharp Elecs. Corp.*, 992 F.3d 1366, 1376 (Fed. Cir. 2021). "The burden to establish reasonable reliance [on data or documents] is on the proponent of challenged expert testimony." *Id.* Indeed, this is an easier case than *Wi-LAN*, in which the Federal Circuit held inadmissible expert testimony on source code analysis because the expert's proponent "ha[d] not made a showing that source code experts reasonably rely on unauthenticated source code printouts"—even though the expert that supported the authenticity of that code with sworn declarations. Far from providing such declarations here, Andrade withheld his purported code and this Technical Overview documentation from a grand jury subpoena and timely Rule 16 discovery.

*Third*, the entire "Technical Overview" document is inadmissible self-serving hearsay. It is

hearsay because, according to its metadata, defendant Andrade authored it and Terrence Poon edited it. *See, e.g.*, *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (explaining that the "precisely what the hearsay rule forbids" is the defendant "plac[ing] his exculpatory statements 'before the jury without subjecting himself to cross-examination'" (quoting *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988))). And it is therefore inadmissible because "Rule 703 does not make admissible otherwise inadmissible evidence." *Wi-LAN*, 992 F.3d at 1374 (quoting 4 Weinstein's Federal Evidence § 703.05 n.12). This holds true for an unauthenticated "draft" document written by the defendant—even where, as here, "a witness, under the guise of giving expert testimony, … become[s] the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion." *Id.* at 1375 (quoting *Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 524 (5th Cir. 2013)).

*Lastly*, Min's testimony on this CrossVerify document risks confusing the issues and misleading the jury under Rule 403. It distracts from the gravamen of the government's case, which is Andrade's misrepresentations about AML Bitcoin. CrossVerify—although relevant as part of Andrade's frequent camouflaging and relabeling of his scheme—is ultimately a separate entity with a separate name that Andrade rarely invoked in the evidence admitted at trial.

## II. CONCLUSION

The Court should, at a minimum, exclude any testimony from defense expert Erik Min that he would base on late-disclosed (or undisclosed) documents, such as CrossVerify's purported "Functional and Technical Overview" that was produced at 4:07pm today, March 3, 2025.

DATED: March 3, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

/s/
CHRISTIAAN H. HIGHSMITH
DAVID J. WARD
Assistant United States Attorneys

MATTHEW CHOU
Special Assistant United States Attorney