PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
DAVID WARD (CABN 239504)
Assistant United States Attorneys

MATTHEW CHOU (CABN 325199)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    christiaan.highsmith@usdoj.gov
    david.ward@usdoj.gov
    matthew.chou2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROWLAND MARCUS ANDRADE, <br><br> Defendant. | CASE NO. 3:20-cr-00249-RS <br><br> **UNITED STATES' MOTION TO EXCLUDE MOST OF 17 DEFENSE EXHIBITS PROFFERED ON MARCH 2, 2025** <br><br> Jury Trial: 8:30 a.m. thru ~Mar. 10, 2025 <br> Court: Courtroom 3 \| 17th Floor <br> Judge: Hon. Richard Seeborg |

## I. INTRODUCTION

Defendant Andrade has asked the government to stipulate to the authenticity of 17 exhibits. Then, presumably, the defense will offer those exhibits as evidence. To inform the Court's evidentiary analysis, the government briefly analyzes the 17 exhibits below and attaches them to this motion. The government moves to exclude most, but not all, of the defense's 17 proffered exhibits. Specifically, the Court should exclude:

- AML Bitcoin Website Terms & Conditions (Exhibits 2472–74)

1           • Property Contracts (Exs. 3344, 3392, 2919)

2           • Emails with M. Foteh, J. Dillman, and Andrade in Feb/March 2018 (Ex. 2557)

3           • Undated "Platinum Exchange" and "MM Solutions" Presentation (Ex. 2495)

4           • AML Bitcoin "Post-ICO" Purchase Agreements (Ex. 3357)

**II.     DISCUSSION**

   **A.     AML Bitcoin Website Terms & Conditions (Exs. 2472, 2473, and 2474)**

The Court should exclude Exhibits 2472, 2473, and 2474 because they are (1) hearsay; (2) untimely—in that the defense should have tried to admit them through a personally knowledgeable person who maintained the website, such as Bernadette Tran, John Szeder, Melissa Foteh, and others; (3) risk violating *Lindsey*'s "bright-line rule" against admitting evidence of fraud victim negligence or even intentional disregard, *see United States v. Lindsey*, 850 F.3d 1009, 1017 (9th Cir. 2017); and (4) have their limited probative value substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, wasting time, and cumulativeness.

The exhibits are web captures (provided from SEC to the USAO) of the Terms & Conditions (T&Cs) on AML Bitcoin's website. Each exhibit is a different version of the T&Cs. Each exhibit is about nine pages long of single-spaced, mostly fine print.

*First*, the T&Cs are not admissible for their speculative effect on Andrade as a listener. In any event, they are better characterized as his *own* self-serving statements or attempt to bury legal terms that shield him from liability. After all, the Court heard testimony from Bernadette Tran and others that Andrade thoroughly reviewed and personally approved every word on the AML Bitcoin website.

*Second*, the exhibit is untimely because the defense could and should have tried to at least authenticate it through several witnesses who maintained the website. As the government noted in another recent filing, the Court has held the government to the standard that exhibits should have been admitted through a testifying declarant, where available. The Court should hold the defense to the same rule.

*Third*, Andrade's proffer of his T&Cs is an attempt to circumvent the bright-line rule against blaming fraud victims for negligence or even intentional disregard. *Accord, e.g.*, *United States v. Weaver*, 860 F.3d 90, 95 (2d Cir. 2017) ("We agree with our sister circuits, and hold that contractual

disclaimers of reliance on prior misrepresentations do not render those misrepresentations immaterial under the criminal mail and wire fraud statutes." (collecting cases and citing *Lindsey*)).

*Lastly*, the T&Cs are independently inadmissible under Rule 403. The defense has already repeatedly argued and introduced evidence that Andrade successfully imposed adhesive contracts on his victim-investors. As the Court noted on the record at side bar, this evidence and argument should now stop. *Accord Lindsey*, 850 F.3d at 1017; *Weaver*, 860 F.3d at 95.

**B.** **"Weekly Management Updates" (Exs. 2027, 2033, 2327, 2333, 2334, 2337, 3391)**

Exs. 2027 (July 24, 2018 email), 2033 (Aug. 15, 2018 email), 3391 (June 7, 2018 email): Consistent with the Court's prior rulings, the government has no objection to admission of these documents for a limited purpose. The government requests, however, that the Court provide the jury with a limiting instruction, based on Ninth Circuit Model Criminal Jury Instruction No. 2.12, that any admitted "weekly management updates" are admissible only for the limited purpose of their effect on Marcus Andrade, not any other purpose.

