PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
DAVID WARD (CABN 239504)
Assistant United States Attorneys

MATTHEW CHOU (CABN 325199)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    christiaan.highsmith@usdoj.gov
    david.ward@usdoj.gov
    matthew.chou2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>    Defendant. | CASE NO. 3:20-cr-00249-RS<br><br>**JOINT FILING REGARDING PROPOSED JURY INSTRUCTION 3.9 (TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES)**<br><br>Jury Trial: 8:30 a.m. thru ~Mar. 10, 2025<br>Court: Courtroom 3 \| 17th Floor<br>Judge: Hon. Richard Seeborg |

At the charge conference today, the parties disagreed as to the proper formulation of Model Ninth Circuit Jury Instruction 3.9 (Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea) as it relates to witnesses Jack Abramoff and Brian Darrow. The Court asked the parties to file jointly with their proposed response, and the parties do so here.

For context here, the entirety of Ninth Circuit Model Instruction No. 3.9 is:

> **3.8 Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea**

JOINT FILING PROP. JURY INSTRUCTION 3.9
3:20-CR-00249 RS                                           1

You have heard testimony from [*name of witness*], a witness who

[received [benefits] [compensation] [favored treatment] from the government in connection with this case];

[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

[pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this] [these] reason[s], in evaluating the testimony of [*name of witness*], you should consider the extent to which or whether his testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine the testimony of [*name of witness*] with greater caution than that of other witnesses.

**Comment**

The instruction to consider accomplice testimony with "greater caution" is appropriate regardless of whether the accomplice's testimony favors the defense or prosecution. United States v. Tirouda, 394 F.3d 683, 687-88 (9th Cir. 2005). The Committee recommends giving this instruction whenever it is requested.

I. <u>Government's Proposed Instruction</u>

The government proposes that the Court instruct the jury using the proposed formulation below, which tracks the Ninth Circuit Model Instruction. As the Ninth Circuit and other circuits have held, jury instructions related to witnesses involving special circumstances, such as benefits or pleas, should generally be modeled along the lines of the circuit's pattern instructions. *See United States v. Tirouda*, 394 F.3d 683, 687-88 (9th Cir. 2005) (holding that an accomplice witness instruction should be properly formulated along the lines of the Ninth Circuit pattern instruction); *see also United States v. Mason*, 126 F. App'x 702, 706 (6th Cir. 2005) (quoting *United States v. Carr*, 5 F.3d 986, 992 (6th Cir. 1993))). ("[I]n this circuit, specific instructions explicitly highlighting problems with accomplice testimony are not required as long as the instruction "substantially covers" the substance of the pattern jury instruction."). Based on this model language, the government proposes that the Court give the following instruction as to Jack Abramoff and Brian Darrow:

> You have heard testimony from Jack Abramoff, a witness who received benefits from the government in connection with this case, and admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.
JOINT FILING PROP. JURY INSTRUCTION 3.9
3:20-CR-00249 RS 2

Mr. Abramoff pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of Jack Abramoff, you should consider the extent to which or whether his testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Jack Abramoff with greater caution than that of other witnesses.

You have heard testimony from Brian Darrow, a witness who received benefits from the government in connection with this case, and pleaded guilty to a crime arising out of the same investigation for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of Brian Darrow, you should consider the extent to which or whether his testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Brian Darrow with greater caution than that of other witnesses.

II. Defendant's Proposed Instruction

Mr. Andrade's language, which is generally modeled along the lines of the pattern instruction, better focuses the jury's attention to the purpose of the instruction that is cautioning the jurors regarding these witnesses' believability. Mr. Andrade proposes and requests the following language:

You have heard testimony from Jack Abramoff and Brian Darrow, who pled guilty to crimes arising out of the same events or investigation for which the defendant is on trial, and received favorable plea deals from the government to testify.

The guilty pleas of Jack Abramoff and Brian Darrow are not evidence against the defendant, and you may consider them only in determining the believability of these witnesses.

For these reasons, in evaluating the testimony of Jack Abramoff and Brian Darrow, you should consider, for each of them, the extent to which or whether their testimony may have been influenced by either of these factors.

In addition, you should examine the testimony of Jack Abramoff and Brian Darrow with greater caution than that of other witnesses.

//
//
//

| | | |
|---|---|---|
| 1 | DATED: March 4, 2025 | Respectfully submitted, |
| 2 | | PATRICK D. ROBBINS |
| 3 | | Acting United States Attorney |
| 4 | | |
| 5 | | _____[s] David Ward_____ |
| | | CHRISTIAAN HIGHSMITH |
| 6 | | DAVID WARD |
| | | Assistant United States Attorneys |
| 7 | | MATTHEW CHOU |
| | | Special Assistant United States Attorney |
| 8 | | |
| 9 | | _____[s] Michael J. Shepard_____ |
| | | MICHAEL J. SHEPARD |
| 10 | | KERRIE C. DENT |
| | | CINDY A. DIAMOND |
| 11 | | Attorneys for Defendant |
| | | ROWLAND MARCUS ANDRADE |