```
1   DAVID L. ANDERSON (CABN 149604)
    United States Attorney
2
    HALLIE HOFFMAN (CABN 210020)
3   Chief, Criminal Division

4   LLOYD FARNHAM (CABN 202231)
    Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-7234
        lloyd.farnham @ usdoj.gov
8
    Attorneys for United States of America
```

**FILED**

Feb 26 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> BRIAN SCOTT DARROW, <br> Defendant. | NO. 20-CR-00363 SI <br><br> PLEA AGREEMENT <br><br> FILED UNDER SEAL |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
**TRIAL EXHIBIT 0748**
CASE NO.: CR 20-249 RS
DATE ENTERED_____
BY_____
DEPUTY CLERK

I, Brian Scott Darrow, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written Plea Agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

1. I agree to plead guilty to Count One of the captioned Information charging me with Conspiracy in violation of 18 U.S.C. § 371. I agree that the elements of the offense are as follows: (1) there was an agreement between two or more persons to commit an offense against the United States, specifically, wire fraud in violation of 18 U.S.C. § 1343; (2) the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and (3) one of the members of the

PLEA AGREEMENT                                      1

conspiracy performed at least one overt act, after the defendant became a member of the conspiracy, for the purpose of carrying out the conspiracy.

    I agree that the maximum penalties are as follows:

| | | | |
|---|---|---|---|
| a. | Maximum prison term | | 5 years |
| b. | Maximum fine | | $250,000 |
| c. | Restitution | | To be determined by the Court |
| d. | Maximum supervised release term | | 3 years |
| e. | Mandatory special assessment | | $100 per felony count |

2.     I agree that I am guilty of the offense to which I am pleading guilty, and I agree that the following facts are true:

    In approximately 2015, I started a company called JAVC Enterprise Corp, and I was the sole owner and controlled the entity. When I started the company, the objective was to create and develop a market for a new cryptocurrency, called Java Coin, which could be used for transactions in the coffee industry, including transactions between coffee growers in South America and buyers in the United States. I paid another person to create a website and cryptocurrency software that would allow me to transfer coins of the new cryptocurrency to electronic wallets with transactions stored on a blockchain ledger. In July 2015, I began soliciting investors in the project by selling coins of the Java Coin cryptocurrency. I raised money through my own solicitations and I reached an agreement with another person to assist me in pitching investors and obtaining investment funds, and I knew that the purpose of the agreement was to obtain money through false and misleading statements. I paid that person and others 30 percent, and in some cases as much as 40 percent, on the sales of the Java Coin.

    Investors and prospective investors in Java Coin were told by me and others (1) that the offering price of the cryptocurrency would steadily increase, increasing the value of their purchase; (2) that the cryptocurrency would be worth up to 10 times the purchase price once it was adopted in the coffee industry and traded on a cryptocurrency exchange; (3) that Java Coin cryptocurrency was compliant with "know your customer" and anti-money laundering regulations; (4) that JAVC Enterprises had secured contracts with coffee plantations to use java Coin for coffee transactions; and (5) that funds used to purchase Java Coin coins would be used to develop the business of Java Coin and promote its use in

PLEA AGREEMENT                                    2

the coffee industry. Investors were not told about commissions of 30 percent or more. I knew that the representations made to investors were false, and were intended to defraud investors, including representations about the value of Java Coin, the use of the invested funds, and that Java Coin was compliant with "know your customer" and anti-money laundering regulations. I used most of the money raised, after paying a portion of the funds to others who assisted in soliciting investors, to pay for my living expenses and other personal spending. I and others working with me continued raising money through the sale of Java Coin after I knew that the goal of developing a successful cryptocurrency was not possible and knowing that representations made to purchasers were false. I agree that I agreed with those assisting me in pitching investors to engage in a scheme to defraud, and that I became of member of a conspiracy knowing that this was the object of the conspiracy.