Exs. 2327, 2333, 2334, 2337: After expedited briefing, the Court ruled on these exhibits in Dkt. 601 (Order dated March 3, 2025). The Court admitted the documents subject to certain redactions. The government would also reiterate its overall request for a limiting instruction to be given at some point as to these documents.

**C.** **Property Contracts and Home Mortgage (Exs. 3344, 3392, 2919)**

Ex. 3344 (resale contract for Corpus Christi property): The Court should exclude this nine-page real property contract under Rule 403, at least without a detailed proffer from the defense. It is a highly detailed real-estate contract filled with legal terms (many in fine print) that pose a risk of confusion and wasting time. Perhaps the defense wishes to introduce the contract to argue that (1) one of the three dates on the contract is the "real" date that Andrade bought the property, not when he wired the money; and (2) the small illegible signature above "Fintech Fund, FLP" at EX 3344-008 is in fact Andrade's signature. But without witness testimony about the contract, its probative value too low to overcome Rule 403.

Ex. 3392 (Trendmaker Homes Purchase Agreement): Likewise, the Court should exclude this 10-page real property contract under Rule 403, at least without a detailed proffer from the defense.

Ex. 2919 (Missouri City Home Mortgage): Likewise, the Court should exclude this 95-page set of mortgage-related documents and affidavits executed by Andrade, Andrade's wife, and others—at least without a detailed proffer from the defense.

### D. Frost Bank Account Sept. 2019 (Ex. 3056)

The government has no objection to the introduction of certified bank records that it gathered. (Ex. 3056 appears to comprise check images.)

### E. Emails with M. Foteh, J. Dillman, and Andrade in Feb/March 2018 (Ex. 2557)

The Court should exclude Exhibit 2557 as hearsay and untimely. It is a February and March 2018 email thread between Melissa Foteh, an AML Bitcoin employee Dylan Pugliese, Japheth Dillman, and Marcus Andrade. The top email in the thread is dated March 20, 2018.

The email thread is hearsay because its content shows that it is not a regularly kept business record, but a one-off set of questions and answers about a particular transaction. Furthermore, it is not admissible for effect on the listener because there is no indication of what effect, if any, it had on Andrade. He does not reply to the thread in the exhibit.

What's more, the exhibit is untimely. The defense could and should have tried to introduce it through Melissa Foteh, who is the declarant on the top/most recent email on the thread. As the government noted herein above, as well as in another recent filing, the Court has held the government to the standard that exhibits should have been admitted through a testifying declarant, where available. The Court should hold the defense to the same rule.

### F. Undated "Platinum Exchange" and "MM Solutions" Presentation (Ex. 2495)

The Court should exclude this undated and seemingly irrelevant slide deck from the "Platinum" company. It appears to be a document seized from one of Abramoff's devices during a search warrant. *First*, it is inadmissible under Rule 403, if not entirely irrelevant. It raises far more questions than it answers. Who or what is "Platinum"? Who, if anyone, purportedly received this document? What relation, if anything, does it have to AML Bitcoin?

The defense likely seeks to admit this document to introduce confusing language and slides on "MarketMaking [sic]" starting at EX 2495-009. These slides likely muddle the distinction between Andrade's inculpatory market manipulation (which he called "market making" in WhatsApp messages

and recorded conversations) and potentially different conduct also called "MarketMaking [sic]" which is discussed at EX 2495-009. For example, major exchanges and funds are colloquially "market makers," but their stratagems are distinct from the wash trading, self-trading, and other deceptive practices that Andrade directed. This danger of this confusion and more underscore the inadmissibility of EX 2495.

*Second*, the defense's offer of this exhibit is untimely. They should have sought to introduce it through Jack Abramoff or anyone else with personal knowledge of it.

### G. AML Bitcoin "Post-ICO" Purchase Agreements (Ex. 3357)

The Court should exclude these Post-ICO Purchase Agreements for the same reasons it excluded the binder of post-ICO purchase agreements per the Order in Dkt. 601. Indeed, Exhibit 3357 could be the same binder that was previously excluded, given the lack of exhibit numbering on the defense's prior proffered binder.

DATED: March 4, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

           /s/
CHRISTIAAN H. HIGHSMITH
DAVID J. WARD
Assistant United States Attorneys

MATTHEW CHOU
Special Assistant United States Attorney