      I agree that the total amount of funds raised from investors from July 2015 through June 2019, before the payment of commissions, was approximately $1,027,000. I agree that in connection with the scheme, and in furtherance of the conspiracy, investors used interstate wires to transfer funds to the JAVC Enterprise Corp account, including a $25,000 wire from investor L.S. on about October 28, 2015.

      3.     I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence.

      4.     I agree to give up my right to appeal my conviction, including constitutional challenges to the statute of conviction. I agree to give up my right to appeal the judgment and all orders of the Court. I also agree to give up my right to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution, reserving only my right to claim that my sentence violated this plea agreement, applicable law, or the Constitution. I reserve my right to claim that my counsel was ineffective. I understand that this waiver includes, but is not limited to, any and all constitutional or legal challenges to my conviction and guilty plea, including arguments that the statute to which I am pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support my plea of guilty.

PLEA AGREEMENT       3

5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective.

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered. In the event I violate any of the terms of the Agreement, I agree that the facts set forth in Paragraph 2 of this Agreement and, if applicable, the fact that I made a sworn admission to them in a previous court proceeding, shall be admissible against me in any subsequent proceeding, including at trial. In any subsequent proceeding conducted after I violate any of the terms of the Agreement, I expressly waive any and all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Paragraph 2 of the Agreement and, if applicable, the fact that I made a sworn admission to them at a previous court proceeding.

7. I understand that the Court must consult the United States Sentencing Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also reserve my right to argue for a variance from the Guidelines range determined by the Court based on 18 U.S.C. § 3553(a) factors, and to join a possible government downward departure request pursuant to USSG § 5K1.1. I understand that the government is free to oppose any such request for a variance based on 18 U.S.C. § 3553(a). The parties have reached no agreement regarding my Criminal History Category. I understand that regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty plea.

8. I agree that regardless of any other provision of this Agreement, the government may and will provide the Court and the Probation Office with all information relevant to the charged offense and the sentencing decision, including any victim impact statements and letters from the victims, and/or their friends and family. I agree that, based on the nature of the offense, the Court should impose the following special condition of supervised release which is reasonably related to deterrence and rehabilitation:

<u>Special Condition (Searches)</u>

The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or

PLEA AGREEMENT  4

USAO-0000250

EX748-004

local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9. I agree that I will make a good-faith effort to pay any fine, forfeiture, or restitution I am ordered to pay. I agree to pay the special assessment at the time of sentencing.

I agree to pay full restitution for all losses caused by all the schemes or offenses with which I was charged in this case, and I understand that the amount of restitution will not be limited to the loss attributable to the count to which I am pleading guilty, pursuant to 18 U.S.C. § 3663(a)(3). I understand that the Court will not consider my economic circumstances in determining the restitution amount. I agree to pay restitution in an amount to be set by the Court at the time of sentencing.

Any restitution payments shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

I understand that the restitution described above creates a lien in favor of the United States on all property and rights to property I may possess upon entry of judgment and continues for the later of 20 years from the entry of judgment or 20 years after release from imprisonment or until the debt is paid in full. I further understand the government will record a notice of the lien in any county where I reside or have property. I further understand that this order of restitution cannot be discharged in bankruptcy and that if I default on the payment of a fine or restitution, the Court may revoke probation or a term of supervised release, modify the terms or conditions of probation or supervised release, resentence me, hold me in contempt of court, order the sale of property, enter or adjust a payment schedule, or take any other action necessary to obtain compliance.

At least sixty days prior to sentencing, I agree to complete, under penalty of perjury, a financial statement provided by the U.S. Attorney's Office and to update that statement with material changes within seven days of the change. I understand that I must identify all assets and financial interests valued at more than $1,000. I further understand that these assets and financial interests include all assets and financial interests in which I have an interest, direct or indirect, whether held in my own name or in the name of another, in any property, real or personal.

I agree to surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I further agree to notify the Financial

Litigation Unit, United States Attorney's Office ("FLU") before transferring any interest in property owned directly or indirectly by me, including any interest held or owned under any other name or entity, including trusts, partnerships, and/or corporations. I also agree to notify the FLU of any interest in property I may obtain, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership, or corporation, after the execution of this Plea Agreement until the fine or restitution is paid in full.

I agree that any fine, forfeiture, or restitution imposed by the Court against me will be due immediately and subject to immediate enforcement by the government as authorized by 18 U.S.C. § 3613. I further understand that the government may seek immediate collection of the entire fine, forfeiture, or restitution from any assets without regard to any schedule of payments imposed by the Court or established by the Probation Office and that monetary penalties imposed by the Court will be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property I receive may be offset and applied to federal debts.

10. I agree to cooperate with the U.S. Attorney's Office before and after I am sentenced. My cooperation will include, but will not be limited to, the following:

    a. I will meet with the government when requested;

    b. I will respond truthfully and completely to any and all questions put to me, whether in interviews, before a grand jury, or at any trial or other proceeding;

    c. I will provide all documents and other material asked for by the government;

    d. I will testify truthfully at any grand jury, court, or other proceeding as requested by the government;

    e. I will surrender any and all assets acquired or obtained directly or indirectly as a result of my illegal conduct;

    f. I will request continuances of my sentencing date, as necessary, until my cooperation is completed;

    g. I will participate in undercover activities under the supervision of law enforcement agents or the U.S. Attorney's Office.

11. I agree that the government's decision whether to file a motion pursuant to U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e), as described in the government promises section below, is based on its sole and exclusive decision of whether I have provided substantial assistance and that decision will be

binding on me. I understand that the government's decision whether to file such a motion, or the extent of the departure recommended by any motion, will not depend on whether convictions are obtained in any case. I also understand that the Court will not be bound by any recommendation made by the government.

12. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release; not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree that if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in the Government's Promises Section below, but I will not be released from my guilty plea.

13. If I am prosecuted after failing to comply with any promises I made in this Agreement, then (a) I agree that any statements I made to any law enforcement or other government agency or in Court, whether or not made pursuant to the cooperation provisions of this Agreement, may be used in any way; (b) I waive any and all claims under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or rule, to suppress or restrict the use of my statements, or any leads derived from those statements; and (c) I waive any defense to any prosecution that it is barred by a statute of limitations, if the limitations period has run between the date of this Agreement and the date I am indicted.

14. I agree that this Agreement contains all of the promises and agreements between the government and me, that this Agreement supersedes all previous agreements that I had with the government (including any "proffer" agreement), and I will not claim otherwise in the future. No modification of this Agreement shall be effective unless it is in writing and signed by all parties.

15. I agree that the Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

16. The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned Information, so long as the defendant has

fully disclosed such conduct to the government and otherwise complied fully with this Agreement.

17. If, in its sole and exclusive judgment, the government decides that the defendant has cooperated fully and truthfully, provided substantial assistance to law enforcement authorities within the meaning of U.S.S.G. § 5K1.1, and otherwise complied fully with this Agreement, it will file with the Court a motion under § 5K1.1 and/or 18 U.S.C. § 3553 that explains the nature and extent of the defendant's cooperation and recommends a downward departure.

The Defendant's Affirmations

18. I confirm that I have had adequate time to discuss this case, the evidence, and the Agreement with my attorney and that my attorney has provided me with all the legal advice that I requested.

19. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand the Agreement.

20. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defense, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: 2/26/21

*[signature]* for
BRIAN SCOTT DARROW
Defendant

DAVID L. ANDERSON
United States Attorney

Dated: 2/26/21

*[signature]* for
LLOYD FARNHAM
Assistant United States Attorney

PLEA AGREEMENT            8

21. I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights my client is giving up by pleading guilty, and, based on the information now known to me, my client's decision to plead guilty is knowing and voluntary.

Dated: 2/26/21

_Susan Illston_ for
SIDNEY FLEISCHMAN
Attorney for Defendant

PLEA AGREEMENT                                9